Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>    Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

Security Aviation, Inc., moves this Court for an order directing the government to provide discovery and setting deadlines for production.

I.   BACKGROUND

On February 2, 2006, agents of the FBI and other federal agencies served search warrants simultaneously on Security Aviation on South Air Park Drive in Anchorage, at the Palmer airport and at the offices of Avery & Associates and the Regional Protective

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF                                UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY                   ROBERT F. KANE and SECURITY AVIATION
Page 1 of 13                                                             Case No 3:06-CR-00022-JWS-JDR-2

Services ("RPS") at 3230 C Street in Anchorage. At the same time, agents arrested and charged co-defendant Robert Kane on charges related to the alleged possession of a destructive device in the form of aircraft "rocket pods." On February 22, 2006, both Mr. Kane and Security Aviation were indicted by the Grand Jury on charges related to the alleged destructive devices. Pursuant to this Court's February 27, 2006 Order for the Progression of a Criminal Case (With a Trial Date), counsel for Mr. Kane and Security Aviation met with the government to discuss discovery obligations. Counsel for Security Aviation summarized the results of the meeting in a letter dated March 6, 2006 (**Exhibit A** to the Affidavit of Robert Bundy filed herewith). In this letter, Security Aviation reiterated its requests of the following discovery:

1. Documents seized from the premises of Security Aviation and its affiliated company RPS.

2. Documents relating to the witnesses the government alluded to in the search warrant affidavits, Robert Kane's arrest warrant affidavit, Kane's preliminary hearing and detention hearing and Kane's bail review hearing.

3. Electronic evidence seized from Security Aviation and its affiliated companies.

4. Inspection of the L-39 aircraft and rocket pods.

5. Aircraft logs of the L-39 aircraft, including all documents referring to modifications or alterations rendering the aircraft systems inoperative.

6. Expert reports consisting of a written or recorded summary of any opinion rendered to the government by any expert on the issue of whether the rocket pods seized by the government are destructive devices as charged by the government. The government relied on the opinions of experts in the hearings to date, and in the applications for search warrants and Kane's arrest warrant.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 2 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

> 7. Exculpatory material consisting of all materials in the government's possession favorable to Security Aviation and material to guilt or innocence or punishment including, but not limited to (a) physical and documentary evidence bearing on the history and status of the subject aircraft pods (such as may be present in the files of the BATF, FAA or other government agency); (b) all documents received from or observed in the possession of any person regarding any demilitarization of the subject rocket pods; (c) all impeachment information concerning the witnesses to be called by the government; and (d) any information concerning motive, bias or interest of a potential government witness.

It should be noted that this Court's February 27, 2006, Order requires the government to produce *Brady* material "as soon as practicable."

In response, on March 10, 2006, the government responded with the letter attached as **Exhibit B** to the Affidavit of Robert Bundy, filed herewith. Essentially, the government said that some of the requested materials would be provided but declined to set any date or deadline.

In response, counsel for Security Aviation responded by letter, dated March 10, 2006, a copy of which is attached as **Exhibit C** to the Affidavit of Robert Bundy filed herewith, objecting to the delay and failure to make immediate discovery of the many items in the possession of the government or easily and quickly attainable by the government.

On March 9 and 10, 2006, the government returned certain files belonging to Avery & Associates relating to the estate of Mark Avery's mother who died in early March, and certain files of Security Aviation which apparently the government deemed irrelevant to its investigation. Representatives of the defendants were allowed to inspect

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 3 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

the rocket pods on March 10, 2006, and the aircraft on March 15, 2006, although the terms of which the inspection was allowed was extremely restrictive. Other than that, no discovery was provided for by the government.

