

**ROBERT C. BUNDY**
(907) 257-7853
FAX (907) 276-4152
bundy.robert@dorsey.com

March 10, 2006

James N. Barkeley                    VIA FACSIMILE
Assitant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, AK 99513-7567

    Re:    United States v. Security Aviation
            3:06-CR-00022 JWS

Dear Mr. Barkeley:

    This is in response to your letter to me of March 10, 2006 regarding discovery in the above matter.

    1.    <u>Document Scanning</u>:  You stated "Agreed," but I am not sure what you agree to. You apparently are intent on pursuing your own schedule in scanning documents regardless of our desire to have access to our discovery in time to meet the motions deadline.  We have no intent of asking the court to move the motions date or the trial date.  Again we ask for immediate access to documents taken from Security Aviation and the RBS offices so that we can select those material to our defense.  In particular, of course, we want immediate access to:  all documents relating in any way to the witnesses the government alluded to in the search warrant affidavits, Robert Kane's arrest warrant affidavit, Kane's preliminary hearing, Kane's detention hearing and Kane's bail review hearing; all documents relating to the acquisition, use, maintenance, assembly, purchase or plans for use of the L-39 aircraft and for the rocket pods; all documents relating to the business plans of Security Aviation or any related or affiliated company; all documents related to the acquisition, operation, maintenance and operation of Gulf Stream aircraft and any modifications to them.  These documents are, without a doubt, material to our defense and we must have the earliest possible access to them.

    2.    <u>Electronic Evidence</u>:  We are pleased that every effort is being made to accommodate us "as soon as possible."  Please advise when "possible" will occur.  We need and expect this information at the earliest opportunity to meet our motion and trial dates.

    3.    <u>Inspection of L-39 Aircraft and Rocket Pods</u>:  We inspected the rocket pods on March 10, 2006 under the terms of your extremely restrictive and somewhat offensive letter of March 9, 2006.  We are currently scheduled to inspect the aircraft on Wednesday, March 15, 2006.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA  CANADA  EUROPE  ASIA

Page 1 of 2



James N. Barkeley
March 10, 2006
Page 2

      4.    <u>Aircraft Logs</u>: My letter did not suggest that production of the aircraft logs can be made after our inspection. Instead, my letter clearly stated that we wished to have access to those logs no later than our inspection. Accordingly, we expect you will make those available to us before March 15, 2006, or will have them available, together with all accompanying documentation and certifications no later than the beginning of our inspection on March 15, 2006, at 8:30 a.m.

      5.    <u>Expert Reports and Brady, Bagley and Gigglio Materials</u>: The appropriate date for provision of these materials is now. Assuming the government will argue that the rocket pods were devices "which may be readily converted to expel a projectile by the action of an explosive or other propellant," the expert's report should state in detail the steps which the expert contends must be taken in order to "readily convert" the pods into operative destructive devices. If the expert contends that nothing need be done to so convert the pods, then that should be stated.

      6.    <u>Additional Discovery Materials</u>: In our continuing preparation for the trial of this matter, we demand production of the following additional items that are material and necessary to our defense:

    a.    All financial records of Security Aviation, Avery & Associates, Robert Kane, Mark Avery, and any company owned or controlled by Mark Avery. This includes all bank records and files that you have obtained by Grand Jury subpoena or otherwise.

    b.    All documents in the possession of the government, including the BATF, Department of Treasury and FAA relating to the importation, certification, sales or transfer of any of the aircraft and/or rocket pods seized by the government.

    c.    All documents relating to Rob Kane's work as a employee, contractor, informant, or provider of services to any government agency, including but not limited to the FBI, CIA, and NSA.

Very truly yours,

Robert C. Bundy

cc:    Paul Stockler
        Kevin Fitzgerald
        Mark Avery

DORSEY & WHITNEY LLP