

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253       *Commercial: (907) 271-5071*
Anchorage, Alaska 99513-7567            *Fax Number: (907) 271-3224*

March 18, 2006

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska
99501

Dear Bob and Allen,

This correspondence is in regard to your letters of March 10 and 17, 2006 with regard to discovery. I apologize for the delay with regard to the March 10 letter but, as you know, Jim Barkeley is handling discovery and is presently on leave. I did receive a copy of your letter mid-week and provide the following response with regard to our current status:

Document Scanning:

We have two individuals scanning the documents seized during the course of the search. We have another scanner on order and a third individual scheduled to assist in the scanning process. As we indicated, we are scanning the documents into a readable and searchable database which requires more time than copying or merely straightforward scanning. As you might understand, this is not a quick process. Moreover, the request for and our provision of documents relating to Mary C. Avery's passing took more time than necessary in order to locate, examine, collect and return those documents. Unfortunately, that request, and our compliance has to some degree slowed the discovery process.

We note in your letter that you request immediate access to the seized documents. If that is your desire we will make the documents available to all counsel for examination (under supervision) and copying if you wish at your expense. The documents you request under "document scanning" will be provided, consistent with the Federal Rules of Criminal Procedure, and case law. As to these we can provide these items for either review and/or copying. The L-39 manuals, in particular, are voluminous.

Electronic Evidence

The imaging of the electronic evidence is taking longer than originally thought due to the quantity of information. I can inform you from what I know that while some of the computers have been

imaged on site, and some have been imaged by the FBI. Imaging of the office servers has yet to begin. These items, due to their massive storage capability will take a significant period of time to produce. I have requested a full accounting of the items left for review and a timeline for completion of the imaging process due to me by Monday.

Aircraft Logs

I am not aware of the status of the aircraft logs or their production. If you still require access, they will be collected with the L-39 information. I will make them available as described above.

Export Reports and Brady, Bagley and Gigglio Materials

I have placed into motion two expert reports. They are in the process of being drafted. You will receive them when they are completed. With regard to your request as to how they are drafted, that is something the expert will determine.

Brady, Bagley and Gigglio material is not yet complete.

Additional Discovery Materials

Your letter requested the following materials:

1. *All financial records of Security Aviation, Avery & Associates, Robert Kane, Mark Avery and any company owned or controlled by Mark Avery. This includes all bank records and files obtained by grand jury subpoena or otherwise.*

    This information is presently in the process of being scanned.

2. *All documents in the possession of the government including the BATF Department of Treasury and FAA relating to the importation, certification, sales or transfer of any of the aircraft and/or rocket pods seized by the government.*

    We are in the process of collecting this information and will provide it to you when appropriate.

3. *All documents relating to Rob Kane's work as a employee, contractor, informant, or provider of services to any government agency, including but not limited to the FBI, CIA and NSA.*

    As to this request, I placed that request with the CIA and FBI prior to the receipt of your letter. There is information to disclose to you and to Messrs. Fitzgerald and Stockler. I will place into motion the request for information from the NSA however the government is of the opinion that a request for "any government agency" is simply too broad. If you could narrow the focus of the request as to "any other government agency" that would be helpful. Perhaps Mr. Fitzgerald or Mr. Stockler could assist with that request.



### Mary C. Avery Documents

Your letter of March 17, 2006 also made reference to six boxes of documents returned to your client with regard to Mary C. Avery. The reference to the boxes of documents was modified with the phrase "that you have deemed irrelevant to your investigation." Please be advised that by this correspondence that the documents were provided to Mr. Avery due to the exigency of his mother's passing and out of sympathy to that event, not because it was "deemed irrelevant to [o]ur investigation". Thus, the government advises and requests formally that you and/or Mr. Avery retain all records and documents with regard to Mary C. Avery that the government provided him during this time. We do not deem them irrelevant to the investigation and, in that light, request a response in writing certifying the retention of these documents.

And, finally, I was made aware this week that the cursory inspection of the L-39's done on March 15, 2006 was undertaken outside in the cold. I apologize for the manner of the inspection and will insure that the next inspection will be done inside the hanger. Please provide us as soon as practicable a date and time for your expert to inspect the aircraft so that the necessary staff can be mustered to facilitate the inspection indoors.

I will be in the office today until 4:00 p.m., and in again tomorrow should you wish to discuss this in further detail.

Sincerely,

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney

JAMES N. BARKELEY
Assistant U.S. Attorney

cc Kevin Fitzgerald
   Paul Stockler

E
3   3