

ROBERT C. BUNDY
(907) 257-7853
FAX (907) 276-4152
bundy.robert@dorsey.com

March 20, 2006

<u>VIA FACSIMILE</u>

Steven E. Skrocki
Assistant United States Attorney
United States Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska 99513-7567

James N. Barkeley
Assistant United States Attorney
United States Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska 99513-7567

Re:   *United States vs. Security Aviation and Kane*

Gentlemen:

This will confirm a telephone conversation between me and First Assistant United States Attorney Jim Goecke this afternoon at about 2:30 p.m.

1.   <u>Documents</u>: Mr. Goecke advised that the documents seized in the search warrants of Security Aviation, Regional Protective Services and Robert Kane are about 25% scanned. He stated that the government would permit us to inspect the documents seized in the search warrants and designate those we wish to have copied at our own expense. As I discussed in a later conversation with Mr. Goecke and Mr. Skrocki, we will be at your office tomorrow morning, March 21, 2006, at 10:30 a.m. to begin the process. I understand from Mr. Goecke that the scanning of the documents will continue and will be available to us in a searchable format when complete.

2.   I requested that all other documents upon which the government intends to rely, which are material to the defense, or which constitute *Brady* or *Giglio* matter also be made available for our inspection and copying along with the seized documents. Those include FAA, BATF and customs documents relating to the aircraft or subject rocket pods. Mr. Goecke stated that the government would make all documentary evidence producable under Rule 16 available for our inspection and copying and expected to confer with you to insure that occurs.

3.   <u>Experts</u>. Mr. Goecke stated that the reports of the government's experts in this matter are not done and he stated he did not know how long it would be before they were done. I wish to reiterate my concern that the economic and emotion pressure on Security Aviation's families requires us to hold to the earliest possible trial date. It is not fair to these employees and their families for the expert to delay filing of a report. We ask that we be provided this expert report no later than March 22, 2006, only two days before the motions deadline. In addition, Rule 16 requires that we be permitted to inspect and copy or photograph the results or reports of any physical examination or any scientific test or experiment if the item is in the government's control and the item is material for preparing the defense or the government

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA   CANADA   EUROPE   ASIA



Exhibit F
Page 1 of 2



Steve E. Skrocki
James N. Barkeley
March 20, 2006
Page 2

intends to use the item in its case-in-chief at trial. Accordingly, we need any record of any examinations or tests done by your expert or anyone with the assistance or at the direction of your expert along with the other items you are producing this week.

    We note that the Order for Progression of a Pretrial Criminal Case entered in this matter requires the government to disclose *Brady* material "as soon as practical." Accordingly, we ask that you produce all *Brady* material with the other documents. This includes: (1) all impeachment information relating to the witnesses to be called by the government (including, statements, memorialized or not, that are inconsistent with each other or the witness's expected testimony in anyway; records of convictions, arrests and police contacts; prior false statements by the witness in this or another investigation); (2) any information concerning motive, bias or interest of a potential witness, such as expressed or implied promises of favorable treatment by the government in any potential or actual administrative, civil or criminal proceeding or the witness's fear of adverse consequences in any financial, civil, criminal or administrative proceedings. Among the witnesses that we wish to have this information for are John Behrens, Robert Anthony, Mark Sheets, Allen Smith, Joseph Lamonica, anyone from USA Air, including John Kirlin.

    Mr. Goecke advised us that the government does not intend to produce witness statements or lists of government witnesses at any time before they are required under the Jenks Act. We believe the government's *Brady* obligation in this case trumps the Jenks Act in many regards, including the timing of production. We ask that you revisit that issue, but for now we understand that for meet and confer purposes, the government has refused to make any early production of Jenks material or other witness statement, even if exculpatory.

Very truly yours,

Robert C. Bundy

cc:    Mark Avery
       Paul Stockler
       Kevin Fitzgerald
       James Goecke

DORSEY & WHITNEY LLP