Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>          Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MOTION AND MEMORANDUM TO SUPPRESS THE FRUIT OF THE UNCONSTITUTIONAL JANUARY 21, 2006 SEARCH OF SECURITY AVIATION'S PALMER HANGAR AND REQUEST FOR EVIDENTIARY HEARING** |

Defendant Security Aviation, Inc. ("Security Aviation") moves to suppress all evidence that is the fruit of the warrantless and unconstitutional search of Security Aviation's Hangar on January 21, 2006. An evidentiary hearing is requested and legally required.

On February 1, 2006, Matthew Campe, Special Agent for the Federal Bureau of Investigation ("Campe"), filed applications and affidavits for three search warrants 3:06-mj-00008-JDR, 3:06-mj-00009-JDR, and 3:06-mj-00010-JDR. The applications were sought to search the Security Aviation aircraft hangar at the Palmer Airport in Palmer, Alaska, the Security Aviation hangar with a physical address of 6121 South Airpark

Place, Anchorage, Alaska, and the building at 3230 "C" Street, which houses offices of Security Aviation. Additional search warrants, 3:06-mj-00016-JDR, 3:06-mj-00017-JDR, and 3:06-mj-00018-JDR were then applied for and issued for each location. These warrants are challenged by separate motions concurrently filed by Defendant Security Aviation on other grounds. In this motion, Defendant Security Aviation moves to find all warrants invalid to the extent that they are the fruits of the unconstitutional search of Security Aviation's Palmer hanger on January 21, 2006.

## I.  Factual Basis

In his initial affidavit, Campe makes admissions that demonstrate that an earlier unconstitutional warrantless search of Security Aviation's Palmer hangar occurred on January 21, 2006.[1] In the paragraph 33b of his affidavit, Campe states:

> On January 19, 2006, your Affiant contacted Witness E, who advised your Affiant that on January 21, 2006, the witness and a crew of co-workers would be in Palmer Alaska to repossess four of the L-39/59 jet aircraft from Security Aviation on behalf of another aviation company. Witness E reported that the aircraft were to be repossessed due to Security Aviation's failure to complete the purchase of the aircraft. As noted previously, Witness E also advised that he had previously observed the rocket pod/launcher at the Security Aviation Palmer hanger while he was employed with Security Aviation as late as December 2005. Witness E stated that he had observed the rocket pod/launcher stored in a second floor parts and storage room, the same room as the batteries and fuel tanks of the L-39/59 aircraft. Witness E further stated that he believed a Security Aviation employee would grant access to the storage room.

---

[1] The affidavit refers to a Witness E and a Witness I. Witness E is believed to be John Berens, a former Security Aviation mechanic. Witness I is believed to be Bob Anthony, a former Security Aviation mechanic.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 2 of 9                                                                 Case No 3:06-CR-00022-JWS-JDR-2

In paragraph 34, Campe explains the warrantless search that occurred on January 21, 2006:

> On January 21, 2006, an aviation company, Air USA, sent employees to the Palmer hangar to repossess two L-39/59's from Security Aviation, Inc. and/or Regional Protective Services. One of the employees sent by Air USA was Witness E. Witness I, encountered a current Security Aviation employee, Witness E, at the airport and gave Witness E and others involved in the repossession effort access to the Security Aviation hangar for the purpose of repossessing batteries and fuel tanks for the repossessed L-39 /59 aircraft. Witness E then entered the hanger and went to the second floor parts storage room where Witness E observed a rocket pod/launcher of the same type that Witness E had seen previously at the Palmer hangar in December 2005. Moreover, from your Affiant's review of armament websites and your Affiant's interview of Witness E, the rocket pod/launcher Witness E observed in the Security Aviation Hanger in Palmer was fully consistent and matched in physical appearance a 16x57mm rocket pod/launcher suitable for use on L-39/59 aircraft. Witness E related that the rocket pod/launcher observed by Witness E appeared to have Cyrillic (Russian) alphabet letters on the rocket pod/launcher which composed words in red-stenciled lettering and appeared to be authentic. The rocket pod/launcher appeared to Witness E to be completely intact and functional and appeared to include mounting rings and an electrical connector for attachment to an aircraft's electrical system. Witness E stated that the bore of the individual rocket tubes was well in excess of one inch. Witness E also elaborated to your Affiant that the mounting rings and electrical connector observed on the rocket pod/launcher were of the type designed to be mounted on a weapons pylon designed for attachment under the wings of L39/59 aircraft.

Finally, Campe admits to being present at the search on January 21, 2005. In paragraph 37 of his affidavit, Campe states "I have reviewed recently taken aerial photographs of the Palmer hangar and can confirm the existence of the red CON-EX and various wooden crates present within the cartilage of the Palmer Hanger. I also viewed the CON-EX adjacent to the hangar *while present* at the Palmer Hanger on January 21, 2005." (emphasis added).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING
Page 3 of 9

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

## II.    Legal Analysis

The search of the Palmer hangar was not a private search. *See United States v. Sherwin*, 539 F.2d 1, 5 (9th Cir. 1976) (holding that the Fourth Amendment generally does not protect unreasonable intrusions by private individuals). The Fourth Amendment does prohibit unreasonable intrusions by private individuals who are acting as government instruments or agents. *United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1993). The test for whether government action is present is:

> (1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends.

*Id.*

Here, there is no question that the government knew of and acquiesced in the intrusive conduct. Campe knew exactly what Witness E and the other Air USA representatives were planning to do on January 21, 2006. Indeed, he was present on the day of the search. It also appears from his January 19, 2006 conversation with Witness E that he may have directed Witness E to search for the pod. Clearly, Campe knew of or acquiesced in the intrusive conduct. Indeed, it can be inferred that Campe actively encouraged the search.

