Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>　　　　Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MOTION AND MEMORANDUM TO SUPPRESS ALL EVIDENCE SEIZED THAT EXCEEDED THE SCOPE OF PROBABLE CAUSE SHOWN IN THE AFFIDAVITS** |

　　　Defendant Security Aviation, Inc. ("Security Aviation") moves to suppress all evidence pursuant to search warrants 3:06-mj-00008-JDR, 3:06-mj-00009-JDR :06-mj-00010-JDR, 3:06-mj-00016-JDR, 3:06-mj-00017-JDR, and 3:06-mj-00018-JDR, that exceeded the scope of probable cause shown in the affidavits supporting the warrants. Defendant has made other motions attacking the validity of these warrants and the warrants finding of probable cause and does not concede by this motion that the searches and seizures by the government are valid or that there was probable cause for each search and seizure.

## I.  Factual Basis

On February 1, 2006, Matthew Campe, Special Agent for the Federal Bureau of Investigation ("Campe"), filed applications and affidavits for three search warrants. The applications were sought to search the Security Aviation aircraft hangar at the Palmer Airport in Palmer, Alaska, the Security Aviation hangar with a physical address of 6121 South Airpark Place, Anchorage, Alaska, and the building at 3230 "C" Street, which houses offices of Security Aviation. The search warrant for the building at 3230 "C" Street was issued at 5:38 p.m. The search warrant for the Palmer Security Aviation hangar was issued at 6:07 p.m. The third search warrant for the Anchorage Security Aviation hangar was issued at 6:12 p.m.

These three search warrants were served at each location on February 2, 2006 and the government seized a tremendous amount of property at each location, including physical objects, documents, records, and computers and computer drives.

On February 2, 2006, Russel Peras, Senior Special Agent of the Immigration and Customs Enforcement, then filed another application and affidavit for a search warrant for the Palmer Hangar permitting seizure of additional items and permitting the search of additional locations. Peras' affidavit was based only on the execution of the search warrant for the Palmer hangar and attached Campe's original affidavit. The search warrant was issued at 4:41 p.m. on February 2, 2006. Campe also filed additional applications and affidavits for search warrants of the South Airpark hangar and the building at 3230 "C" Street on February 3, 2006. The applications sought authorization to search additional locations and seize additional materials. The search warrant for the

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
ALL EVIDENCE SEIZED THAT EXCEEDED
THE SCOPE OF PROBABLE CAUSE SHOWN
IN THE AFFIDAVITS
Page 2 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

South Airpark hangar was issued at 8:15 p.m. on February 3, 2006. The search warrant for the "C" Street building was issued at 8:23 p.m. on February 3, 2006. These additional warrants were executed and the government seized additional property pursuant to this second round of warrants.

After the second set of search warrants for the Security Aviation Anchorage hangar and the building at "C" Street were based on the affidavits assertion that there was probable cause to believe that the following offenses occurred:

- 26 U.S.C. § 5861(d) & (k) – Possession and Importation of an Unregistered Destructive Device

- 18 U.S.C. § 371 – Conspiracy to Possess an Unregistered Destructive Device

- 18 U.S.C. § 922(l) – Unlawful Importation of a Firearm

- 18 U.S.C. § 371 - Conspiracy to Unlawfully Import a Firearm

- 18 U.S.C. 1349 - Conspiracy to Commit Bank fraud

- 18 U.S.C. § 1344(1) & (2) - Bank fraud

- 18 U.S.C. § 371 - Conspiracy to Make False Statements to a Financial Institution

- 18 U.S.C. § 1014 –False Statements to a Financial Institution

- 18 U.S.C. § 1343 – Wire Fraud

The second search warrant of the Palmer hangar did not contain a finding that there was probable cause to believe that wire fraud had occurred.

At this point, Defendant Security Aviation does not know the scope of the property that was actually seized by the government. Defendant Security Aviation

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
ALL EVIDENCE SEIZED THAT EXCEEDED
THE SCOPE OF PROBABLE CAUSE SHOWN
IN THE AFFIDAVITS
Page 3 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

believes, however, that the government seized property beyond the scope of probable cause that existed in the warrants and affidavits. At the time of this motion, the government has failed to provide Defendant Security Aviation with any serious discovery, precluding Defendant from identifying exact evidence it wishes to suppress.

## II.     Legal Standard

The scope of the warrant and the search is limited by the extent of probable cause. *United States v. Whitney*, 633 F.2d 902, 907 (9th Cir. 1980) (holding that "[t]he command to search can never include more than is covered by the showing of probable cause to search."). It is clear that "probable cause must exist to seize all the items of a particular type described in the warrant." *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). A warrant or search that exceeds the scope of the probable cause shown in the affidavit is invalid. *In re Grand Jury Subpoenas Dated December 10, 1987*, 926 F.2d 847 (9th Cir. 1990).

## III.    Argument

In this case, the government exceeded the scope of probable cause shown in the affidavits supporting the search warrants. The government had a warrant that said that they had probable cause that bank fraud, wire fraud, and importation and possession of an unregistered destructive device. Moreover, the probable cause on the face of the warrant that was for the bank fraud was limited to one loan and the probable cause for the wire fraud was limited to one entity, the May and Stanley Smith Charitable trust. Yet, the government seized copious amounts of material from the "C" street building and Security

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
ALL EVIDENCE SEIZED THAT EXCEEDED
THE SCOPE OF PROBABLE CAUSE SHOWN
IN THE AFFIDAVITS
Page 4 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

Aviation's hangar, including electronic files.  The showing of probable cause on the face of the warrants was quite narrow, but the government's search was extremely broad.  Indeed, they have seized so much material that they claim that they are unable to provide Defendant Security Aviation with prompt discovery.  As shown by Exhibit A to the motion to compel discovery the government took the position that that it would take eight months to provide all the materials seized.[1]  The government has to have seized material beyond the scope of probable cause in the warrant.  For instance, Mark Avery's law practice files were seized, which certainly contains client files that are beyond the scope of the probable cause in the affidavit.  Unfortunately, because of the government's inability to provide discovery in a reasonable manner it is impossible for Security Aviation to specifically identify which evidence must be suppressed at this point.  Defendant Security Aviation's constitutional rights under the Fourth Amendment, however, cannot be invalidated by the government's inability to comply with its discovery obligations.  Therefore, in order to preserve its constitutional rights' Defendant Security Aviation moves for an order suppressing all evidence seized by the government that is beyond the scope of the probable cause shown in the affidavits supporting the warrants.  Defendant reserves its right to supplement this motion as the government complies with its obligations and provides meaningful discovery.

---

[1]  Exhibit A (Motion to Compel Discovery)

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
ALL EVIDENCE SEIZED THAT EXCEEDED
THE SCOPE OF PROBABLE CAUSE SHOWN
IN THE AFFIDAVITS
Page 5 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

DATED this 24th day of March, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By: /s/ Allen Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of March, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.


By:     /s/ Allen Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION AND MEMORANDUM TO SUPPRESS
ALL EVIDENCE SEIZED THAT EXCEEDED
THE SCOPE OF PROBABLE CAUSE SHOWN
IN THE AFFIDAVITS
Page 6 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

4838-5942-2208\1 3/24/2006 12:36 PM