Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ROBERT F. KANE, a/k/a
"COMMANDER KANE," and
SECURITY AVIATION, INC.,

          Defendants.

Case No. 3:06-CR-00022-JWS-JDR-2

**MOTION TO
COMPEL DISCOVERY**

      Security Aviation, Inc., moves this Court for an order directing the government to

provide discovery and setting deadlines for production. This motion is supported by the

attached Memorandum and Affidavit of Robert C. Bundy.

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit A
Page 1 of 32

DATED this 22nd day of March, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:    /s/ Robert C. Bundy
    Robert C. Bundy, ABA #7206021
    Allen F. Clendaniel, ABA #0411084
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    bundy.robert@dorsey.com
    clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 22nd day of March, 2006, a true and correct
copy of this document was served on:

James N. Barkeley                         Paul D. Stockler
Steven Skrocki                            1309 W. 16th Avenue
Assistant United States Attorney          Anchorage, Alaska  99501
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Kevin Fitzgerald                          James L. Kee
Ingaldson, Maassen & Fitzgerald           Kee, Archer & Herberger, P.A.
813 West 3rd Avenue                       1102 Maple Street
Anchorage, Alaska  99501                  Duncan, Oklahoma  73533


by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.


By:    /s/ Robert C. Bundy
    Robert C. Bundy, ABA #7206021
    Dorsey & Whitney, LLP


MOTION TO COMPEL DISCOVERY                UNITED STATES OF AMERICA V.
                                          ROBERT F. KANE and SECURITY AVIATION
Page 2 of 2                               Case No 3:06-CR-00022-JWS-JDR-2

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

<div style="text-align:center">

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

</div>

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT F. KANE, a/k/a
"COMMANDER KANE," and
SECURITY AVIATION, INC.,

        Defendants.

Case No. 3:06-CR-00022-JWS-JDR-2

**MEMORANDUM IN SUPPORT OF
MOTION TO
COMPEL DISCOVERY**

        Security Aviation, Inc., moves this Court for an order directing the government to provide discovery and setting deadlines for production.

I.      BACKGROUND

        On February 2, 2006, agents of the FBI and other federal agencies served search warrants simultaneously on Security Aviation on South Air Park Drive in Anchorage, at the Palmer airport and at the offices of Avery & Associates and the Regional Protective

<div style="margin-left:3em; writing-mode: vertical-rl">
**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557
</div>

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 1 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Exhibit A
Page 3 of 32

Services ("RPS") at 3230 C Street in Anchorage. At the same time, agents arrested and charged co-defendant Robert Kane on charges related to the alleged possession of a destructive device in the form of aircraft "rocket pods." On February 22, 2006, both Mr. Kane and Security Aviation were indicted by the Grand Jury on charges related to the alleged destructive devices. Pursuant to this Court's February 27 , 2006 Order for the Progression of a Criminal Case (With a Trial Date), counsel for Mr. Kane and Security Aviation met with the government to discuss discovery obligations. Counsel for Security Aviation summarized the results of the meeting in a letter dated March 6, 2006 (**Exhibit A** to the Affidavit of Robert Bundy filed herewith). In this letter, Security Aviation reiterated its requests of the following discovery:

1.   Documents seized from the premises of Security Aviation and its affiliated company RPS.

2.   Documents relating to the witnesses the government alluded to in the search warrant affidavits, Robert Kane's arrest warrant affidavit, Kane's preliminary hearing and detention hearing and Kane's bail review hearing.

3.   Electronic evidence seized from Security Aviation and its affiliated companies.

4.   Inspection of the L-39 aircraft and rocket pods.

5.   Aircraft logs of the L-39 aircraft, including all documents referring to modifications or alterations rendering the aircraft systems inoperative.

6.   Expert reports consisting of a written or recorded summary of any opinion rendered to the government by any expert on the issue of whether the rocket pods seized by the government are destructive devices as charged by the government. The government relied on the opinions of experts in the hearings to date, and in the applications for search warrants and Kane's arrest warrant.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 2 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

7.    Exculpatory material consisting of all materials in the government's possession favorable to Security Aviation and material to guilt or innocence or punishment including, but not limited to (a) physical and documentary evidence bearing on the history and status of the subject aircraft pods (such as may be present in the files of the BATF, FAA or other government agency); (b) all documents received from or observed in the possession of any person regarding any demilitarization of the subject rocket pods; (c) all impeachment information concerning the witnesses to be called by the government; and (d) any information concerning motive, bias or interest of a potential government witness.

It should be noted that this Court's February 27, 2006, Order requires the government to produce *Brady* material "as soon as practicable."

In response, on March 10, 2006, the government responded with the letter attached as **Exhibit B** to the Affidavit of Robert Bundy, filed herewith. Essentially, the government said that some of the requested materials would be provided but declined to set any date or deadline.

In response, counsel for Security Aviation responded by letter, dated March 10, 2006, a copy of which is attached as **Exhibit C** to the Affidavit of Robert Bundy filed herewith, objecting to the delay and failure to make immediate discovery of the many items in the possession of the government or easily and quickly attainable by the government.

On March 9 and 10, 2006, the government returned certain files belonging to Avery & Associates relating to the estate of Mark Avery's mother who died in early March, and certain files of Security Aviation which apparently the government deemed irrelevant to its investigation. Representatives of the defendants were allowed to inspect

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 3 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

the rocket pods on March 10, 2006, and the aircraft on March 15, 2006, although the

terms of which the inspection was allowed was extremely restrictive.  Other than that, no

discovery was provided for by the government.

