Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:   (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | **DOCKETED** |
|---|---|
| Plaintiff, | Case No. 3:06-CR-00022-JWS-JDR-2 |
| v. | **OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION** |
| ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC., | |
| Defendants. | |

The Plaintiff has moved, on shortened time and under seal, to continue the trial in the above-captioned matter. Defendant Security Aviation, Inc. ("Security Aviation") hereby opposes the United States' Motion.

### INTRODUCTION

The government's motion to continue the trial must be denied. The motion, larded with vague references to purported "national security" concerns and detailed descriptions of cumbersome procedures, attempts to give an appearance of complexity and depth to a simple and insubstantial case that does not justify delay. Such delay would wrongfully

force Security Aviation to bear the burden of the government's own failure to devote adequate resources to this case.

More importantly, the delay sought by the government would result in severe prejudice to Security Aviation. So long as this matter is pending, Security Aviation is acting under the pall of criminal charges that are severely damaging to its business reputation. This has already resulted in adverse impact to Security Aviation's business, and consequently to the lives of its 70 employees. Security Aviation needs its day in court as soon as possible, so that it can demonstrate that the charges against it are groundless and return its employees to their livelihoods. Further delay not only puts off Security Aviation's opportunity to vindicate itself, but actively undermines Security Aviation's ability to revive its business after it does so. The motion to continue must be denied.

## ARGUMENT

I.  **LEGAL STANDARDS.**

The government's motion explicitly seeks relief from the deadlines imposed by the Speedy Trial Act under 18 U.S.C. §3161(h)(8)(A). A defendant's right to a trial within seventy days under the Speedy Trial Act is grounded in the constitutional right under the Sixth Amendment to a speedy trial. Congress's intent in enacting the Act was "to give effect to the sixth amendment right to a speedy trial." *United States v. Candelaria*, 704 F.2d 1129, 1132 (9th Cir. 1983). A primary purpose of the act is "to protect a defendant's constitutional right to a speedy indictment and trial." *United States*

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 2 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

*v. Gonzales,* 137 F.3d 1431, 1432 (10th Cir.1998). The trial deadlines in the Speedy Trial Act thus have constitutional implications, and the Defendants' interest in this right is weighty.

In order to continue the trial of this matter past the Speedy Trial Act deadline, this Court must make a finding "that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(g)(A). The Ninth Circuit has recognized on numerous occasions that the ends of justice exclusion was "intended by Congress to be 'rarely used,' and that the provision is 'not a general exclusion for every delay.'" *United States v. Jordan,* 915 F.2d 563, 565 (9th Cir.1990) (citations omitted) (quoting *United States v. Nance,* 666 F.2d 353, 355 (9th Cir.), *United States v. Martin,* 742 F.2d 512, 514 (9th Cir.1984)). Moreover, Congress intended that the "ends of justice" exclusion "be used sparingly and only when necessary." *United States v. Ramirez-Cortez,* 213 F.3d 1149, 1155 (9th Cir. 2000). The "ends of justice" exclusion "may not be invoked in such a way as to circumvent the time limitations set forth in the Act." *United States v. Clymer,* 25 F.3d 824, 829 (9th Cir. 1994). In addition, any continuance must be based on "specific factual circumstances." *Id.* An "ends of justice" exclusion under section 3161(b) is proper only if "ordered for a specific period of time and justified on the record with reference to the factors enumerated in section 3161(h)(8)(B)." *Id.*

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 3 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

## II. THE FORCED WAIVER OF SECURITY AVIATION'S SPEEDY TRIAL ACT RIGHTS WOULD BE SEVERELY PREJUDICIAL TO SECURITY AVIATION.

Congress recognized that a defendant who must wait to be tried suffers from a "magnitude of disabilities," including "severe emotional and financial strain when forced to undergo a non-speedy trial." *United States. v. Mehrmanesh,* 652 F.2d 766, 769 (9th Cir. 1981). Security Aviation will suffer from just such prejudice here if the delay sought by the government is granted.

