DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
        james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:06-cr-022-JWS |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT SECURITY AVIATION, INC.'S MOTION TO COMPEL DISCOVERY |
| vs. | |
| ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC., | |
| Defendant. | |

COMES NOW the United States, by and through counsel, and hereby

opposes Defendant Security Aviation, Inc.'s Motion to Compel Discovery.

## A. __BACKGROUND__

1. **The Universe of Documents And Other Evidence Seized Pursuant to Search Warrants on February 2, 2006**

Under the "Background" section of its Motion, Defendant Security Aviation, Inc. ("SAI") correctly notes that on February 2, 2006, federal search warrants were executed at SAI's South Airpark Drive offices at the Ted Stevens Anchorage International Airport, at its hangar in Palmer, and at the offices of Avery & Associates, Regional Protective Services, and related companies in Anchorage. A federal search warrant was also executed that same day at the Eagle River residence of codefendant, Robert F. Kane. A vehicle belonging to Mr. Kane, situated on the residence premises, was also searched that day.

Pursuant to those search warrants, approximately 140 large envelopes and 4 banker's boxes of documents were seized from the South Airpark facility. 11 banker's boxes and 23 envelopes were seized from the Palmer hangar. 140 envelopes and 40 banker's boxes of documents were seized from the "C" Street location, and 36 envelopes and 2 banker's boxes of documents were seized from the Magnaview Drive residence and vehicle of Defendant Kane in Eagle River. As of March 30, 2006, approximately 17,000 pages of these documents have been scanned and produced to the Defendants. An estimated additional 75,000 pages of

U S v. Kane, et.al.
3:06-cr-022-JWS

-2-

seized documents remain to be scanned and produced in a comprehensive,

searchable database format.

In addition, 9 computers were seized from the Magnaview residence and the

Kane vehicle; the contents have been imaged and the computers have been

returned to counsel for Defendant Kane. Exh. 5. Similarly, 4 computers and other

storage devices were seized from the "C" Street location; they, too, have been

imaged and returned to counsel for SAI. Exh. 6.

## B. SAI's OUTSTANDING DISCOVERY REQUESTS

The United States hereby addresses each of the discovery requests which

SAI is using as the basis of its Motion to Compel Discovery (pp. 2-3, SAI's

Memorandum in Support of Motion to Compel Discovery):

1. **"Documents seized from the premises of Security Aviation and its affiliated company RPS."**

As to these documents, the United States is in full compliance with its
discovery obligations, under Rule 16 and otherwise. While it is true that
documents "obtained from" or "belonging to the defendant" (Rule 16(E)(iii)) must
be produced upon request, discoverable documents must still somehow constitute
relevant evidence under Federal Rule of Evidence 401. The vast majority of
documents seized pursuant to the above-referenced search warrants - perhaps as
much as 90% or more of the seized documents - are not relevant to the charges
framed by the Indictment. Instead, they were duly seized for investigative
purposes pursuant to the search warrants. At this time, the United States has made
every effort to aggressively review the documents, locate documents which are
relevant to the charges in the Indictment, and specifically provide them to the

U S v. Kane, et.al.
3:06-cr-022-JWS

-3-

defense, outside and in advance of the ongoing comprehensive production of all the seized documents.

The government recognizes that even though most of the seized documents do not pertain directly to the charges in the Indictment, they are records of importance and utility to SAI. Therefore, from the outset, the United States has informed counsel of its intention to scan all of the documents into a searchable database and provide them to the defense, with the highest priority for scanning being given to documents seized from Mr. Kane's Eagle River residence, since he was an individual Defendant, and particularly since he was at that time in custody. All documents seized from Defendant Kane's residence and Defendant Kane's vehicle have been scanned into a searchable database and have been produced to all defense counsel. It should be noted that there was no objection to the government affording production priority to the Kane materials; counsel simply objected that it was taking too long to scan and produce the materials seized from the "C" Street, Airpark Drive and Palmer hangar locations.

The United States has now completed the scanning of all documents seized from the Airpark Drive location, and they will be produced to the defense on March 31, 2006. Together, the scanned documents, already produced, from the Kane residence, Kane's vehicle and the Airpark Drive location constitute approximately 17,000 pages of material. The documents themselves remain available for inspection and copying pursuant to agreement of the parties. Exh. 1. Furthermore, the United States voluntarily culled e-mails and other documents, directly pertaining to the alleged purchase of the rocket pods, from the records of an SAI employee found at the Airpark Drive location and from the laptop computer seized from Kane's vehicle, and has given them to the defense. These documents will likely be used in the government's case-in-chief.

With regard to documents seized from the other two locations - "C" Street and the Palmer hangar - they have been available for inspection and copying by the defense since March 21, 2006, pursuant to a signed agreement with defense counsel. Exh. 1. In the meantime, the United States continues to scan, using two scanners, and starting tomorrow a third, all the documents into the ongoing searchable database. Furthermore, since it may take weeks to complete scanning, the United States has allowed defense counsel free access to the documents, pursuant to the parties' agreement reflected in Exh. 1. Defense counsel have been making copy requests of selected documents, even in advance of their production as part of an overall database encompassing all the search locations. Exh. 2. The

U S v. Kane, et.al.
3:06-cr-022-JWS

FBI has devoted a night crew to making copies overnight and then producing the copied documents the following morning. Some documents have simply been returned, if they are needed immediately by SAI. Any such documents are assessed for relevance and evidentiary value, and they have either been copied and given to defense counsel, or simply returned. See, e.g., Exh. 3 and 4.

In summary, all of the documents in this category (seized from the SAI premises and Defendant Kane's residence) have been: 1) scanned and produced, or 2) made available for inspection, and copying by the government upon request. Documents are being returned whenever appropriate.

2.    **"Documents relating to the witnesses the government alluded to in the search warrant affidavits, Robert Kane's arrest warrant affidavit, Kane's preliminary hearing and detention hearing and Kane's bail review hearing."**

SAI is not seeking relief as to this category of documents. (See pp.

10-12 of Memorandum in Support of Motion to Compel Discovery.)

3.    **"Electronic evidence seized from Security Aviation and its affiliated companies."**

The United States has imaged any electronic evidence seized pursuant

to the search warrants, and has already returned the computers and other electronic

storage devices to the defense. See Exh. 5 and 6. This satisfies both Rule 16 and

any *Brady/Bagley/Giglio* obligations that may pertain to this category of evidence.

4.    **"Inspection of the L-39 aircraft and rocket pods."**

As conceded by defense counsel, defense inspection of the aircraft

and the rocket pods has already occurred. In fact, the rocket pods were inspected

U S v. Kane, et.al.
3:06-cr-022-JWS

-5-

on March 10, 2006, and the aircraft on March 15, 2006, more than a week before

the Motion to Compel was filed.  By agreement of the parties, the aircraft and

rocket pods remain available for further inspection in preparation for trial.