Having received no response from the government to previous requests for discovery, on March 17, 2006, counsel for Security Aviation again requested discovery, however this time stating that a motion would be filed to compel discovery if none were forthcoming. *See* **Exhibit D** to the Affidavit of Robert Bundy filed herewith. In response, on Saturday, March 18, 2006, the government responded by letter (**Exhibit E** to the Affidavit of Robert Bundy filed herewith) in which it addressed the following subjects:

1.   <u>Documents</u>.  The government stated it would allow access by defense counsel to seized documents but made no mention of the many documents also requested, such as the documents in the government's possession relating to the seized aircraft and rocket pods in the possession of the BATF, FAA or other government agencies.

2.   <u>Electronic Evidence</u>.  The government simply stated that some computers had been imaged while other had not but declined to state when information would be made available.

3.   <u>Aircraft Logs</u>.  The government stated that they would produce the aircraft logs.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF  
MOTION TO COMPEL DISCOVERY  
Page 4 of 13

UNITED STATES OF AMERICA V.  
ROBERT F. KANE and SECURITY AVIATION  
Case No 3:06-CR-00022-JWS-JDR-2

      4.      <u>Expert Reports</u>.  The government responded that it had "placed into motion two expert reports" that are in the process of being drafted.  The government stated that the contents of the reports would be determined by the expert, despite Security Aviation's request that the reports be detailed enough to provide adequate information for Security Aviation to prepare its defense.

      5.      <u>Brady, Bagley & Giglio Materials</u>.  The government simply stated that "Brady, Bagley and Giglio material is not yet complete."  No other explanation was provided nor was any material that is available produced, nor was any production date mentioned.

Finally, on March 20, 2006, in a telephone conversation, government lawyers agreed to make available the evidence seized in the search warrant and other documents required to be produced by FRCrP 16(a)(1).  A letter memorializing that conversation is attached as **Exhibit F** to the Affidavit of Robert Bundy filed herewith.  While the government agreed to make some documentary evidence available, it has not produced other items critical for the preparation of the defense, including expert reports and *Brady* material which this Court has already ordered to be produced "as soon as practicable."  *See* Order for Progression of a Criminal Case (With a Trial Date), dated February 27, 2006.

On March 21, 2006, counsel for Security Aviation and Robert Kane went to the United States Attorney's office to begin reviewing documents.  We were required to sit in

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF  
MOTION TO COMPEL DISCOVERY  
Page 5 of 13

UNITED STATES OF AMERICA V.  
ROBERT F. KANE and SECURITY AVIATION  
Case No 3:06-CR-00022-JWS-JDR-2

a room separate from the room in which the documents were kept and a staff person brought us one inventoried batch of documents at a time to review. We were allowed to look at one document at a time. Only after the document had been reviewed by counsel or paralegal from each defendant were we allowed to see another document. That process is continuing, but because of the government's arrangements, painfully and unnecessarily slowly. (A few minutes before this filing, the government agreed to explore changing this arrangement, but no change has yet been made.)

No access was provided to any documents or items of evidence required to be disclosed under FRCrP 16(a)(1) other than items seized from the defendants.

Other than described above, no other discovery has been made by the government.

Deadline for pretrial motions is March 24, 2006. Trial is set for May 3, 2006. The business of Security Aviation has been strongly and adversely impacted by the pendency of these proceedings and the personal lives of its officers and employees substantially disrupted. Security Aviation wants its day in court as soon as possible.

II.   DISCUSSION

Rule 16(a), Federal Rules of Criminal Procedure require that the government produce certain materials before any trial. Those materials include, in the case of an organizational defendant such as Security Aviation, any statement of anyone the government claims is legally able to bind the organization (FRCrP 16(a)(1)(C); documents that are material for the preparation of the defense, that the government

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF                                    UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY                    ROBERT F. KANE and SECURITY AVIATION
Page 6 of 13                                                          Case No 3:06-CR-00022-JWS-JDR-2

intends to use in its case-in-chief at trial or has obtained from what belongs to the defendant (FRCrP 16(a)(1)(E); any reports of examination or tests of items in possession of the government which are material to the preparation of a defense (FRCrP 16(a)(1)(F); and reports of expert witnesses describing the witness's opinions, the basis and reasons for those opinions and the witness's qualifications (FRCrP 16(a)(1)(G).