It is also clear that the Witness E intended to assist law enforcement efforts rather than his own ends. Witness E had no reason to engage in a careful study of the rocket pod as part of the Air USA's taking of the aircraft. While Witness E, as an agent for Air USA, was furthering his own ends by helping Air USA illegally take the aircraft, he was

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING
Page 4 of 9

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

not furthering his own ends by searching for rocket pods. *See Id.* at 931-932 (holding that while initial entrance into hotel room may have been motivated by desire to see if hotel was in good condition, additional searches of drawer and latched brief case were did not have independent motivation). Witness E's search for the pod was unconstitutional.

Even assuming that Witness E's search of the rocket pod was done with the idea that he was preventing crime that does not make the search lawful. The Ninth Circuit has made it clear that "'snooping' is not a legitimate motive and finding evidence of criminal activity is not independent." *Id.* 932. There was no legitimate reason for Witness E to search for any pods during the repossession other than as an agent of the government. Witness E's discovery of the rocket pod on January 21, 2006 was the result of an unconstitutional warrantless government search.

### III.   No Consent

Nor was the search a valid consent search. "The existence of a consent to a search is not lightly inferred and the government always bears the burden of proof to establish the existence of effective consent." *United States v. Shaibu*, 920 F.2d 1423, 1426 (9th Cir. 1990)  Witness I did not have the authority to let Air USA into the hangar nor did he seek such authority. *See* Exhibits A and B (Affidavit of John Willie Spencer and Affidavit of Gary Alan Cost). Witness I had also signed a confidentiality agreement, which would have barred him from letting non Security Aviation personnel into the

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING
Page 5 of 9

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

hangar.  *See* Exhibit C (Records System Policy and Employee Non-Disclosure Agreement) attached hereto.

Nor did Witness I have the apparent authority to consent to a search of the hangar. The existence of apparent authority requires a court to engage in a three-part analysis:

> First did the searching officer believe some untrue fact that was then used to assess the consent-giver's use of and access to or control over the area searched?  Second, was it under the circumstances objectively reasonable to believe that the fact was true?  Finally, assuming the truth of the reasonably believed but untrue fact, would the consent-giver have had authority.

*United States v. Reid*, 226 F.3d 1020, 1025 (9th Cir. 2000).

Here, the search fails at the first step.  There is no untrue fact that Campe believed. From the face of his affidavit he knew that the search was not approved by Security Aviation.  Campe states that Witness E stated "that he believed a Security Aviation employee would grant access to the storage room."  Campe was fully aware that Security Aviation did not authorize consent to search and that it would take a disgruntled employee who did not have authority to consent to let Witness E into the hangar.  There is also reason to believe that Campe was aware of the confidentiality agreement as of January 21, 2006.  In paragraph 30, Campe relates Witness J's statement that he refused to sign the non-disclosure agreement as a condition of employment.

Secondly, even if there were some fact that led Campe to believe that Witness I had authority to permit a search of the hangar, it would have been objectively unreasonable to believe that fact was true under the circumstances.  There is no objective reason to believe that a mechanic would have the authority to let a competing company's

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING
Page 6 of 9

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

agents into a hangar early in the morning to allow them to take aircraft. Accordingly, the search was not a valid consent search.

## IV.    No Probable Cause for Importation and Possession of Destructive Device

The search warrants executed in this case all included a finding of probable cause of illegal possession and importation of an unregistered destructive device under 28 U.S.C. § 5851(d) and (k). That finding of probable cause is the fruit of the illegal January 21, 2006 search. Witness E's statements regarding the pods are the only evidence that supports that the pods were destructive devices. No other witness besides Witness E even hints that the pods might be functional. Nor does any other witness besides Witness E provide any details about the pods that would indicate that they are a destructive device. Witness E is also the only government witness who is able to identify that a rocket pod was in the possession of Security Aviation after December and that it was located at the hangar in Palmer. Accordingly without Witness E's statements, any evidence Security Aviation possessed a pod is too stale to support probable cause for a search. An affidavit must be based on facts "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time" or it is stale. *U.S. v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997). Other than Witness E's January 21, 2005 account there is no evidence that Security Aviation possessed the pods after December and that it was located at the Palmer hangar. There was not probable cause at the time the warrant was issued that Security Aviation still possessed rocket pods . For these reasons, the warrants issued in this case are invalid.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING
Page 7 of 9

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

**V.     Conclusion**

The search warrants in this case were issued as a result of an illegal search. Accordingly, the search warrant's finding of probable cause is invalid as fruit of the poisonous tree. All evidence seized pursuant to a finding of probable cause that there was a violation of 28 U.S.C. § 5851(d) and (k) must be suppressed. An evidentiary hearing is also required.

DATED this 24th day of March, 2006, at Anchorage, Alaska.
DORSEY & WHITNEY LLP


By:/s/ Allen Clendaniel
    Robert C. Bundy, ABA #7206021
    Allen F. Clendaniel, ABA #0411084
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    bundy.robert@dorsey.com
    clendaniel.allen@dorsey.com

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING
Page 8 of 9

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of March, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building U.S. Courthouse<br>222 W. 7th Ave. #9, Rm 253<br>Anchorage, Alaska  99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska  99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska  99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.


 By:    /s/ Allen Clendaniel
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084

              Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
THE FRUIT OF THE UNCONSTITUTIONAL
JANUARY 21, 2006 SEARCH OF SECURITY
AVIATION'S PALMER HANGAR AND
REQUEST FOR EVIDENTIARY HEARING

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 9 of 9                                                                                    Case No 3:06-CR-00022-JWS-JDR-2

4849-0852-2240\1\479855\00003