　　　　Having received no response from the government to previous requests for

discovery, on March 17, 2006, counsel for Security Aviation again requested discovery,

however this time stating that a motion would be filed to compel discovery if none were

forthcoming.  *See* **Exhibit D** to the Affidavit of Robert Bundy filed herewith.  In

response, on Saturday, March 18, 2006, the government responded by letter (**Exhibit E**

to the Affidavit of Robert Bundy filed herewith) in which it addressed the following

subjects:

　　　　1.　　Documents.  The government stated it would allow access by defense

counsel to seized documents but made no mention of the many documents also requested,

such as the documents in the government's possession relating to the seized aircraft and

rocket pods in the possession of the BATF, FAA or other government agencies.

　　　　2.　　Electronic Evidence.  The government simply stated that some computers

had been imaged while other had not but declined to state when information would be

made available.

　　　　3.　　Aircraft Logs.  The government stated that they would produce the aircraft

logs.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF　　　　　　　　　　UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY　　　　　　　　ROBERT F. KANE and SECURITY AVIATION
Page 4 of 13　　　　　　　　　　　　　　　　　　Case No 3:06-CR-00022-JWS-JDR-2

4.    <u>Expert Reports</u>.  The government responded that it had "placed into motion two expert reports" that are in the process of being drafted.  The government stated that the contents of the reports would be determined by the expert, despite Security Aviation's request that the reports be detailed enough to provide adequate information for Security Aviation to prepare its defense.

5.    <u>Brady, Bagley & Giglio Materials</u>.  The government simply stated that "Brady, Bagley and Giglio material is not yet complete."  No other explanation was provided nor was any material that is available produced, nor was any production date mentioned.

Finally, on March 20, 2006, in a telephone conversation, government lawyers agreed to make available the evidence seized in the search warrant and other documents required to be produced by FRCrP 16(a)(1).  A letter memorializing that conversation is attached as **Exhibit F** to the Affidavit of Robert Bundy filed herewith.  While the government agreed to make some documentary evidence available, it has not produced other items critical for the preparation of the defense, including expert reports and *Brady* material which this Court has already ordered to be produced "as soon as practicable."  *See* Order for Progression of a Criminal Case (With a Trial Date), dated February 27, 2006.

On March 21, 2006, counsel for Security Aviation and Robert Kane went to the United States Attorney's office to begin reviewing documents.  We were required to sit in

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 5 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

a room separate from the room in which the documents were kept and a staff person brought us one inventoried batch of documents at a time to review. We were allowed to look at one document at a time. Only after the document had been reviewed by counsel or paralegal from each defendant were we allowed to see another document. That process is continuing, but because of the government's arrangements, painfully and unnecessarily slowly. (A few minutes before this filing, the government agreed to explore changing this arrangement, but no change has yet been made.)

No access was provided to any documents or items of evidence required to be disclosed under FRCrP 16(a)(1) other than items seized from the defendants.

Other than described above, no other discovery has been made by the government.

Deadline for pretrial motions is March 24, 2006. Trial is set for May 3, 2006. The business of Security Aviation has been strongly and adversely impacted by the pendency of these proceedings and the personal lives of its officers and employees substantially disrupted. Security Aviation wants its day in court as soon as possible.

## II.    DISCUSSION

Rule 16(a), Federal Rules of Criminal Procedure require that the government produce certain materials before any trial. Those materials include, in the case of an organizational defendant such as Security Aviation, any statement of anyone the government claims is legally able to bind the organization (FRCrP 16(a)(1)(C); documents that are material for the preparation of the defense, that the government

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 6 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

intends to use in its case-in-chief at trial or has obtained from what belongs to the

defendant (FRCrP 16(a)(1)(E); any reports of examination or tests of items in possession

of the government which are material to the preparation of a defense (FRCrP 16(a)(1)(F);

and reports of expert witnesses describing the witness's opinions, the basis and reasons

for those opinions and the witness's qualifications (FRCrP 16(a)(1)(G).

In addition to the requirements specifically set out in Criminal Rule 16, due

process requires the prosecution to disclose any and all evidence in its possession or

subject to its control which is favorable to the accused and material to guilt or innocence

or punishment. *Brady v. Maryland*, 373 U.S. 83.

The scope of information contained within the *Brady* mandate is very large and

includes information which bears upon the credibility of the government's witnesses, as

well as matters more "directly" material to guilt or innocence. *U.S. v. Bagley*, 473 U.S.

667 (1985). *Accord, Giglio v. U.S.*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264

(1959); *U.S. v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988); *U.S. v. Schaefer*, 789

F.2d 682 (9th Cir. 1986). Such "impeachment evidence" includes a witness's prior

inconsistent statements even if they are facially inculpatory. *Strickler v. Green*, 527 U.S.

263, 283, n. 21 (1999); *Kyles v. Whitley*, 514 U.S. 419, 441-49 (1995). Even otherwise

inadmissible hearsay must be disclosed where it can be used by a defense for a non-

hearsay/hearsay purpose, such as attacking the competence or bias of the government's

investigation. *Kyles v. Whitley*, 514 U.S. 442-43, n. 13, 14, 445-46. As pronounced by

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 7 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

the Supreme Court in *Strickler v. Green, supra*, this duty extends to the prosecutor's own, handwritten witness interview notes if they contain information favorable to the accused. *Paradis v. Arave*, 139 F.3d 385, 392 (9th Cir. 1997). The duty to disclose applies even to information which is not memorialized. It includes an oral proffer of testimony, made to the prosecution by the witness's attorney which is inconsistent with the statements the witness subsequently makes to the prosecutor directly and during his testimony. *Spicer v. Roxbury Corr. Inst.*, 194 F.3d 547 (4th Cir. 1999). *Accord, Giglio v. U.S., supra* (oral non-prosecution promise).