As detailed in the Affidavit of Milton Cross, Security Aviation has lost customers because of the pending proceeding, and, so long as the proceeding continues, its viability as a business entity is threatened. *See* Exhibit A. Continued delay increases the prejudice Security Aviation will suffer. *Id.*

## III. THE DELAY SOUGHT BY THE GOVERNMENT IS UNSUPPORTABLE BECAUSE THE INFORMATION IT PURPORTEDLY NEEDS TO REVIEW APPEARS TO BE IRRELEVANT TO THE SIMPLE CHARGES ACTUALLY ASSERTED AGAINST SECURITY AVIATION.

The government charged Security Aviation with three counts related to the possession of a destructive devices:

(1) Possession of Unregistered Destructive Devices in violation of 26 U.S.C. § 5861(d);

(2) Attempted Possession of Unregistered Destructive Devices in violation of 26 U.S.C. § 5861(d); and

(3) Unlawful Transportation of Destructive Devices in violation of 18 U.S.C. § 924(a)(4) and 18 U.S.C. § 924(a)(1)(B).

These are simple charges, and the relevant issues for trial are also simple: (1) whether Security Aviation possessed a destructive device and (2) whether Security Aviation knew that it possessed a destructive device.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 4 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

In light of the charges it has actually filed, the government's attempts to justify a continuance on the ground that it must review classified information regarding Kane's previous relationships with government agencies rings hollow. Clearly, if exculpatory information exists within the referenced files, it must be produced as *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963).[1] However, the government is only under an obligation to search the classified information if "there is a non-trivial prospect that the examination of those files will yield exculpatory information." *United States v. Brooks*, 966 F.2d 1500, 1504 (D.C. Cir. 1992). The government does not provide this court with even a trivial reason for why the classified information must be searched for *Brady* material. While some documents regarding the past work of Defendant Kane may appear in "classified" archives, the government fails to provide any reason why such documents might be <u>relevant</u> to the limited charges against Security Aviation. Such documents cannot contain *Brady* material if they are not relevant to the charges at issue.

Security Aviation simply cannot see how Kane's background – from dates prior to any possible involvement with Security Aviation – could be relevant to the simple issues presented by the destructive device charges brought against Security Aviation (*i.e.* whether the pods were destructive devices and whether Security Aviation knew it).

---

[1] Again, Security Aviation is not aware of the contents of these files, and is not waiving its *Brady* rights. It must also be noted, however, that the government is also not aware of the contents of these files, and has not asserted that there is any *Brady* material – or even any relevant material – in them. The only question here is whether the review of these files can justify a four-month delay in the trial date and the involuntary waiver of Security Aviation's Speedy Trial Act rights.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 5 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Absent a specific showing why Kane's background is necessarily relevant to this case, there is no reason to grant a continuance to permit the government to review the classified materials.

Attempting to lay its desire for delay on Security Aviation's doorstep, the government relies on a March 10, 2006, letter sent by Security Aviation's counsel regarding discovery, which demanded that the government produce "[a]ll documents relating to Rob Kane's work as a employee, contractor, informant or provider of services to any government agency, including but not limited to the FBI, CIA, and NSA." Without asserting that such documents contain *Brady* information or that it intends to rely on the documents at trial, the government asserts that Security Aviation's request alone creates an "ethical imperative," justifying delay of the trial.

As noted in the Opposition filed by Defendant Kane, this issue is a red herring of the government's own creation. *See* Kane Opposition at 4-6. The government's earlier assertions regarding Kane's past, and its explicit attempts to tie these to the charges it was asserting against Security Aviation, initially led counsel to demand access to supporting documents in order to defend against these assertions. It has become clear, however, that the government's assertions at the detention hearings were both factually erroneous and irrelevant to the charges actually asserted against Security Aviation. *Id.* Now that the government's claims regarding Kane's past and his purported "exaggerations" have been debunked, and now that Security Aviation has had the opportunity to more fully analyze the government's case, it has become clear that the government's broad allegations regarding Mr. Kane's past are not relevant to the case the government has actually filed

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 6 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

against Security Aviation.[2] As such, there is no reason for a continuance (let alone a four month continuance) to allow for review of documents relevant only to Kane's background.