> 5.    **"Aircraft logs of the L-39 aircraft, including all documents
> referring to modifications or alterations rendering the aircraft
> systems inoperative."**

Since March 21, 2006, all of the L-39 aircraft logs have been

available for inspection, review and copying by the defense.  A paralegal for SAI

has conducted a review, albeit preliminary, of documents seized from the Palmer

hangar, which appear to contain the aircraft logs (e.g. Exh. 9), Czech and Nigerian

Air Force technical manuals and other information pertaining to the aircraft.

> 6.    **"Expert reports consisting of a written or recorded summary of
> any opinion rendered to the government by any expert on the
> issue of whether the rocketpods seized by the government are
> destructive devices as charged by the government."**

On March 30, 2006, the United States received the report of Mr. Earl

L. Griffith II, expressing his expert finding that (based upon his experience,

knowledge, research, and testing) that each of the two rocket pods seized in this

case constitutes a "destructive device" as charged by the Indictment.  Exh. 10.

This report was immediately produced to the defense.

U S v. Kane, et.al.
3:06-cr-022-JWS

The United States has also informed the defense that it intends to bring an additional expert witness to Alaska. Charles Watson, a civilian munitions expert currently working at Wright-Patterson Air Force Base, is tentatively scheduled to come to Alaska to assist the government in this case during the week of April 10th. The government intends to make both Mr. Griffith II and Mr. Watson available to the defense for interviews at that time. The United States will also promptly produce Mr. Watson's expert report, which will be prepared before his departure from Alaska, to the defense.

7.    **"Exculpatory material consisting of all materials in the government's possession favorable to Security Aviation and material to guilt or innocence or punishment, including, but not limited to (a) physical and documentary evidence bearing on the history and status of the subject aircraft pods (such as may be present in the files of the BATF, FAA, or other government agency); (b) all documents received from or observed in the possession of any person regarding any demilitarization of the subject rocket pods; (c) all impeachment information concerning the witnesses to be called by the government and (d) any information concerning motive, bias, or interest of a potential government witness."**

The defense concedes that this court's February 27, 2006, Order requires the government to produce *Brady* material "as soon as practicable". The defense's request for this material is a generalized one for "*Brady*, *Bagley* and *Giglio* materials" (Pg. 5, Memorandum in Support of Motion to Compel

U S v. Kane, et.al.
3:06-cr-022-JWS

-7-

Discovery), materials which are expansively argued by the defense to include impeachment evidence in the form of witness statements - even those "otherwise protected from pre-trial discovery by the Jenks Act". (Pg. 9, Memorandum in Support of Motion to Compel Discovery).

While the government does not agree with SAI's expansive interpretation of the government's *Brady* obligations, particularly at this relatively early point in these proceedings, this is an obligation, rooted in due process, which the government takes very seriously. To that end, the government hereby represents to the court that it has undertaken aggressive efforts to isolate and produce to the defense any such material. The government realizes that this is an ongoing obligation. Due process only requires that disclosure of exculpatory material be made in sufficient time to allow the defendant to make effective use of it. LaMere v Risley, 827 F.2d 622, 625 (9th Cir. 1987). The cases cited by the defense require nothing more. For example, the defense relies upon United States v Lehman, 756 F.2d 725 (9th Cir. 1985) (Memorandum in Support at page 9). However, even Lehman only requires that *Brady* material be produced at a time sufficient to allow the Defendant to use it effectively. Furthermore, this circuit distinguishes between specific requests for *Brady* material, and general *Brady* requests. Lehman

U S v. Kane, et.al.
3:06-cr-022-JWS

-8-

involved a specific request. In this case, the defense has only made a general

request. Under such circumstances the United States is not required to guess at its

*Brady* obligations at this stage of the proceedings. Even so, the United States has

already produced to the defense the key communications between the persons

allegedly involved in the purchase of the rocket pods, and any documents which

were provided to the government by those witnesses. Some of what these

witnesses said - or didn't say - in interviews may constitute *Brady* or impeachment

material. No later than April 3, 2006, the United States will provide FBI 302s

concerning those key witness interviews, conducted here in Alaska, to the

defense. Interviews of these and other witnesses were conducted elsewhere,

concerning the rocket pods which are the subject of the Indictment: FBI 302s of

those interviews have been produced. The government has made every effort to

locate the seized documents likely to constitute proposed trial exhibits, and has

turned them over to the defense. Exh. 7, 8 and 9.

   The other two Ninth Circuit authorities cited by the defense, United States

v. Strifler, 851 F.2d 1197 (9th Cir. 1988) and United States v. Shafer, 789 F.2d 682

(9th Cir. 1986), do not require *Brady* production at this time. Nevertheless,

because the government has interviewed one or more witnesses whose statements

may, if true, constitute *Brady* and/or impeachment material, the United States has

already made those statements available to the defense.  At this time, however, the

defense is doing nothing more than asking the government to guess what else

might ultimately be *Brady* information, and produce it now, which is

unreasonable, at least for due process purposes.  As expressed by the Second

Circuit in United States v. Coppa, 267 F.3d 132 (2nd Cir. 2001):

> ...the prosecutor must disclose "material" (in the *Agurs/Bagley* sense)
> exculpatory and impeachment information no later than the point at
> which a reasonable probability will exist that the outcome would have
> been different if any earlier disclosure had been made... we have
> never interpreted due process of law as required more than that *Brady*
> material must be disclosed in time for its effective use at trial.

> \* \* \*

> [T]he prosecution, which alone can know what is undisclosed,
> must be assigned the consequent responsibility to gauge the likely net
> effect of all such evidence and make disclosure when the point of
> 'reasonable probability' is reached [citations omitted].

## C.    CONCLUSION

The United States has satisfied each of the discovery requests underlying

the Motion to Compel.  In addition, the United States has already provided, as a

precaution, information about the conduct charged by the Indictment which may

implicate *Brady/Bagley/Giglio*.  There is no discovery to compel; the Motion

should be denied.

U S v. Kane, et.al.
3:06-cr-022-JWS

RESPECTFULLY SUBMITTED this 30th day of March, 2006 at

Anchorage, Alaska.