In addition to the requirements specifically set out in Criminal Rule 16, due process requires the prosecution to disclose any and all evidence in its possession or subject to its control which is favorable to the accused and material to guilt or innocence or punishment. *Brady v. Maryland*, 373 U.S. 83.

The scope of information contained within the *Brady* mandate is very large and includes information which bears upon the credibility of the government's witnesses, as well as matters more "directly" material to guilt or innocence. *U.S. v. Bagley*, 473 U.S. 667 (1985). *Accord*, *Giglio v. U.S.*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959); *U.S. v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988); *U.S. v. Schaefer*, 789 F.2d 682 (9th Cir. 1986). Such "impeachment evidence" includes a witness's prior inconsistent statements even if they are facially inculpatory. *Strickler v. Green*, 527 U.S. 263, 283, n. 21 (1999); *Kyles v. Whitley*, 514 U.S. 419, 441-49 (1995). Even otherwise inadmissible hearsay must be disclosed where it can be used by a defense for a non-hearsay/hearsay purpose, such as attacking the competence or bias of the government's investigation. *Kyles v. Whitley*, 514 U.S. 442-43, n. 13, 14, 445-46. As pronounced by

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF                                              UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY                                ROBERT F. KANE and SECURITY AVIATION
Page 7 of 13                                                                              Case No 3:06-CR-00022-JWS-JDR-2

the Supreme Court in *Strickler v. Green*, *supra*, this duty extends to the prosecutor's own, handwritten witness interview notes if they contain information favorable to the accused. *Paradis v. Arave*, 139 F.3d 385, 392 (9th Cir. 1997). The duty to disclose applies even to information which is not memorialized. It includes an oral proffer of testimony, made to the prosecution by the witness's attorney which is inconsistent with the statements the witness subsequently makes to the prosecutor directly and during his testimony. *Spicer v. Roxbury Corr. Inst.*, 194 F.3d 547 (4th Cir. 1999). *Accord*, *Giglio v. U.S., supra* (oral non-prosecution promise).

Moreover, this "broad duty of disclosure" extends beyond the immediate personal knowledge of the trial prosecutors. *Giglio v. U.S., supra* (trial prosecutor charged with knowledge of prior prosecutor's promise to a witness); *U.S. v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (trial prosecutor charged with knowledge of dismissal of unrelated charges by another prosecutor). To satisfy due process, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, *supra* at 437. *See also*, *Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1977) (*en banc*), *cert. denied,* 523 U.S. 1133 (1998) ("because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned.)

## DISCLOSURE IS REQUIRED IN TIME FOR EFFECTIVE USE

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF                                    UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY                     ROBERT F. KANE and SECURITY AVIATION
Page 8 of 13                                                         Case No 3:06-CR-00022-JWS-JDR-2

It is important to emphasize that due process demands that material favorable to the accused must be disclosed sufficiently prior to trial to enable the defense to utilize the information effectively in preparing to meet the prosecution's case and in furtherance of its own evidence at trial. As pointed out in *U.S. v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976), *cert. denied*, 429 U.S. 924 (1976):

> Disclosure by the government must be made at such a time as to allow the defense to allow the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criteria requires pretrial disclosure.

*Accord*, *U.S. v. Bagley*, *supra* at 676 (due process requires disclosure of information impeaching witness credibility so they can be "used effectively"); *U.S. v. Layman*, 756 F.2d 725 (9th Cir. 1985).

Even when the favorable information takes the form of a witness statement otherwise protected from pretrial discovery by the Jenks Act (18 U.S.C. § 3500), federal prosecutors must nonetheless disclose such a statement as far in advance of trial as due process may practically require for the defense to make effective use of it. *See*, *e.g.*, *U.S. v. Narcisco*, 446 F.Supp. 252, 270-271 (E.D. Mich. 1977).