Moreover, this "broad duty of disclosure" extends beyond the immediate personal knowledge of the trial prosecutors. *Giglio v. U.S., supra* (trial prosecutor charged with knowledge of prior prosecutor's promise to a witness); *U.S. v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (trial prosecutor charged with knowledge of dismissal of unrelated charges by another prosecutor). To satisfy due process, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley, supra* at 437. *See also, Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1977) (*en banc*), *cert. denied,* 523 U.S. 1133 (1998) ("because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned.)

DISCLOSURE IS REQUIRED IN TIME FOR EFFECTIVE USE

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 8 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

It is important to emphasize that due process demands that material favorable to the accused must be disclosed sufficiently prior to trial to enable the defense to utilize the information effectively in preparing to meet the prosecution's case and in furtherance of its own evidence at trial. As pointed out in *U.S. v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976), *cert. denied*, 429 U.S. 924 (1976):

> Disclosure by the government must be made at such a time as to allow the defense to allow the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criteria requires pretrial disclosure.

*Accord*, *U.S. v. Bagley*, *supra* at 676 (due process requires disclosure of information impeaching witness credibility so they can be "used effectively"); *U.S. v. Layman*, 756 F.2d 725 (9th Cir. 1985).

Even when the favorable information takes the form of a witness statement otherwise protected from pretrial discovery by the Jenks Act (18 U.S.C. § 3500), federal prosecutors must nonetheless disclose such a statement as far in advance of trial as due process may practically require for the defense to make effective use of it. *See, e.g.*, *U.S. v. Narcisco*, 446 F.Supp. 252, 270-271 (E.D. Mich. 1977).

Thus, under both the federal due process doctrine and the court's supervisory authority, the defense is entitled to discovery of the information sought sufficiently ahead of trial so that it may make effect use of the disclosures. Once *Brady* or Rule 16 material is received, it often requires transcription, investigation, location and interview of

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 9 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

additional witnesses, serving subpoenas for documents and other preparatory work before it can be used effectively at trial. The later disclosure by the government threatens the trial date because, if the defense is unable to effectively use the information disclosed at the last minute, due process will require continuance of the entire trial.

The only government interest promoted by eve of trial disclosure in this case, where most witnesses' identity is known to all, is the illegitimate tactical interest in trying to make defense preparation and use of exculpatory information less effective.

Accordingly, Security Aviation requests that the government be required to disclose its Rule 16 and *Brady* material as expeditiously as possible, but in no event, later than March 24, 2006.

Accordingly, Security Aviation requests this Court to enter an order requiring the government to provide defendants discovery as follows:

1.      Provide all information and documents relating to any statement made by anyone the government believes is legally able to bind Security Aviation or purports to be evidence of knowledge or scienter of Security Aviation (FRCrP 16(a)(1)(C););

2.      All documents material to the preparation of Security Aviation's defense, including all documents in the possession of any government agency, including BATF, U.S. Custom, ICE, FAA or any other government agency relating in any way to the L-39 aircraft and rocket pods seized by the government (FRCrP 16(a)(1)(E));

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 10 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

3.    All documents seized by the government from the premises of Security

Aviation or its affiliated entities Regional protective Services and Avery & Associates

(FRCrP16(a)(1)(E));

4.    Reports from all experts the government intends to call at trial, or whose

opinion the government has relied on or referred to in any hearing (such as co-defendant

Robert Kane's preliminary detention and bail review hearings) or in affidavits in support

of the search warrants and arrest warrant issued in this case; each report must state the

expert's qualification and the expert's opinion in detail, including the exact protocols of

tests and experiment performed by the expert or anyone working under his/her

supervision or advice (FRCrP 16(a)(1)(F) and (G));

Reports from each expert who has rendered an opinion that is different or inconsistent in

any way from the opinions of experts the government intends to call at trial (*Bray v.*

*Maryland*, 373 U.S. § 83);

6.    All impeachment information concerning the witnesses to be called by the

government, including without limitation, statements, memorialized or not, that are

inconsistent with each other, the witnesses expected testimony, or the expected testimony

or statements of any other witness the government expects to call at trial (*U.S. v. Bagley*,

473 U.S. § 667 (1985));

7.    All impeachment information concerning motive, bias of any potential

government witness, including without limitation, any experts or implied promise of

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

favorable treatment by any agency of the government in an actual or potential criminal, civil or administrative proceeding, the witness's fear of adverse consequences in any potential civil, criminal or administrative proceeding and the witness's expression of dislike of Rob Kane or Security Aviation or any of its agents or employees, including actual or potential employment actions.

       8.     All materials required to be produced shall be produced no later than March 31, 2006.

       9.     Failure to provide timely discovery as ordered by the Court could subject the government to preclusion of use of the evidence and will allow defendants to make pretrial motion relying on such discovery at any time within a reasonable time after such materials are disclosed by the government.

       DATED this 22nd day of March, 2006, at Anchorage, Alaska.

              DORSEY & WHITNEY LLP


              By:   /s/ Robert C. Bundy
                 Robert C. Bundy, ABA #7206021
                 Allen F. Clendaniel, ABA #0411084
                 DORSEY & WHITNEY LLP
                 1031 West Fourth Avenue, Suite 600
                 Anchorage, AK 99501-5907
                 (907) 276-4557
                 bundy.robert@dorsey.com
                 clendaniel.allen@dorsey.com

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 12 of 13

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Exhibit A
Page 14 of 32

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 22nd day of March, 2006, a true and correct
copy of this document was served on:

James N. Barkeley                        Paul D. Stockler
Steven Skrocki                           1309 W. 16th Avenue
Assistant United States Attorney         Anchorage, Alaska  99501
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Kevin Fitzgerald                         James L. Kee
Ingaldson, Maassen & Fitzgerald          Kee, Archer & Herberger, P.A.
813 West 3rd Avenue                      1102 Maple Street
Anchorage, Alaska  99501                 Duncan, Oklahoma  73533

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.