IV. **THE GOVERNMENT HAS FAILED TO MEET ITS OBLIGATION TO BE PREPARED TO COMPLY WITH THE SPEEDY TRIAL ACT DEADLINES AT THE TIME OF INDICTMENT, AND THE GOVERNMENT, NOT SECURITY AVIATION, SHOULD BEAR ANY PREJUDICE FROM THIS FAILURE.**

   A. **The Government Is Obligated to Adequately Prepare Its Case, And Was On Notice of the Nature and Potential Applicability of the Procedures It Presently Cites As Justification For Delay.**

The government's motion cites the provisions of the Classified Information Procedures Act ("CIPA") as if they were novel or an unexpected development in this matter. The government, however, had every reason to be aware of the nature of these provisions and their potential applicability to this case. It thus had the obligation to prepare for their effect on this prosecution, the timelines for which were established by the government when it issued the indictment.

The government is, as the prosecuting entity, charged with knowledge of the applicable provisions of the law – it cannot claim ignorance of the nature of the Classified Information Procedures Act, 18 U.S.C.A. App III. Further, the government admits that this act and the relevant procedures are outlined in the United States

---

[2] Security Aviation has withdrawn its request for these documents. *See* Exhibit B. Security Aviation's Motion to Compel is not directed toward production of such documents, and Security Aviation clarifies that it no longer seeks access to them.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 7 of 16

Case No 3:06-CR-00022-JWS-JDR-2

Attorney's Manual, of which it again must be presumed to be aware. Moreover, the government had reason to know that these procedures could be implicated in this case prior to the indictment. In the government's search warrant applications filed on February 1, 2006, the FBI agent's affidavit cited statements of several witnesses that Kane said he had worked for the government in intelligence capacities. The government was on notice of the existence of Kane's relationship with government agencies that could fall within the ambit of the CIPA at the time it indicted Security Aviation.

The government is responsible for planning its prosecution of criminal matters so that they can be completed within the timelines imposed by the Speedy Trial Act. Indeed, the Act specifically precludes granting an ends of justice sought due to "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the government." 18 U.S.C. § 3161(h)(8)(C). This Court is expressly prohibited from granting a continuance based on the government's failure to adequately prepare. Having known of the potentially classified information it now discusses, the discovery obligations it now relies on, and the purportedly "complex" procedures it now cites at the time of the indictment, the government clearly bears the burden of dedicating the necessary resources to be able to properly litigate the case within the Speedy Trial Act

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED
STATES TO CONTINUE TRIAL DUE TO
COMPLEXITY CAUSED BY CLASSIFIED
INFORMATION
Page 8 of 16

<u>UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION</u>

Case No 3:06-CR-00022-JWS-JDR-2

deadlines. The government's failure to have met these obligations does not in any way justify a continuance at Security Aviation's expense.[3]

### B. The Government's Purported Inability To Obtain An Expert Witness Does Not Justify A Continuance, Especially Where The Government Obtained and Relied Upon Expert Opinions In Preparing the Search Warrants.

The government has claimed that it may be unable to obtain an expert witness within the time constraints of the Speedy Trial Act, and asserts that this justifies a continuance under the ends of justice exception. The notion that the government cannot arrange for the assistance of an appropriate munitions expert in a timely manner is not entirely credible, given the government's previous reliance on such expert opinions in this matter. More importantly, such a failure is the government's responsibility, and cannot be a basis for imposing further prejudice on the defendants.

The indictment of Security Aviation alleged that the rocket pods were "destructive devices." The statutes under which the government charged Security Aviation specifically require a showing that the item in possession is in fact a "destructive device." *See* 26 U.S.C. § 5861(d), 18 U.S.C. § 924(a)(4), and 18 U.S.C. § 924(a)(1)(B). In short,

---

[3] In fact, the government has failed to dedicate the necessary resources to this matter from the beginning. As demonstrated in Security Aviation's Motion to Compel, the government has failed to provide necessary discovery even where there is no claim that the documents involved implicate the procedures of the CIPA. *See* Security Aviation's Motion to Compel at 4-5. The documents that the government has failed to produce include Security Aviation's own documents and computers that were seized by the government, and other documents for which no claim of "classified" status has been made. *Id.*

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 9 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

the government knew at the time of indictment that it would have to establish, as an element of the offense charged, that the pods were "destructive devices."