DEBORAH M. SMITH
United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
James Kee, & Paul Stockler.

s/ James Barkeley

U S v. Kane, et.al.
3:06-cr-022-JWS

## TABLE OF CONTENTS

Exhibit 1        Discovery Protocol Agreement

Exhibit 2        Attorney Bundy's Copy Request

Exhibit 3        Receipt of Property Returned to Robert Bundy

Exhibit 4        Receipt of Property Returned to Robert Bundy

Exhibit 5        Receipt of Property Returned to Robert F. Kane

Exhibit 6        Receipt of Property Returned to Security Aviation

Exhibit 7        Receipt for Copies of Discovery - Fitzgerald & Stockler (7 pages)

Exhibit 8        Receipt for Copies of Discovery - Bundy (11 pages)

Exhibit 9        Copy of The Standard Aircraft Log

Exhibit 10       Report of Technical Examination by Earl L. Griffith II

## Discovery Protocol Agreement

The United States is providing access to all material now in its possession seized by the United States during January 2006 from: (1) 3230 C Street, Anchorage, Alaska; (2) 801 E. Cope Industrial Way, Palmer, Alaska; (3) 6121 South Airpark Place, Anchorage, Alaska; (4) 6212 Magnaview Drive, Eagle River, Alaska; (5) the Chevrolet Tahoe, Alaska license plate ESS580; and (6) other Rule 16 discovery material in the possession of the United States to counsel for Robert F. Kane and to counsel for Security Aviation, Inc. for the purpose of inspection and copying. The United States is providing equal access to all material seized from the above-referenced locations simultaneously to counsel for both defendants in an effort to expedite the discovery process and with the understanding that each defendant waives any claim of privacy or privilege as to the other. The United States understands that any and all such waivers between the defendants consistent with this Agreement do not apply to the United States.

The United States is providing access to the above-referenced material at the United States Attorney's Office during the business week from the hours of 8:00 a.m. to 12:00 p.m. and 1:00 p.m. to 5:00 p.m. Jodi Bradison at the United States Attorney's Office will be the point of contact to schedule appointments within this time period. All reviews of the material by counsel for the defendants will be conducted in the presence of one or more representatives from the United States government. The review will be performed one inventory item at a time. The United States Attorney's Office will copy any documents marked for copying by the reviewers as quickly as possible at the defendants' expense at the established copy cost for discovery. Consistent with the policies of the United States Attorney's Office, all reviewers will be escorted at all times while in the United States Attorney's Office. All reviewers will not take any bags, brief cases, or other containers into the review room. All reviewers shall allow the monitors to check any papers or notepads *without reading them* removed from the review room to ensure that no items of evidence are inadvertently removed from the review room. Laptop computers without scanners are permissible.

The undersigned counsel acknowledge and agree to the terms of this discovery protocol agreement on behalf of each indicated defendant.


ROBERT BUNDY                              Date 3/31/06
Counsel for Security Aviation, Inc.


PAUL STOCKLER                            Date 3/31/06
Counsel for Robert F. Kane


Exhibit __1__

SADLAND BOR
ALL

1, 2, 3, 5, 7, 10, 11, 12, 15, 16, 17, 18, 20, 22 & 23

WE CAN SEND THIS OVER ON CD
IT HAS BEEN SCANNED

C St- copy
copy

222 - all
221 - all
229 all
230 all
216   all
213   all
212   all
206  copy
205      all
204     "
20     "
198    "

113 - all
112 - part
110 - all
104 - all
103 - all
102 - part
99 - part
98 - all

187 - all
182 - part
174 - part
173 - part
162 - all
160 - part
154 - copy all
127 - all
125 - all
120 - all
119 - missing
118 - no
112 - all

C Street

11 - Palmer
L - 39C albatross notebook

10 - 1 notebook

9 entire box
8 entire box

BOX ?

16 all
52 part
24 all
25 all
26 part
27 part
52 part
35 part
38 all
#7
#6
#4
52 part

REQUEST

Exhibit  2

FD-597 (Rev 8-11-94)                                              Page _____ of _____

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _____

On (date) _____3/16/06_____        item(s) listed below were:
                                             ☐ Received From
Koni                                         ☒ Returned To
Connie EllSWORTH                             ☐ Released To
(Name)___Robert Bundy -276-4557_____         ☐ Seized

(Street Address)___1031  w. 4th  Aue_____

(City)_____Anch_____

Description of Item(s): _____

3230 C St.-Item 39-MCA Trust on "06" records;MCA Trust #1; MCA Accounts Payable E-2004

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                                                     Exhibit  3

                              3/3/06

Received By: _____   Received From: _____ USAO
                    (Signature)                          (Signature)

FD-597 (Rev 8-11-94)                                                      Page ___1___ of ___1___

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _____

On (date) ___3/18/06_____          item(s) listed below were:
                                                  ☐ Received From
Koni ~~Connie~~ EllSWORTH                          ☒ Returned To
                                                  ☒ Released To
(Name) __Robert Bundy - 276-4557_____        ☐ Seized

(Street Address) __1031 W 4th Ave_____

(City) _____Anch._____

Description of Item(s): _____

South Airpark Place-Item 19-LDR Engineering Services Inc. consulting agreements and resume•
South Airpark Place-Item 14-Buisness Records pertaining to FS Air•
South Airpark Place- Item 151-2004 Payroll•
South Airpark Place-*Item* 153-Paid Invoices Security Aviation 6-12 of 2004•
South Airpark Place-*Item* 158-Security Aviation Invoices•
South Airpark Place-*Item* 150-Paid Invoices of Security Aviation 1-6 of 2005•
South Airpark Place-*Item* 152-Security Aviation Paid Payables through 7/05•
South Airpark Place-*Item* 159-Flight Logs Copies 2000-end 2004•
████████████████████████ JHB

Exhibit __4__

Received By: ___Koni Olson___ 3/12/06          Received From: __SA Nally J. Sturis___ FBI
                    (Signature)                                        (Signature)

Case 3:06-cr-00022-JWS-JDR    Document 94    Filed 03/30/2006    Page 1 of 1

Page _____ of _____

I7 (Rev 8-11-94)

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _272D - AN - 14342_

On (date) __3·24·06__

item(s) listed below were:
- ☐ Received From
- ☒ Returned To
- ☐ Released To
- ☐ Seized

Name) Karla Dodge    (REPRESENTATIVE OF ROBERT F. KANE)

Street Address) _____

City) _____

Description of Item(s): 1) ALL OF THE FOLLOWING ITEMS WERE SEIZED FROM
6212 MAGNAVIEW DRIVE, EAGLE RIVER, AK ON 02/02/2006 PURSUANT
TO A FEDERAL SEARCH WARRANT. THE FOLLOWING ARE RETURNED:
1) EVIDENCE ITEM 49 (1B112) - APPLE POWERBOOK COMPUTER;
2) EVIDENCE ITEM 51 (1B114) - SONY VAIO COMPUTER;
3) EVIDENCE ITEM 48 (1B111) - APPLE I BOOK COMPUTER;
4) EVIDENCE ITEM 50 (1B113) - SONY VAIO COMPUTER;
5) EVIDENCE ITEM 44 (1B107) - HP PAVILION 700 COMPUTER;
6) EVIDENCE ITEM 46 (1B109) - DELL DCTR COMPUTER;
7) EVIDENCE ITEM 53 (1B116) - FLYBOOK COMPUTER W/CABLES;
8) EVIDENCE ITEM 57 (1B120) - FLASH MEMORY CARDS (3X);
9) EVIDENCE ITEM 55 (1B118) - SONY CASE W/7 MEMORY STICKS;
10) EVIDENCE ITEM 54 (1B117) SEAGATE 100 GB HARD DRIVE;
THE FOLLOWING ITEM WAS SEIZED FROM CHEVROLET TAHOE (AK - ESS-586)
PARKED AT THE ABOVE RESIDENCE ON 02/02/06 PURSUANT TO A FEDERAL
SEARCH WARRANT;
1) EVIDENCE ITEM 5 (1B63) - SONY LAPTOP COMPUTER. †
                    MAC
                    END.