Thus, under both the federal due process doctrine and the court's supervisory authority, the defense is entitled to discovery of the information sought sufficiently ahead of trial so that it may make effect use of the disclosures. Once *Brady* or Rule 16 material is received, it often requires transcription, investigation, location and interview of

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 9 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

additional witnesses, serving subpoenas for documents and other preparatory work before it can be used effectively at trial. The later disclosure by the government threatens the trial date because, if the defense is unable to effectively use the information disclosed at the last minute, due process will require continuance of the entire trial.

The only government interest promoted by eve of trial disclosure in this case, where most witnesses' identity is known to all, is the illegitimate tactical interest in trying to make defense preparation and use of exculpatory information less effective.

Accordingly, Security Aviation requests that the government be required to disclose its Rule 16 and *Brady* material as expeditiously as possible, but in no event, later than March 24, 2006.

Accordingly, Security Aviation requests this Court to enter an order requiring the government to provide defendants discovery as follows:

1.  Provide all information and documents relating to any statement made by anyone the government believes is legally able to bind Security Aviation or purports to be evidence of knowledge or scienter of Security Aviation (FRCrP 16(a)(1)(C););

2.  All documents material to the preparation of Security Aviation's defense, including all documents in the possession of any government agency, including BATF, U.S. Custom, ICE, FAA or any other government agency relating in any way to the L-39 aircraft and rocket pods seized by the government (FRCrP 16(a)(1)(E));

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 10 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

3. All documents seized by the government from the premises of Security Aviation or its affiliated entities Regional protective Services and Avery & Associates (FRCrP16(a)(1)(E));

4. Reports from all experts the government intends to call at trial, or whose opinion the government has relied on or referred to in any hearing (such as co-defendant Robert Kane's preliminary detention and bail review hearings) or in affidavits in support of the search warrants and arrest warrant issued in this case; each report must state the expert's qualification and the expert's opinion in detail, including the exact protocols of tests and experiment performed by the expert or anyone working under his/her supervision or advice (FRCrP 16(a)(1)(F) and (G));

Reports from each expert who has rendered an opinion that is different or inconsistent in any way from the opinions of experts the government intends to call at trial (*Bray v. Maryland*, 373 U.S. § 83);

6. All impeachment information concerning the witnesses to be called by the government, including without limitation, statements, memorialized or not, that are inconsistent with each other, the witnesses expected testimony, or the expected testimony or statements of any other witness the government expects to call at trial (*U.S. v. Bagley*, 473 U.S. § 667 (1985));

7. All impeachment information concerning motive, bias of any potential government witness, including without limitation, any experts or implied promise of

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 11 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

favorable treatment by any agency of the government in an actual or potential criminal, civil or administrative proceeding, the witness's fear of adverse consequences in any potential civil, criminal or administrative proceeding and the witness's expression of dislike of Rob Kane or Security Aviation or any of its agents or employees, including actual or potential employment actions.

8. All materials required to be produced shall be produced no later than March 31, 2006.

9. Failure to provide timely discovery as ordered by the Court could subject the government to preclusion of use of the evidence and will allow defendants to make pretrial motion relying on such discovery at any time within a reasonable time after such materials are disclosed by the government.

DATED this 22nd day of March, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:   /s/ Robert C. Bundy
    Robert C. Bundy, ABA #7206021
    Allen F. Clendaniel, ABA #0411084
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    bundy.robert@dorsey.com
    clendaniel.allen@dorsey.com

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF                           UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY                         ROBERT F. KANE and SECURITY AVIATION
Page 12 of 13                                      Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 22nd day of March, 2006, a true and correct
copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building  U.S. Courthouse<br>222 W. 7th  Ave. #9, Rm 253<br>Anchorage, Alaska  99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska  99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska  99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma  73533 |

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

By:    /s/ Robert C. Bundy
      Robert C. Bundy, ABA #7206021
      Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF                                    UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY                      ROBERT F. KANE and SECURITY AVIATION
Page 13 of 13                                                         Case No 3:06-CR-00022-JWS-JDR-2