By:    /s/ Robert C. Bundy
        Robert C. Bundy, ABA #7206021
        Dorsey & Whitney, LLP

MEMORANDUM IN SUPPORT OF              UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY            ROBERT F. KANE and SECURITY AVIATION
Page 13 of 13                         Case No 3:06-CR-00022-JWS-JDR-2

Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT F. KANE, a/k/a
"COMMANDER KANE," and
SECURITY AVIATION, INC.,

      Defendants.

Case No. 3:06-CR-00022-JWS-JDR-2

**AFFIDAVIT IN SUPPORT OF
MOTION TO
COMPEL DISCOVERY**

STATE OF ALASKA      )
                   ) §§
THIRD JUDICIAL DISTRICT  )

    Robert Bundy, being first duly sworn, deposes and states as follows:

    1.    I am the attorney of record for Security Aviation, Inc., in the above-captioned matter.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 1 of 4

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

2.      Attached as Exhibit A to this affidavit is a true and correct copy of a letter dated March 6, 2006, in which counsel for Security Aviation summarized the results of the meeting of Friday, March 3, 2006 among counsel for Mr. Kane, counsel for Security Aviation, and the government.

3.      Attached as Exhibit B to this affidavit is a true and correct copy of a March 10, 2006 letter from the government in which they responded.

4.      Attached as Exhibit C to this affidavit is a true and correct copy of the March 10, 2006, letter from counsel for Security Aviation objecting to the delay and failure to make immediate discovery of the many items in the possession of the government or easily and quickly attainable by the government.

5.      Attached as Exhibit D to this affidavit is a true and correct copy of the March 17, 2006 letter from counsel for Security Aviation again requesting discovery, however this time stating that a motion would be filed to compel discovery if none were forthcoming.

6.      Attached as Exhibit E to this affidavit is a true and correct copy of the March 18, 2006 letter from the government in response.

7.      Attached as Exhibit F to this affidavit is a true and correct copy of the March 20, 2006 letter from counsel for Security Aviation confirming arrangements for discovery and requesting discovery.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT IN SUPPORT OF                          UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY            ROBERT F. KANE and SECURITY AVIATION
Page 2 of 4                                                    Case No 3:06-CR-00022-JWS-JDR-2

8.     On March 21, 2006, counsel for Security Aviation and Robert Kane went to the United States Attorney's office to begin reviewing documents. We were required to sit in a room separate from the room in which the documents were kept and a staff person brought us one inventoried batch of documents at a time to review. We were allowed to look at one document at a time. Only after the document had been reviewed by counsel or paralegal from each defendant were we allowed to see another document. That process is continuing, but because of the government's arrangements, painfully and unnecessarily slowly. (A few minutes before this filing, the government agreed to explore changing this arrangement, but no change has yet been made.)

No access was provided to any documents or items of evidence required to be disclosed under FRCrP 16(a)(1) other than items seized from the defendants. Other than described above, no other discovery has been made by the government.

DATED this ___ day of March, 2006, at Anchorage, Alaska.



By: _____
Robert C. Bundy, ABA #7206021

Subscribed and sworn to before me this ___ day of March, 2006.

_____

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
Page 3 of 4

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Notary Public in and for Alaska
My Commission Expires: 1/20/08

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 22nd day of March, 2006, a true and correct
copy of this document was served on:

James N. Barkeley                          Paul D. Stockler
Steven Skrocki                             1309 W. 16th Avenue
Assistant United States Attorney           Anchorage, Alaska  99501
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Kevin Fitzgerald                           James L. Kee
Ingaldson, Maassen & Fitzgerald            Kee, Archer & Herberger, P.A.
813 West 3rd Avenue                        1102 Maple Street
Anchorage, Alaska  99501                   Duncan, Oklahoma  73533

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

By:     /s/ Robert C. Bundy
        Robert C. Bundy, ABA #7206021
        DORSEY & WHITNEY LLP
        1031 West Fourth Avenue, Suite 600
        Anchorage, AK 99501-5907
        (907) 276-4557
        bundy.robert@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT IN SUPPORT OF               UNITED STATES OF AMERICA V.
MOTION TO COMPEL DISCOVERY            ROBERT F. KANE and SECURITY AVIATION
Page 4 of 4                           Case No 3:06-CR-00022-JWS-JDR-2

4850-2327-5776\1\479855\00003



March 6, 2006

**VIA FACSIMILE AND POSTAL SERVICE**

James N. Barkeley
Assitant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, AK 99513-7567

       Re:    United States v. Security Aviation
               3:06-CR-00022 JWS

Dear Jim:

      This will attempt to summarize our "meet and confer" session on Friday, March 3, 2006, regarding discovery in the above case attended by you, FBI and IRS agents, Paul Stockler and me.  We also take this opportunity to specify additional discovery requests.  We are writing jointly in an effort save time.

      1.    <u>Document Scanning</u>.  You advised that USAO staff are in the process of scanning the many documents seized under the authority of the numerous search warrants served in this matter.  You advised that the order of scanning priority is: first, the documents relating to the ongoing business activities of the offices searched; and second, documents relevant to the charges contained in the present indictment.  You advised that the scanning of the documents in the first category would take 7 days, but that the remaining documents would require 8 weeks to scan. Both Paul and I thought that was excessive and asked that an alternative method of making discovery be considered.  In particular, we asked that we be allowed to review the seized items and mark those documents we wish copied, so we might have them available to prepare for the March 24, 2006 motions date and the May 3, 2006 trial date.