The government cannot credibly claim that it was unaware of the potential need for expert assistance with respect to the devices. The government in fact obtained the opinions of such experts, and has relied on them in hearings and in its applications for search warrants and Kane's arrest warrant. The government, in short, had every reason to know that it would need expert assistance with respect to the pods, and in fact actually obtained such assistance <u>prior to seeking search warrants</u>.[4]

In this light, the government's present claim that a continuance is justified by its purported need for additional time to prepare to present just such expert testimony at cannot be given credence. Again, Security Aviation does not know what the government's previous experts said. We do know, however, that the government previously asserted that it had access to appropriate munitions experts, relied on these assertions in obtaining search warrants prior to the indictments in this matter, and clearly knew that it could need the assistance of such experts in preparing to try this case. In the face of the government's previous access to and reliance on experts, and its knowledge that expert testimony could be at issue, it would be manifestly unfair to grant the government a continuance to remedy its own failures to prepare its case in this regard.

---

[4] Again, as noted in the Motion to Compel, neither these expert reports nor any information regarding them has yet been produced to the defense, despite specific request.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 10 of 16

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

V. **THE DELAY SOUGHT BY THE GOVERNMENT IS UNSUPPORTABLE BECAUSE, EVEN IF IT IS APPLICABLE, THE PROCEDURE THE GOVERNMENT DESCRIBES IS NOT AS COMPLEX OR UNUSUAL AS IT ASSERTS, AND THE GOVERNMENT HAD THE ABILITY AND THE OBLIGATION TO PLAN FOR THIS PROCEDURE PRIOR TO INDICTMENT.**

The government makes no showing of why it needs a four month continuance. The government provides no affidavits or any other support for the notion that it cannot comply with the requirements of CIPA in time for trial. The government only makes broad and vague allegations about bureaucratic procedures that supposedly must be complied with. The problem is not that it is impossible to comply with CIPA in a short time frame, but that the government has not allocated the resources necessary to comply with the Speedy Trial Act. The government's motion does not make the showing necessary to grant any continuance, let alone a four month continuance.

Granting an "ends of justice" continuance pursuant to an assertion that the case is "unusual or complex" under § 3161(h)(8)(B)(ii) is reserved for extremely complex cases. *See United States v. Kamer*, 781 F.2d 1380, 1390 (9th Cir. 1986) (case was sufficiently "complex" where it involved numerous overseas documents requiring translation and more than 70 witnesses, many of whom resided in Europe); *see also United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1196-97 (2d. Cir. 1989) ("complex" case involved eight defendants and 470 counts, requiring proof of more than 2,500 separate offenses at trial); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1987) ("complex" case involved factually intricate wire fraud and embezzlement scheme, six defendants, and thousands of financial documents); *United States v. Daniels*, 631 F. Supp. 602 (N. D. Ill. 1986) (case required review of 1,000 hours or more of tape-recorded conversations

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 11 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

and 32 witnesses, and defense counsel consented). Even if CIPA is implicated, this case simply does not involve the requisite level of complexity.

The government asserts that the application of CIPA alone "creates a *de facto* complex case" because of the "significant and complex pretrial action" that it would necessitate. Motion at 14. This pretrial action consists of (1) review of the documents for discoverability, (2) a pretrial conference, (3) determination of protective orders, and (4) an additional notice requirement regarding intent to use "classified information." This Court, however, routinely deals with sealed proceedings involving sensitive information in many contexts (e.g. criminal matters involving sealed mental health records, civil matters involving trade secrets, etc.). All such matters require pretrial procedures similar to those described above – this does not in and of themselves, however, render the matters "complex" within the meaning of the Speedy Trial Act exception. Determining the appropriate scope of a protective order, for example, is something this Court does routinely, and, once its terms are settled, compliance with it is not "complex." Dealing with such familiar pre-trial concepts as described in the government's motion does not render the matter "*de facto* complex."