Exhibit _5_

Received By: _Karla Dodge_        Received From: _____
              (Signature)                            (Signature)

Page _____ of _____

-597 (Rev 8-11-94)

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _272D-AN-14342_

On (date) _3/27/06_

item(s) listed below were:
- ☐ Received From
- ☒ Returned To
- ☐ Released To
- ☐ Seized

(Name) _MICHELE DROESE    (REPRESENTATIVE OF SECURITY AVIATION, INC./ R.P.S.)_
_OR AVERY & ASSOCIATES._

(Street Address) _DORSEY & WHITNEY_

(City) _____

Description of Item(s): _THE FOLLOWING ITEMS WERE SEIZED FROM 3230 C. ST.,_
_ANCHORAGE, AK, ON 02/02-04/2006 PURSUANT TO A FEDERAL_
_SEARCH WARRANT AND ARE RETURNED:_
1) _EVIDENCE ITEM 100 (1B218) - SANDISK THUMB DRIVE;_
2) _EVIDENCE ITEM 158 (1B276) - SONY VAIO COMPUTER;_
3) _EVIDENCE ITEM 93 (1B211) - D2 POCKET PC;_
4) _EVIDENCE ITEM 105 (1B223) - RIM BLACKBERRY;_
5) _EVIDENCE ITEM 207 (1B324) - DELL DIMENSION XPS COMPUTER;_
_THE FOLLOWING ITEM WAS SEIZED FROM 6121 SOUTH AIRPARK PLACE,_
_ANCHORAGE, AK, ON 02/02/2006 PURSUANT TO A FEDERAL_
_SEARCH WARRANT AND IS RETURNED:_
1) _ITEM # 110 (1B460) - FLYBOOK COMPUTER;_

_the end._

Exhibit _6_

Received By: _Michele Droese_
(Signature)

Received From: _____
(Signature)

Case 3:06-cr-00022-JWS-JDR      Document 94      Filed 03/30/2006      Page 1 of 7

** TX STATUS REPORT **                    AS OF   MAR 29 2006 10:44   PAGE.01

|    | DATE  TIME  | TO/FROM      | MODE   | MIN/SEC | PGS | JOB# | STATUS |
|----|-------------|--------------|--------|---------|-----|------|--------|
| 30 | 03/29 10:43 | 9072588751   | EC--S  | 00'22"  | 001 | 187  | OK     |
| 31 | 03/29 10:44 | 907 272 4877 | EC--S  | 00'08"  | 001 | 187  | OK     |



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253      Commercial: (907) 271-5071
Anchorage, Alaska 99513-7567           Fax Number: (907) 271-1369

March 29, 2006                                    **SENT VIA FASCIMILE**

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877

Re:    United States v. Robert F. Kane
       3:06-cr-022-JWS

Gentlemen,

    We have copied and provided discovery in this case consisting of 1 CD labeled "smoker97603 Email snapshots". This items are free of charge, but we require that whomever picks up this discovery provide our office with 1 blank CD as a replacement at the time this material is picked up.

    If you have any questions, please do not hesitate to call me at 271-5071.

                                    Very truly yours,

                                    DEBORAH M. SMITH
                                    Acting United States Attorney

                                    CHRISSY SHERMAN
                                    Legal Assistant for
                                    STEVEN E. SKROCKI
                                    Assistant U.S. Attorney

                                            Exhibit    7

RECEIVED BY: _____   DATE _____

\*\* TX STATUS REPORT \*\*              AS OF  MAR 28 2006 13:07   PAGE.01

|    | DATE  | TIME  | TO/FROM      | MODE | MIN/SEC  | PGS | JOB# | STATUS |
|----|-------|-------|--------------|------|----------|-----|------|--------|
| 25 | 03/28 | 13:06 | 9072588751   | EC--S | 00'21"  | 001 | 182  | OK     |
| 26 | 03/28 | 13:07 | 907 272 4877 | EC--S | 00'18"  | 001 | 182  | OK     |



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

OSAO
Copy

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*          Commercial: (907) 271-5071
*Anchorage, Alaska 99513-7567*               Fax Number: (907) 271-1300

March 28, 2006                                    **SENT VIA FASCIMILE**

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877

Re:    United States v. Robert F. Kane
       3:06-cr-022-JWS

Gentlemen,

       We have copied and provided discovery in this case consisting of 1 CD labeled L-39s
PODs Photos and Bates numbered pages PODS000000001-PODS000000000 These items are
free of charge, but we require that whomever picks up this discovery provide our office with 1
blank CD as a replacement at the time this material is picked up.

       If you have any questions, please do not hesitate to call me at 271-5071.

                                    Very truly yours,

                                    DEBORAH M. SMITH
                                    Acting United States Attorney

                                    *Chrissy Sherman*

                                    CHRISSY SHERMAN
                                    Legal Assistant for
                                    STEVEN E. SKROCKI
                                    Assistant U.S. Attorney

RECEIVED BY: _____    DATE _____

Case 3:06-cr-00022-JWS-JDR   Document 94   Filed 03/30/2006   Page 3 of 25 *AO*
**U.S. Department of Justice**   *copy*

United States Attorney
District of Alaska

2006 MAR 24  PM 4: 02

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253     Commercial: (907) 271-5071
Anchorage, Alaska 99513-7567          Fax Number: (907) 271-1500

. March 24, 2006

**SENT VIA FASCIMILE**

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877

Re:    United States v. Robert F. Kane
       3:06-cr-022-JWS

Gentlemen

        We have copied and provided discovery in this case consisting of 1 CD labeled:
Magnaview. These items are free of charge, but we require that whomever picks up this discovery
provide our office with 1 blank CD as a replacement at the time this material is picked up.

        If you have any questions, please do not hesitate to call me at 271-5071.


                                        Very truly yours,

                                        DEBORAH M. SMITH
                                        Acting United States Attorney

                                        *Chrissy Sherman*

                                        CHRISSY SHERMAN
                                        Legal Assistant for
                                        STEVEN E. SKROCKI
                                        Assistant U.S. Attorney


RECEIVED BY: _____        DATE 3/24/06

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:06-cr-022-JWS |
| Plaintiff, | ) <u>RECEIPT FOR COPIES OF</u> <u>DISCOVERY</u> |
| vs. | ) |
| ROBERT F. KANE, | ) |
| Defendant. | ) |

I, <u>Paul Stockler,</u> on behalf of defendant in the above-captioned action, do hereby

acknowledge receipt of the following materials disclosed pursuant to Rule 16, Fed. R.