      2.    <u>Electronic Evidence</u>.  You advised that you were informed that it will take 8 months to mirror the hard drives on the seized computers, but that you were going to request that the process be greatly accelerated.  We await your advise on how soon we will have access to the electronic data seized.  We can see no reason that the process cannot be accelerated to provide us access with 10 days.  As I am sure you know, a good deal of evidence relevant to our defense is present in the electronic records seized, particularly on the computers seized from Security Aviation and from the Robert Kane residence.

      3.    <u>Inspection of L-39 Aircraft and Rocket Pods</u>.  We renew our request to inspect and photograph the L-39 aircraft  and rocket pods seized by the government.  We wish to have our clients inspect the aircraft and pods on Friday, March 10, 2006.  We understand the aircraft

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 907.276.4557 • **F** 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907

USA  CANADA  EUROPE  ASIA

Exhibit     A
Page    1    of   3

Exhibit A
Page 20 of 32

⊂ ❱ **DORSEY**

James N. Barkeley
March 6, 2006
Page 2

are currently stored in the FAA hanger at the Anchorage International Airport and the pods are stored at the FBI offices. We will be photographing and/or videotaping our inspection. We wish to remove certain panels granting access to the portion of the aircraft designed to house the weapon armament and control systems. We will provide you with the precise panels we wish to remove before the inspection.

We will want the following persons present from Security Aviation: Mark Avery; Joe Griffith; a Security Aviation mechanic; and Robert Bundy. I understand that Robert Kane also wishes to be present with his attorneys Paul Stockler and Kevin Fitzgerald and, of course, his third party custodian. We will also have a photographer and videographer present.

Of course, if we retain an expert on issues related to whether the aircraft and pods are components of a destructive device or could be used to transport a destructive devise, that expert wil also need to inspect the aircraft and pods at a later time.

4.    Aircraft Logs. If the aircraft log books are not kept with the aircraft we ask that, no later than our inspection of the aircraft and pods, we be given access to all aircraft log books and accompanying documentation and certifications, including any certifications referring to modifications or alterations rendering the aircraft systems inoperative.

5    Expert reports. We reiterate our request that we be provided a written or recorded summary of any opinion rendered to the government by a BATF agent or any other person with expertise on the issue of whether the rocket pods seized by the government are destructive devises as charged by the government. The government relied on the opinions of experts in the hearings to date and in the applications for search warrants and Kane's arrest warrant. We can conceive of no reason for a delay in providing us with the experts report, particularly given the rapidly approaching motions and trial dates. We expect the report will detail the expert's opinions, the exact bases and reasons for the expert opinions (including the detailed protocols of the tests and experiments the expert has performed on the aircraft and/or pods) and the expert's qualifications. Additionally, in order to allow us to understand the opinions, we will need copies of all photographs and videos taken by the government of the experts activities involving the aircraft and/or pods. We will also need copies of any photographs or videos taken of the aircraft and pods at the time of the seizures.

We understand you have already requested the expert to expedite his report. We will need the expert's report and photographs to facilitate our inspection of the aircraft and pods in order to determine what, if any, alterations have been made to the aircraft and pods by the government in moving and testing those items.

6.    Discovery required under Brady v Maryland, U.S. v Bagley, Giglio v U.S. and Progeny. We demand production at the earliest opportunity of all material in the government's possession and control favorable to Security Aviation and material to guilt or innocence or punishment. This includes, but is not limited to: 1) physical and documentary evidence bearing on the history and status of the subject aircraft and pods (such as may be present in the files of

Exhibit ___*A*___

Page __2__ of __3__    DORSEY & WHITNEY LLP



James N. Barkeley
March 6, 2006
Page 3

the BATF, FAA or other government agency; 2) all documents received from or observed in the possession of any other person (such as from Allen Smith or Joseph Lamonaca, including the printout of the email from someone at Patterson Air Force Base regarding demilitarization of rocket pods); 3) all impeachment information concerning the witnesses to be called by the government (such as statements, memorialized or not, that are inconsistent with each other or the witness's expected testimony in any way, records of convictions, arrests, and police contacts, prior false statements by the witness in this or other investigation, information on the witness's capacity to perceive or remember, any record of alcohol or substance abuse, any record of mental and emotional problems); 4) any information concerning motive, bias or interest of a potential witness (for example, any express or implied promise of favorable treatment by the government in an actual or potential administrative, civil or criminal proceeding, the witness's fear of adverse consequences in any potential civil, criminal or administrative proceeding, the witness's like or dislike of Rob Kane or Security Aviation or any of its agents or employees for any reason, including actual or potential employment actions).

The existence of the indictment in this case has caused and continues to cause severe financial and emotional hardship to Security Aviation and its many employees. We are intent on getting this to trial as soon as possible. Accordingly we seek the good faith cooperation of the government in providing us the discovery to which we are entitled at the earliest opportunity.

DORSEY & WHITNEY LLP
Attorneys for Security Aviation\

Sincerely

Robert C. Bundy


PAUL D. STOCKLER
Attorney for Robert Kane


Paul Stockler

Exhibit ___A___
Page 3 ___ of 3 ___

DORSEY & WHITNEY LLP

**U.S. Department of Justice**

United States Attorney
District of Alaska

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253     Commercial: (907) 271-5071
Anchorage, Alaska 99513-7567          Fax Number: (907) 271-1500

March 10, 2006

Robert Bundy
Dorsey & Whitney
1031 W. 4th Ave., Suite 600
Anchorage, AK 99501
Fax: 276-4152

Re:    *United States v. Security Aviation*
       3:06-cr-00022 JWS

Dear Mr. Bundy:

I am writing in reply to your letter of March 6, 2006.