The only thing that is adding time to the government's preparation of its case is its purported need to review "hits" from the various agency documents. This, however, is not a matter of complexity, but rather a matter of the government's failure to dedicate the appropriate resources to its pretrial preparations. The Defendants should not bear the burden of the government's failure to prepare.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 12 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

VI. **GRANTING A CONTINUANCE WOULD ALSO NOT BE IN THE INTEREST OF JUSTICE BECAUSE IT WOULD UNJUSTLY REWARD THE GOVERNMENT FOR ITS FAILURE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS.**

As of the date of this filing, the government has provided Security Aviation with little meaningful discovery and has failed to comply with its discovery obligations.[5] The government's failure to comply with its discovery obligations resulted in Security Aviation filing a motion to compel discovery on March 22, 2006, which Security Aviation incorporates herein by reference. The only change from the filing of the Motion to Compel is that on Friday, March 24, 2006, the government permitted each counsel or paralegal to independently review documents seized by the government. Even under this new arrangement, the pace of review is painstakingly slow. Other than providing this somewhat quicker access to evidence seized by the government, the government has failed to provide much of the discovery sought in the motion to compel. Most notably, the government has failed to provide any records relating to the rocket pods seized by the government expert reports or summaries, and exculpatory evidence under *Brady, Bagley*, and *Giglio*. The government cannot be rewarded for this behavior with a continuance.

The government decided to initiate the prosecution against Security Aviation. Now, the government refuses to allocate the resources to the case to comply with it obligations under Rule 16 and *Brady*. Under these circumstances a continuance is not in the interests of justice and cannot be granted. Instead, Security Aviation should receive a

---

[5] The parties continue to work cooperatively toward resolving these disputes.

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION

Page 13 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

trial as soon as possible. This court should also order that the government is precluded from introducing any evidence that was not provided to Security Aviation in time to make effective use of such evidence.

## VII. There Appears To Be No Reason to Seal the Briefing or Hearing

In its March 22, 2006 order, the Court instructed the defendants to set out their views in their response to the government's motion on whether the briefing regarding the government's motion to continue the trial should remain under seal and whether the hearing set by this court for 9:30 a.m. on April 14, 2006 should be closed to the public. Security Aviation does not believe that anything raised in the government's motion to continue the trial requires that the briefing be sealed. The government's briefing does not disclose any classified or sensitive information, and it is thus unlikely that a hearing on the motion will disclose any classified or sensitive information. Security Aviation sees no reason on the face of the pleadings for these proceedings to be sealed.[6]

## CONCLUSION

It was the government's decision to indict Security Aviation and trigger the Speedy Trial Act's clock. There was no rush to indict Security Aviation, a corporate

---

[6] The lack of any specific confidential information in the motion and exhibits filed by the government suggests again that the government's real purpose in filing the motion under seal is to give a simulacrum of substance to the purported need for CIPA procedures. References to classified information and citations to the Classified Information Procedures Act (CIPA), however, are not themselves disclosures of classified information.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 14 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

entity that could not flee. The Speedy Trial Act's seventy day deadline is a long established statutory right that is grounded in the Sixth Amendment. The government was well aware of the consequences of indicting Security Aviation at the time it decided to do so. Now, instead of complying with the deadline that it set in motion itself, the government is attempting to circumvent that deadlines by making vague references to exculpatory classified information and summarizing bureaucratic procedures. The government's request for a continuance is unsupportable. It also threatens Security Aviation's constitutional right to a resolution of the government's charges. The motion must be denied.

DATED this 30th day of March, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:/s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 15 of 16

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of March, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, Alaska 99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska 99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma 73533

Michael R. Spaan
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska 99501

by first class regular mail.

By:   /s/ Allen F. Clendaniel
      Robert C. Bundy, ABA #7206021
      Allen F. Clendaniel, ABA #0411084
      Dorsey & Whitney, LLP

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION OF THE UNITED STATES TO CONTINUE TRIAL DUE TO COMPLEXITY CAUSED BY CLASSIFIED INFORMATION
Page 16 of 16
4843-3750-7328\1 3/30/2006

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2