Crim. P., hand-delivered to me on <u>March 23, 2006</u> consisting of CDs labeled:

FAA CD 001-020.

**\*\*\*ACKNOWLEDGMENT BELOW CONSTITUTES CERTIFICATION THAT THE\*\*\***
**RECIPIENT HAS VERIFIED THE ITEMS RECEIVED**
**OR WILL DO SO WITHIN 48 HOURS AND**
**\*\*\*\*IMMEDIATELY NOTIFY PLAINTIFF'S COUNSEL OF ANY ERRATA\*\*\*\***

Date: __3/24/06__          _____
                                      PAUL STOCKLER
                                 Attorney for Defendant

USAO
copy



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

_____

Federal Building & U.S. Courthouse          Commercial: (907) 271-5071
222 West 7th Avenue, #9, Room 253           Fax Number: (907) 271-1500
Anchorage, Alaska 99513-7567

March 28, 2006                                **SENT VIA FASCIMILE**

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877

Re:    United States v. Robert F. Kane
       3:06-cr-022-JWS

Gentlemen,

       We have copied and provided discovery in this case consisting of 1 CD labeled L-39s
PODs Photos and Bates numbered pages PODS000000001-PODS000000  These items are
free of charge, but we require that whomever picks up this discovery provide our office with 1
blank CD as a replacement at the time this material is picked up.

       If you have any questions, please do not hesitate to call me at 271-5071.

                                    Very truly yours,

                                    DEBORAH M. SMITH
                                    Acting United States Attorney

                                    *Chrissy Sherman*

                                    CHRISSY SHERMAN
                                    Legal Assistant for
                                    STEVEN E. SKROCKI
                                    Assistant U.S. Attorney

RECEIVED BY: _____    DATE 3-3cs-06



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

*Commercial: (907) 271-5071*
*Fax Number: (907) 271-1500*

March 29, 2006                                     **SENT VIA FASCIMILE**

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877


Re:    <u>United States v. Robert F. Kane</u>
       3:06-cr-022-JWS

Gentlemen,

        We have copied and provided discovery in this case consisting of 1 CD labeled
"smoker97603 Email snapshots". These items are free of charge, but we require that whomever
picks up this discovery provide our office with 1 blank CD as a replacement at the time this
material is picked up.

        If you have any questions, please do not hesitate to call me at 271-5071.


                                     Very truly yours,

                                     DEBORAH M. SMITH
                                     Acting United States Attorney

                                     CHRISSY SHERMAN
                                     Legal Assistant for
                                     STEVEN E. SKROCKI
                                     Assistant U.S. Attorney




RECEIVED BY: _____    DATE 3-30-06



**U.S. Department of Justice**



*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*     *Commercial: (907) 271-5071*
*Anchorage, Alaska 99513-7567*          *Fax Number: (907) 271-1500*

March 30, 2006                          **SENT VIA FACSIMILE**

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877


Re:    United States v. Robert F. Kane
       3:06-cr-022-JWS

Gentlemen,

        We have copied discovery in this case consisting of 2 folders of documents one labeled
"Allen H. Smith - Docs provided in 02/21/06 Interview" and the other labeled "James Mendenhall
- Docs provided at 3/14/06 Interview". These items are free of charge and available for pickup at
the front desk..

        If you have any questions, please do not hesitate to call me at 271-5071.


                                    Very truly yours,

                                    DEBORAH M. SMITH
                                    Acting United States Attorney

                                    CHRISSY SHERMAN
                                    Legal Assistant for
                                    STEVEN E. SKROCKI
                                    Assistant U.S. Attorney




RECEIVED BY: _____    DATE 3-30-06

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

_____

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253          Commercial: (907) 271-5071
Anchorage, Alaska 99513-7567               Fax Number: (907) 271-1500

March 29, 2006                                    **HAND DELIVERED**

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501


Re:     United States v. Security Aviation
        3:06-cr-022-JWS

Dear Mr. Bundy,

        We have copied and provided discovery in this case consisting of 1 CD labeled
"smoker97603 Email snapshots". This items are free of charge, but we require that whomever
picks up this discovery provide our office with 1 blank CD as a replacement at the time this
material is picked up.

        If you have any questions, please do not hesitate to call me at 271-5071.


                                Very truly yours,

                                DEBORAH M. SMITH
                                Acting United States Attorney


                                CHRISSY SHERMAN
                                Legal Assistant for
                                STEVEN E. SKROCKI
                                Assistant U.S. Attorney




                                                        Exhibit ___8___


RECEIVED BY: _____     DATE 3/29/06

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*        *Commercial: (907) 271-5071*
*Anchorage, Alaska 99513-7567*               *Fax Number: (907) 271-1500*

March 28, 2006

**HAND DELIVERED**

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501

Re:    United States v. Security Aviation
          3:06-cr-022-JWS

Dear Mr. Bundy,

    We have copied and provided discovery in this case consisting of 1 CD labeled L-39s PODs Photos and Bates numbered pages PODS000000001-PODS000000177. These items are free of charge, but we require that whomever picks up this discovery provide our office with 1 blank CD as a replacement at your earliest convinence

    If you have any questions, please do not hesitate to call me at 271-5071.

Very truly yours, .

DEBORAH M. SMITH
Acting United States Attorney

*Chrissy Sherman*

CHRISSY SHERMAN
Legal Assistant for
STEVEN E. SKROCKI
Assistant U.S. Attorney

RECEIVED BY: _____  DATE 3/28/06

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN REGARDS TO RECORDS ) <br> OBTAINED IN SEARCH WARRANT ) <br> 3:06-MJ-010 & 3:06-MJ-018 AS ) <br> REQUESTED AS OF MARCH 23, ) <br> 2006 ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <u>RECEIPT FOR COPIES OF</u> <br> <u>DISCOVERY</u> |

I, <u>Koni Ellsworth,</u> on behalf of Avery & Associates, do hereby acknowledge

receipt of the following materials hand delivered to me on March 27, 2006.

Copies of Wells Fargo Check Log for Mary C. Avery

***ACKNOWLEDGMENT BELOW CONSTITUTES CERTIFICATION THAT THE***
**RECIPIENT HAS VERIFIED THE ITEMS RECEIVED**
**OR WILL DO SO WITHIN 48 HOURS AND**
****IMMEDIATELY NOTIFY PLAINTIFF'S COUNSEL OF ANY ERRATA****

Date: _3/27/06_          _Koni Ellsworth_
                                    KONI ELLSWORTH

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

*Commercial: (907) 271-5071*
*Fax Number: (907) 271-1500*

March 24, 2006

**HAND DELIVERED**

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501

Re:    United States v. Security Aviation
       3:06-cr-022-JWS

Dear Mr. Bundy,

        We have copied and provided discovery in this case consisting Item 21, documents seized from Search at South Airpark Place. These items will be hand-delivered.