    1.   <u>Document Scanning</u>
Agreed. You should begin receiving the initial batch of scanned materials next week. As you know, Jodi Bradison ext. 4270, should be your point of contact. The only exception I take to this portion of your letter is your suggestion that we allow you to review the seized items, mark those of interest and have us copy them for you. We are scanning documents into a searchable database and providing them to you. Of course, if you have any particular documents of interest that you would like to access, please contact Jodi and she will make every effort to accommodate you-as she has done with regard to documents pertaining to Mrs. Avery, for example. If you are concerned about the March 24, 2006 motions deadline, perhaps we can discuss submitting a joint motion to allow more time.

    2.   <u>Electronic Evidence</u>
The FBI is actively seeking additional resources in order to accelerate review of computer evidence. Your letter states that you can "see no reason" why you cannot have access to the data within ten days; I have passed that information on to the FBI and every effort will be made to accommodate you as soon as possible. Please bear in mind that taint review is occurring with these records.

    3.   <u>Inspection of L-39 Aircraft and Rocket Pods</u>
My understanding that these inspections have already been approved by the Court and will take place today and next week.

Exhibit  *B*
Page  *1*  of  *2*

4.    <u>Aircraft Logs</u>
      As suggested by your letter, this can be discussed after your inspection.

5.    <u>Expert Reports and Brady, Bagley and Giglio Materials</u>
      These will be provided to you at the earliest appropriate date.

      Finally, as you know, the United States has today filed a related civil forfeiture action. While there is some degree of discovery overlap, the government will likely move to stay discovery in the civil case pending resolution of the criminal case. I have prepared a brief opposition to your motion seeking reconsideration of the seizure warrant for the L-39 aircraft. If you contemplate additional motion practice in the civil case before March 27, 2006, please be advised that I am the lead attorney in the civil forfeiture action, and I will be unavailable until that time.

                                        Sincerely,

                                        DEBORAH M. SMITH
                                        Acting United States Attorney

                                        JAMES BARKELEY
                                        Assistant U.S. Attorney

cc:    Steven E. Skrocki, AUSA
       Jodi Bradison, USAO
       Katie Voke, USAO Asset Forfeiture

                         Page 2 of 2



DORSEY & WHITNEY LLP

ROBERT C. BUNDY
(907) 257-7853
FAX (907) 276-4152
bundy.robert@dorsey.com

March 10, 2006

James N. Barkeley                                VIA FACSIMILE
Assitant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, AK 99513-7567

     Re:    United States v. Security Aviation
           3:06-CR-00022 JWS

Dear Mr. Barkeley:

     This is in response to your letter to me of March 10, 2006 regarding discovery in the
above matter.

     1.    <u>Document Scanning</u>:  You stated "Agreed," but I am not sure what you agree to.
You apparently are intent on pursuing your own schedule in scanning documents regardless of
our desire to have access to our discovery in time to meet the motions deadline.  We have no
intent of asking the court to move the motions date or the trial date.  Again we ask for immediate
access to documents taken from Security Aviation and the RBS offices so that we can select
those material to our defense.  In particular, of course, we want immediate access to:  all
documents relating in any way to the witnesses the government alluded to in the search warrant
affidavits, Robert Kane's arrest warrant affidavit, Kane's preliminary hearing, Kane's detention
hearing and Kane's bail review hearing; all documents relating to the acquisition, use,
maintenance, assembly, purchase or plans for use of the L-39 aircraft and for the rocket pods;
all documents relating to the business plans of Security Aviation or any related or affiliated
company; all documents related to the acquisition, operation, maintenance and operation of Gulf
Stream aircraft and any modifications to them.  These documents are, without a doubt, material
to our defense and we must have the earliest possible access to them.

     2.    <u>Electronic Evidence</u>:  We are pleased that every effort is being made to
accommodate us "as soon as possible."  Please advise when "possible" will occur.  We need
and expect this information at the earliest opportunity to meet our motion and trial dates.

     3.    <u>Inspection of L-39 Aircraft and Rocket Pods</u>:  We inspected the rocket pods on
March 10, 2006 under the terms of your extremely restrictive and somewhat offensive letter of
March 9, 2006.  We are currently scheduled to inspect the aircraft on Wednesday, March 15,
2006.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907

USA  CANADA  EUROPE  ASIA

Exhibit A
Page 25 of 32



James N. Barkeley
March 10, 2006
Page 2

4.    <u>Aircraft Logs</u>:  My letter did not suggest that production of the aircraft logs can be made after our inspection.  Instead, my letter clearly stated that we wished to have access to those logs no later than our inspection.  Accordingly, we expect you will make those available to us before March 15, 2006, or will have them available, together with all accompanying documentation and certifications no later than the beginning of our inspection on March 15, 2006, at 8:30 a.m.

5.    <u>Expert Reports and Brady, Bagley and Gigglio Materials</u>:  The appropriate date for provision of these materials is now.  Assuming the government will argue that the rocket pods were devices "which may be readily converted to expel a projectile by the action of an explosive or other propellant," the expert's report should state in detail the steps which the expert contends must be taken in order to "readily convert" the pods into operative destructive devices.  If the expert contends that nothing need be done to so convert the pods, then that should be stated.