        If you have any questions, please do not hesitate to call me at 271-5071.

                        Very truly yours,

                        DEBORAH M. SMITH
                        Acting United States Attorney

                        CHRISSY SHERMAN
                        Legal Assistant for
                        STEVEN E. SKROCKI
                        Assistant U.S. Attorney

RECEIVED BY: _____ DATE 3/24/06

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*    *Commercial: (907) 271-5071*
*Anchorage, Alaska 99513-7567*    *Fax Number: (907) 271-1500*

March 24, 2006

**HAND DELIVERED**

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501

Re:    United States v. Security Aviation
3:06-cr-022-JWS

Dear Mr. Bundy,

We have copied and provided discovery in this case consisting of 1 CD labeled: Magnaview. These items are free of charge, but we request that you provide our office with 1 blank CD as a replacement at your earliest convenience.

If you have any questions, please do not hesitate to call me at 271-5071.

Very truly yours,

DEBORAH M. SMITH
Acting United States Attorney

CHRISSY SHERMAN
Legal Assistant for
STEVEN E. SKROCKI
Assistant U.S. Attorney

RECEIVED BY: _____    DATE 3/24/06

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253          Commercial: (907) 271-5071
Anchorage, Alaska 99513-7567               Fax Number: (907) 271-1500

March 23, 2006

                                        HAND DELIVERED

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501


Re:     United States v. Security Aviation
        3:06-cr-022-JWS

Dear Mr. Bundy,

        We have copied and provided discovery in this case consisting of CDs labeled: FAA CD 001-020. These items are free of charge, but we require that you provide our office with 20 blank CDs as a replacement. Please provide these CDs to our office at your earliest convenience. When you deliver the CDs, please have them sent to my attention.

        If you have any questions, please do not hesitate to call me at 271-5071.


                            Very truly yours,

                            DEBORAH M. SMITH
                            Acting United States Attorney

                            *Chrissy Sherman*

                            CHRISSY SHERMAN
                            Legal Assistant for
                            STEVEN E. SKROCKI
                            Assistant U.S. Attorney




RECEIVED BY: _____     DATE 3/23/06

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN REGARDS TO RECORDS ) <br> OBTAINED IN SEARCH WARRANT ) <br> 3:06-MJ-010 & 3:06-MJ-018 AS ) <br> REQUESTED AS OF MARCH 3, 2006 ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> —————————————————— ) | RECEIPT FOR COPIES OF DISCOVERY |

I, Koni Ellsworth, on behalf of Avery & Associates, do hereby acknowledge

receipt of the following materials made available to me on March 17, 2006.

Copies of 2 Boxes-Wells Fargo Check Log for Mary C. Avery

***ACKNOWLEDGMENT BELOW CONSTITUTES CERTIFICATION THAT THE***
RECIPIENT HAS VERIFIED THE ITEMS RECEIVED
OR WILL DO SO WITHIN 48 HOURS AND
****IMMEDIATELY NOTIFY PLAINTIFF'S COUNSEL OF ANY ERRATA****

Date: __3/23/06__                    _____
                                     KONI ELLSWORTH

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| IN REGARDS TO RECORDS ) | |
| OBTAINED IN SEARCH WARRANT ) | |
| 3:06-MJ-010 & 3:06-MJ-018 AS ) | <u>RECEIPT FOR COPIES OF</u> |
| REQUESTED AS OF MARCH 3, 2006 ) | <u>DISCOVERY</u> |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ——————————————— ) | |

I, <u>Koni Ellsworth,</u> on behalf of Avery & Associates, do hereby acknowledge

receipt of the following materials made available to me on March 14, 2006.

Copies of Black Binder labeled MCA Trust # 1 UBS Bank Stmts "06"
Copies of Black Binder labeled MCA Trust #1 - Qtrly & Payroll Reports FY "04"to ___
Copies of Black Binder labeled MCA Trust #1 Collins & Co. Stmts 1/04 to 12/04
Copies of Green Folder  - 2004 Accounting LACO
Copies of Green Folder  - MCA Tax & Payroll Info

**\*\*\*ACKNOWLEDGMENT BELOW CONSTITUTES CERTIFICATION THAT THE\*\*\***
**RECIPIENT HAS VERIFIED THE ITEMS RECEIVED**
**OR WILL DO SO WITHIN 48 HOURS AND**
**\*\*\*\*IMMEDIATELY NOTIFY PLAINTIFF'S COUNSEL OF ANY ERRATA\*\*\*\***

Date: ___3/15/06___                    _Toni Ellsworth_
                                       /KONI ELLSWORTH



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

*Commercial: (907) 271-5071*
*Fax Number: (907) 271-1500*

March 30, 2006

**HAND DELIVERED**

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501

Re:     United States v. Security Aviation
        3:06-cr-022-JWS

Dear Mr. Bundy,

    We have copied discovery in this case consisting of 2400 copies of times requested by your office in the attached page. The cost for copying these items is $600.00 (2400pages x $0.25/page). Please provide this amount to our office as soon as possible.
    If you have any questions, please do not hesitate to call me at 271-5071.

                            Very truly yours,

                            DEBORAH M. SMITH
                            Acting United States Attorney

                            *Chrissy Sherman*

                            CHRISSY SHERMAN
                            Legal Assistant for
                            STEVEN E. SKROCKI
                            Assistant U.S. Attorney

RECEIVED BY: _____     DATE 3/30/06

| Location | Item # | Copy All or Part |
|---|---|---|
| C St | 222 | All |
| C St | 221 | All |
| C St | 229 | All |
| C St | 230 | All |
| C St | 216 | All |
| C St | 213 | All |
| C St | 212 | All |
| C St | 206 | All |
| C St | 205 | All |
| C St | 204 | All |
| C St | 202 | All |
| C St | 198 | All |
| C St | 188 | All |
| C St | 187 | All |
| C St | 182 | Part |
| C St | 174 | Part |
| C St | 173 | All |
| C St | 162 | Part |
| C St | 160 | All |
| C St | 154 | Part |
| C St | 127 | All |
| C St | 125 | All |
| C St | 121 | All |
| C St | 116 | All |
| C St | 113 | All |
| C St | 112 | Part |
| C St | 110 | All |
| C St | 104 | All |
| C St | 103 | All |
| C St | 102 | Part |
| C St | 99 | Part |
| C St | 98 | All |
| Cope (Palmer Hanger) | 13 | Part |
| Cope (Palmer Hanger) | 16 | All |
| Cope (Palmer Hanger) | 22 | Part |
| Cope (Palmer Hanger) | 24 | Part |
| Cope (Palmer Hanger) | 25 | All |
| Cope (Palmer Hanger) | 26 | Part |
| Cope (Palmer Hanger) | 27 | Part |
| Cope (Palmer Hanger) | 38 | All |
| Cope (Palmer Hanger) | 7 | All |
| Cope (Palmer Hanger) | 6 | All |
| Cope (Palmer Hanger) | 2 | All |