6.    <u>Additional Discovery Materials</u>:  In our continuing preparation for the trial of this matter, we demand production of the following additional items that are material and necessary to our defense:

     a.    All financial records of Security Aviation, Avery & Associates, Robert Kane, Mark Avery, and any company owned or controlled by Mark Avery. This includes all bank records and files that you have obtained by Grand Jury subpoena or otherwise.

     b.    All documents in the possession of the government, including the BATF, Department of Treasury and FAA relating to the importation, certification, sales or transfer of any of the aircraft and/or rocket pods seized by the government.

     c.    All documents relating to Rob Kane's work as a employee, contractor, informant, or provider of services to any government agency, including but not limited to the FBI, CIA, and NSA.

Very truly yours,

Robert C. Bundy

cc:    Paul Stockler
       Kevin Fitzgerald
       Mark Avery



DORSEY & WHITNEY LLP

**ROBERT C. BUNDY**
**(907) 257-7853**
**FAX (907) 276-4152**
**bundy.robert@dorsey.com**

March 17, 2006

<u>VIA FACSIMILE</u>

Steven E. Skrocki                          James N. Barkeley
Assistant United States Attorney           Assistant United States Attorney
United States Attorney's Office            United States Attorney's Office
222 W. 7th Avenue, #9                      222 W. 7th Avenue, #9
Anchorage, Alaska  99513-7567             Anchorage, Alaska  99513-7567

            Re:    *United States vs. Security Aviation*

Gentlemen:

        This is to follow up my letter to Mr. Barkeley of March 10, 2006, concerning discovery in the above matter.

        Thank you for providing the documents relating to Mary C. Avery.  We also acknowledge receipt of six boxes of documents you seized from Security Aviation that you have deemed irrelevant to your investigation.  We performed a cursory inspection of the rocket pods on March 10, 2006 and the aircraft on March 15, 2006.  We, of course, reserve the right to further inspection at the direction of an expert sometime within the next 30 days.

        Other than documents which you have deemed are irrelevant to your investigation and the cursory inspections of the pods and aircraft, we have yet to receive any discovery from the government.  You have not responded to my letter of March 10, 2006.  Please call when you receive this letter so that we may discuss immediately your intentions with regard to complying with the government's discovery obligations.  I will assume if I do not hear from you by close of business that you believe a discussion would not be productive.  If I do not hear from you, I will file a motion on Monday, March 20, 2006.  We will seek expedited consideration of the motion.

                            Very truly yours,

                            Robert C. Bundy

cc:    Mark Avery
       Paul Stockler
       Kevin Fitzgerald

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 907.276.4557 • **F** 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907

USA   CANADA   EUROPE   ASIA

Exhibit A
Page 27 of 32



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

Federal Building & U.S. Courthouse          Commercial: (907) 271-5071
222 West 7th Avenue, #9, Room 253            Fax Number: (907) 271-3224
Anchorage, Alaska 99513-7567

March 18, 2006

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska
99501

Dear Bob and Allen,

This correspondence is in regard to your letters of March 10 and 17, 2006 with regard to discovery. I apologize for the delay with regard to the March 10 letter but, as you know, Jim Barkeley is handling discovery and is presently on leave. I did receive a copy of your letter mid-week and provide the following response with regard to our current status:

<u>Document Scanning</u>:

We have two individuals scanning the documents seized during the course of the search. We have another scanner on order and a third individual scheduled to assist in the scanning process. As we indicated, we are scanning the documents into a readable and searchable database which requires more time than copying or merely straightforward scanning. As you might understand, this is not a quick process. Moreover, the request for and our provision of documents relating to Mary C. Avery's passing took more time than necessary in order to locate, examine, collect and return those documents. Unfortunately, that request, and our compliance has to some degree slowed the discovery process.

We note in your letter that you request immediate access to the seized documents. If that is your desire we will make the documents available to all counsel for examination (under supervision) and copying if you wish at your expense. The documents you request under "document scanning" will be provided, consistent with the Federal Rules of Criminal Procedure, and case law. As to these we can provide these items for either review and/or copying. The L-39 manuals, in particular, are voluminous.

<u>Electronic Evidence</u>

The imaging of the electronic evidence is taking longer than originally thought due to the quantity of information. I can inform you from what I know that while some of the computers have been

E
L-3

imaged on site, and some have been imaged by the FBI. Imaging of the office servers has yet to begin. These items, due to their massive storage capability will take a significant period of time to produce. I have requested a full accounting of the items left for review and a timeline for completion of the imaging process due to me by Monday.

Aircraft Logs

I am not aware of the status of the aircraft logs or their production. If you still require access, they will be collected with the L-39 information. I will make them available as described above.

Export Reports and Brady, Bagley and Gigglio Materials

I have placed into motion two expert reports. They are in the process of being drafted. You will receive them when they are completed. With regard to your request as to how they are drafted, that is something the expert will determine.

Brady, Bagley and Gigglio material is not yet complete.

Additional Discovery Materials

Your letter requested the following materials:

1. *All financial records of Security Aviation, Avery & Associates, Robert Kane, Mark Avery and any company owned or controlled by Mark Avery. This includes all bank records and files obtained by grand jury subpoena or otherwise.*

This information is presently in the process of being scanned.

2. *All documents in the possession of the government including the BATF Department of Treasury and FAA relating to the importation, certification, sales or transfer of any of the aircraft and/or rocket pods seized by the government.*

We are in the process of collecting this information and will provide it to you when appropriate.

3. *All documents relating to Rob Kane's work as a employee, contractor, informant, or provider of services to any government agency, including but not limited to the FBI, CIA and NSA.*

As to this request, I placed that request with the CIA and FBI prior to the receipt of your letter. There is information to disclose to you and to Messrs. Fitzgerald and Stockler. I will place into motion the request for information from the NSA however the government is of the opinion that a request for "any government agency" is simply too broad. If you could narrow the focus of the request as to "any other government agency" that would be helpful. Perhaps Mr. Fitzgerald or Mr. Stockler could assist with that request.