2400 copies

Case 3:06-cr-00022-JWS-JDR     Document 94     Filed 03/30/2006     Page 11 of 11



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253          Commercial: (907) 271-5071
Anchorage, Alaska 99513-7567               Fax Number: (907) 271-1500

March 30, 2006

**HAND DELIVERED**

Robert C. Bundy
Allen Glendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501

Re:     United States v. Security Aviation
        3:06-cr-022-JWS

Dear Mr. Bundy,

     We have copied discovery in this case consisting of 2 folders of documents one labeled "Allen H. Smith - Docs provided in 02/21/06 Interview" and the other labeled "James Mendenhall - Docs provided at 3/14/06 Interview". These items are free of charge and available for pickup at the front desk..

     If you have any questions, please do not hesitate to call me at 271-5071.

                    Very truly yours,

                    DEBORAH M. SMITH
                    Acting United States Attorney

                    CHRISSY SHERMAN
                    Legal Assistant for
                    STEVEN E. SKROCKI
                    Assistant U.S. Attorney

RECEIVED BY: _____ DATE 3/30/06



The Standard
AIRCRAFT LOG

ASA-SA-2



AirLog Imaging LLC
"Scanned 17 Jun 05"
AST EXTRY

Exhibit 9

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Firearms Technology Branch**
**Report of Technical Examination**



|  |  |
|---|---|
|  | 244 Needy Road<br>Martinsburg, WV 25401<br><br>Phone: 304-260-1699<br>Fax: 304-260-1701 |
| **To:** | **Date:** |
| Special Agent Peter McCole<br>Bureau of Alcohol, Tobacco, Firearms and Explosives<br>222 West 7th Avenue<br>Room 547, Box 39<br>Anchorage, Alaska 99513<br>(907) 271-5701 | **UI#:** 787010-06-0400<br><br>**RE:**<br><br>**FTB#:** 2006-226-ELG |

| **Date Exhibits Received:** | **Type of Examination Requested:** |
|---|---|
| **Delivered By:** | Test, Examination, Classification |

**Exhibits:**

1. Rocket Pod Launcher, Model UB-16-57, 57mm diameter, identifying number 462017.
2. Rocket Pod Launcher. Model UB-16-57, 57mm diameter, identifying number 454079.

**Pertinent Authority:**

The Gun Control Act of 1968 (GCA), as amended, defines "firearm" to mean. in part, "...*any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive...the frame or receiver of any such weapon...[and]...any firearm muffler or silencer: or any destructive device.* (See 18 U.S.C. § 921(a) (3).)

The National Firearms Act (NFA). 26 U.S.C. § 5845(a), defines "firearm" as—

"...*(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun: (7) any silencer (as defined in 18 U.S.C., section 921); and (8) a destructive device. The term 'firearm' shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture. value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.*"

ATF Form 3311.2
Revised June 2005

Exhibit _10_

Special Agent Peter McCole

787010-06-0400
2006-226-ELG
Page 02

The NFA, 26 U.S.C. § 5845(f), defines "a destructive device" as follows:

*(1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellant charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of title 10 of the United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.*

Further, 27 CFR Section 479.24 states that—

*"... the Director shall determine in accordance with 26 U.S.C. 5845(f), whether a device is excluded from the definition of a destructive device. A person who desires to obtain a determination under that provision of law for any device which he believes is not likely to be used as a weapon shall submit a written request, in triplicate, for a ruling thereon to the Director. Each such request shall be executed under the penalties of perjury and contain a complete and accurate description of the device, the name and address of the manufacturer or importer thereof, the purpose of and use for which it is intended, and such photographs, diagrams, or drawings as may be necessary to enable the Director to make his determination. The Director may require the submission to him, of a sample of such device for examination and evaluation. If the submission of such device is impracticable, the person requesting the ruling shall so advise the Director and designate the place where the device will be available for examination and evaluation."*

As indicated in 26 U.S.C. Chapter 53,

*"...no firearm shall be imported or brought into the United States or any territory under its control or jurisdiction unless the importer establishes, under regulations as may be prescribed by the Secretary, that the firearm to be imported or brought in is - (1) being imported or brought in for the use of the United States or any department, independent establishment, or agency thereof or any State or possession or any political subdivision thereof; or (2) being imported or brought in for scientific or research purposes; or (3) being imported or brought in solely for testing or use as a model by a registered manufacturer or solely for use as a sample by a registered importer or registered dealer; except that, the Secretary may permit the conditional importation or bringing in of a firearm for examination and testing in connection with classifying the firearm."*

ATF Form    3311.2
Revised June 2005

Special Agent Peter McCole

787010-06-0400
2006-226-ELG
Page 03

Findings:

On February 2, 2006, I examined two UB-16-57 rocket launchers (referenced as Exhibits 1 and 2) at the Security Aviation, Incorporated, hanger located in Palmer, Alaska.

Exhibits 1 and 2 are each a model UB-16-57 rocket pod launcher produced for the former Soviet Union and Warsaw Pact (Bulgaria, Czechoslovakia, German Democratic, Hungary, Poland, Romania,) armed forces. Each of the rocket pod launchers had 16 launch tubes that are designed to carry S-5 folding fin aircraft rocket (FFAR)-type rockets. The rocket pod launchers are designed to be attached to universal wing pylons by two mechanical suspension yokes and are connected electrically by a plug and socket located on the top of each launcher. Additionally, each of the rocket launchers was marked with "Cyrillic" writing.

My examination of the physical characteristics of Exhibits 1 and 2 disclosed that each of the 16 launch tubes (barrels) had *a bore diameter greater than ½ inch*. I further inspected the interior of each launch tube, finding that *none had been altered* by having a hole equal to the diameter of the bore cut through one side of the launch tube on a 90-degree angle to the axis of the bore. Additionally, I found that *none of the launch tubes had an obstruction welded into the tubes* to preclude the introduction of a rocket (round of ammunition). The launch tubes were currently functional and had no visible modifications.

I performed the tests described immediately below to demonstrate that an electrical signal originating from the electronics within the aircraft could flow through the rocket pod launcher via the plug/socket connector located at the top of the launcher to the receptacle connectors located at the rear of the launcher. The result, ultimately, would be the delivery of an electrical signal through the electrical wires of loaded S-5 rockets, resulting in the rockets' ignition and launching.