<u>Mary C. Avery Documents</u>

Your letter of March 17, 2006 also made reference to six boxes of documents returned to your client with regard to Mary C. Avery. The reference to the boxes of documents was modified with the phrase "that you have deemed irrelevant to your investigation." Please be advised that by this correspondence that the documents were provided to Mr. Avery due to the exigency of his mother's passing and out of sympathy to that event, not because it was "deemed irrelevant to [o]ur investigation". Thus, the government advises and requests formally that you and/or Mr. Avery retain all records and documents with regard to Mary C. Avery that the government provided him during this time. We do not deem them irrelevant to the investigation and, in that light, request a response in writing certifying the retention of these documents.

And, finally, I was made aware this week that the cursory inspection of the L-39's done on March 15, 2006 was undertaken outside in the cold. I apologize for the manner of the inspection and will insure that the next inspection will be done inside the hanger. Please provide us as soon as practicable a date and time for your expert to inspect the aircraft so that the necessary staff can be mustered to facilitate the inspection indoors.

I will be in the office today until 4:00 p.m., and in again tomorrow should you wish to discuss this in further detail.

Sincerely,

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney

JAMES N. BARKELEY
Assistant U.S. Attorney

cc Kevin Fitzgerald
   Paul Stockler



ROBERT C. BUNDY
(907) 257-7853
FAX (907) 276-4152
bundy.robert@dorsey.com

March 20, 2006

<u>VIA FACSIMILE</u>

Steven E. Skrocki                         James N. Barkeley
Assistant United States Attorney          Assistant United States Attorney
United States Attorney's Office           United States Attorney's Office
222 W. 7th Avenue, #9          222 W. 7th Avenue, #9
Anchorage, Alaska  99513-7567             Anchorage, Alaska  99513-7567

Re:    *United States vs. Security Aviation and Kane*

Gentlemen:

This will confirm a telephone conversation between me and First Assistant United States Attorney Jim Goecke this afternoon at about 2:30 p.m.

1.    <u>Documents</u>:  Mr. Goecke advised that the documents seized in the search warrants of Security Aviation, Regional Protective Services and Robert Kane are about 25% scanned.  He stated that the government would permit us to inspect the documents seized in the search warrants and designate those we wish to have copied at our own expense.  As I discussed in a later conversation with Mr. Goecke and Mr. Skrocki, we will be at your office tomorrow morning, March 21, 2006, at 10:30 a.m. to begin the process.  I understand from Mr. Goecke that the scanning of the documents will continue and will be available to us in a searchable format when complete.

2.    I requested that all other documents upon which the government intends to rely, which are material to the defense, or which constitute *Brady* or *Giglio* matter also be made available for our inspection and copying along with the seized documents.  Those include FAA, BATF and customs documents relating to the aircraft or subject rocket pods.  Mr. Goecke stated that the government would make all documentary evidence producable under Rule 16 available for our inspection and copying and expected to confer with you to insure that occurs.

3.    <u>Experts</u>.  Mr. Goecke stated that the reports of the government's experts in this matter are not done and he stated he did not know how long it would be before they were done. I wish to reiterate my concern that the economic and emotion pressure on Security Aviation's families requires us to hold to the earliest possible trial date.  It is not fair to these employees and their families for the expert to delay filing of a report.  We ask that we be provided this expert report no later than March 22, 2006, only two days before the motions deadline.  In addition, Rule 16 requires that we be permitted to inspect and copy or photograph the results or reports of any physical examination or any scientific test or experiment if the item is in the government's control and the item is material for preparing the defense or the government

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 907.276.4557 • **F** 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-590"
USA  CANADA  EUROPE  ASIA

Exhibit _F_
Page _1_ of _2_



Steve E. Skrocki
James N. Barkeley
March 20, 2006
Page 2

intends to use the item in its case-in-chief at trial.  Accordingly, we need any record of any examinations or tests done by your expert or anyone with the assistance or at the direction of your expert along with the other items you are producing this week.

We note that the Order for Progression of a Pretrial Criminal Case entered in this matter requires the government to disclose *Brady* material "as soon as practical."  Accordingly, we ask that you produce all *Brady* material with the other documents.  This includes:  (1) all impeachment information relating to the witnesses to be called by the government (including, statements, memorialized or not, that are inconsistent with each other or the witness's expected testimony in anyway; records of convictions, arrests and police contacts; prior false statements by the witness in this or another investigation); (2) any information concerning motive, bias or interest of a potential witness, such as expressed or implied promises of favorable treatment by the government in any potential or actual administrative, civil or criminal proceeding or the witness's fear of adverse consequences in any financial, civil, criminal or administrative proceedings.  Among the witnesses that we wish to have this information for are John Behrens, Robert Anthony, Mark Sheets, Allen Smith, Joseph Lamonica, anyone from USA Air, including John Kirlin.

Mr. Goecke advised us that the government does not intend to produce witness statements or lists of government witnesses at any time before they are required under the Jenks Act.  We believe the government's *Brady* obligation in this case trumps the Jenks Act in many regards, including the timing of production.  We ask that you revisit that issue, but for now we understand that for meet and confer purposes, the government has refused to make any early production of Jenks material or other witness statement, even if exculpatory.

Very truly yours,

Robert C. Bundy

cc:    Mark Avery
       Paul Stockler
       Kevin Fitzgerald
       James Goecke

DORSEY & WHITNEY LLP

Exhibit A