On February 18, 2006, I conducted electrical continuity tests on Exhibits 1 and 2 to determine whether the electrical wiring within the two rocket pod launchers had a continuous electrical path for an electrical signal to flow. I performed these tests by checking the wiring within each rocket launcher to ensure that it was continuous, not broken, and could carry an electrical signal. I tested the electrical pins within the plug/socket connector located at the top of each rocket pod launcher to the corresponding electrical pin socket receptacle at the rear of each launcher, where the S-5 rockets plugs into each. I also tested the continuity of the plug/socket connector located on the bottom rear of the launcher to the corresponding electrical pin socket at the rear of each launcher. As a result of this testing, I was able to conclude that the electrical wiring within each rocket pod launcher had a continuous electrical path for carrying voltage through the launcher.

In summary, based on the above test and examination, I determined that the rocket pod launchers were electrically and mechanically functional and that each could be readily converted to expel a projectile by the action of an explosive or other propellant.

Special Agent Peter McCole

787010-06-0400
2006-226-ELG
Page 04

References/Research:

1. Conversations with personnel from Department of Air Force, Air Intelligence Agency.
2. L-39 maintenance manuals.
3. Jane's *Aircraft Recognition Guide*.
4. Jane's *Air-Launched Weapons*.
5. Jane's official Web site, www.janes.com.
6. Military Parade publication, *Russia's Arms*.

Conclusions:

Based upon my experience, knowledge, research, and testing, I find that Exhibits 1 and 2 are each a "firearm" as defined in 18 U.S.C. 921(a)(3) and 26 U.S.C. 5845(a)(8) and, further, that Exhibits 1 and 2 are each a "destructive device" as defined in 26 U.S.C. 5845(f).

Approved by:

Earl L. Griffith, II
Firearms Enforcement Officer

Sterling Nixon
Chief, Firearms Technology Branch

# COURT QUALIFICATIONS IN THE CASE OF

# MR. EARL L. GRIFFITH II

Employed by the U.S. Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Washington, D.C.

From October 2001 until present, performs the duties as a Firearms Enforcement Officer. These duties have included:

- Providing technical information regarding firearms identification, operation and design for the purpose of assisting the Bureau, the law enforcement community, the firearms industry, and the public in general in the implementation of the Gun Control Act of 1968 (GCA), its amendments, and the National Firearms Act (NFA)
- Conducting examinations and testing of firearms and related materials submitted as evidence by Bureau agents as well as other Federal, State, and local law enforcement agencies
- Conducting examinations and classifications of submitted prototype firearms or related devices
- Evaluating all types of firearms for import classifications
- Preparing official Bureau responses to written inquiries from the firearms industry as well as the public in general
- Conducting firearms identification training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia for Bureau agents and inspectors, other Federal agencies, and State and local law enforcement agencies
- Conducting firearms identification training seminars at Bureau Headquarters as well as in the field for Bureau agents and State and local law enforcement agencies
- Assisting the Bureau in the execution of Federal search warrants, and testifying in State and Federal Courts on behalf of the United States in firearms related prosecutions
- Assists in maintaining the ATF Firearms Reference Collection, which includes approximately 5,000 firearms of all types, and an extensive collection of books, catalogs, and official correspondence relating to the firearms field.

From 1980 until July 2000, I served in the United States Air Force and retired with an honorable discharge after twenty years of active duty. Some of these duties include:

- During my service I performed maintenance on nuclear reentry systems, guidance and control sections, missile stages, propulsion systems, and secondary ordnance devices associated with Intercontinental Ballistic Missiles (ICBM's) to include electrical testing and mechanical assemblies.

- During this service, I conducted inspections of military armories containing various firearms to include revolvers, pistols, shotguns, and semi-automatic, automatic, and destructive devices.
- That I served as a International Arms Control Inspector for over eight (8) years conducting highly intrusive, politically sensitive inspections of former Soviet Union air, sea and ground-based forces of their intercontinental ballistic missiles (ICBM), firearms, ammunition and other conventional weapons.
- That during and after these inspections that I examined, identified, classified and prepared technical reports with respect to design, size, construction, and operational capabilities of the nuclear and conventional weapons encountered at these sites.
- That I conducted inspections both domestically and in foreign countries to include Korea, Germany, Italy, Belgium, Japan, Kazakhstan, Belarus, Ukraine and Russia proper. I have over forty inspections under various International Treaties to include, Strategic Arms Reduction (START), Conventional Forces Europe (CFE), and Intermediate Range Nuclear Forces (INF) Treaties.

The following are firearms related courses and experience that I have attended since being employee by the U.S. Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF):
- Firearms Interstate Nexus Training Course, Washington, D.C.
- Advance Interstate Nexus Training, Europe
- Advanced Ammunition Nexus Training
- Visited the following Firearms factories and importers:
    1. Taurus International, Miami Florida
    2. KEL-TEC CNC Industries, Inc., Cocoa Beach, Florida
    3. Knight's Armament Company, Vero, Florida
    4. European American Armory, Sharpes, Florida
    5. Remington Ammunition Plant, Lonoke, Arkansas
    6. Fiocchi Ammunition Plant, Missouri
    7. Starline Ammunition Plant, Sedalia, Missouri
    8. Sierra Bullet Factory, Sedalia, Missouri
    9. CCI/Speer Ammunition factory Lewiston, ID.
    10. Lake City Army Ammunition Plant, Independence, MO.
    11. Federal Cartridge Company, Anoka, MN.
    12. Winchester Ammunition Factory, East Alton, IL.
- Toured the following Firearms manufacturing facilities, Proof Houses and state facilities as part of the European Firearms Interstate Nexus Training:
    1. Ceska Zbrojovka, Czech Republic
    2. Fegarmy, Budapest, Hungary
    3. Glock, Austria
    4. Walther, Germany
    5. Heckler& Koch, Germany
    6. J.P. Sauer & Sohn, Germany
    7. Liege Proof House, Belgium
    8. National Firearms Museum, Germany
    9. FN-Herstal, Germany

10. Ulm Proof House, Germany
11. Royal Armories, Leeds, England
12. Hungarian National Police Laboratory
13. Federal Office of Defense Technology and Procurement, Koblenz, Germany

- Certified Smith & Wesson SW99 and Walter P99 series pistol armorer.
- Certified Remington 870 shotgun and 700-rifle armorer.
- Certified Ruger firearms armorer.
- Certified Heckler & Koch armorer.
- Certified FN Herstal armorer.
- Firearms Range Safety Officer for the Weapons Training Battalion, Quantico Marine Base, Virginia.
- Legal training pertaining to Statues, Regulations, Rulings relating to GCA and NFA firearms laws.
- Federal Law Governing Importation of Firearms, Ammunition and Defense Articles.
- Bruel & Kjaer; Principles of Acoustic Measurement and Analysis training.

I have testified as an expert witness in the Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits in Federal and/or State court on fourteen occasions.