DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
      james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S |
| | ) | OPPOSITION TO |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | CONTINUE EVIDENTIARY |
| ROBERT F. KANE, | ) | HEARING |
| a/k/a "COMMANDER KANE," and | ) | |
| SECURITY AVIATION, INC., | ) | |
| | ) | **Filed on Shortened Time** |
| Defendant. | ) | |

      The United States hereby opposes to the defendant's Motion to Continue the

Evidentiary Hearing currently set before the court to occur on April 17, 2006 and

April 18, 2006. For the reasons set forth below the motion should be denied.

The hearing in this case was scheduled by this court on March 29, 2006. (Docket 79) Since that time, government counsel have issued subpoenas to various witnesses, tickets have been purchased and travel plans for witnesses have been made. Additionally, the government has been working with defense counsel with regard to obtaining witnesses, at its expense, and has been informing counsel for the defense as to the witnesses it intends to call and that the fact that they have been subpoenaed to attend the hearing. This process was placed into motion weeks ago pursuant to the court's order scheduling the evidentiary hearing and at the express request of the defense.

Basically, the motion to continue is based on counsel for Security Aviation's conflict with witnesses involved with the federal grand jury during the week of February 18, 2006. This conflict is no surprise. The motion states that the evidentiary hearing was set by the court while counsel was out of the country on business. The record reflects that on March 29, 2006 this court entered an order setting the evidentiary hearing for April 18, 2006. This request for a continuance, made some two weeks later, and after subpoenas have been issued and plans made, comes too late.

It is unclear why other counsel assigned to this case for Security Aviation or Robert Kane cannot satisfactorily conduct the hearing. As of last count, the

government has dealt with the following counsel for each defendant: Robert Kane: Kevin Fitzgerald and Paul Stockler.  And for Security Aviation: Robert Bundy, Allen Clendaniel, Michael Grisham, and Spencer Sneed.

    The defendant's motion also seeks support from the District Court's ruling wherein it stated that the court would be continuing the case based on the government's motion.  As indicated by the defense motion, the government will be filing with the court, inter alia, a motion to withdraw its Motion to Continue trial and will be urging the court to set trial as closely as possible to the May 3, 2006 trial date.  The government's witnesses have been subpoenaed and travel arrangements are being made. There is no reason to delay this matter based on this conflict.  In fact, the government's request for a speedy trial is directly in line with the defendant's demands for a May 3, 2006 trial.  The government has worked diligently, and in good faith to meet and exceed its discovery obligations in preparation for trial as scheduled. To that end, it is providing Jenks material this date, one week before the scheduled suppression hearings, and within the usual 7-day window before trial.  And, it is making available this week the government's expert concerning the functionality of the rocket pods for defense interview.  This witness is arriving in Alaska this week and will be examining the pods for the first time.  This witness will be available to the defense well in advance of trial.

Finally, the defendant complains of not being provided "Brady" material with enough advance notice to prepare for the evidentiary hearing. On this date, the government is providing the defense with the Jenks Act material (which they improperly characterize as Brady) of witnesses Berens, Sheets and Anthony.

While the government is sympathetic to defense counsel's schedule the basis for the motion falls short. If the commitments of counsel were "long-standing" the court could have been appraised of this issue at the time it initially set the hearing. This was not done. Six attorneys have been defending this case. For the foregoing

//

//

//

//

//

//

reasons, the motion should be denied.[1]

RESPECTFULLY SUBMITTED this <u>11th</u> day of April, 2006 at Anchorage, Alaska.

>DEBORAH M. SMITH
>United States Attorney
>
>s/ Steven. E. Skrocki
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: steven.skrocki@usdoj.gov
>
>s/ James Barkeley
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11th, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
James Kee, & Paul Sockler.

s/ Steven E. Skrocki

---

[1] The United States previously requested a non-opposition to a one-week continuance in order to prepare its responses to defendants' numerous, simultaneously filed pretrial motions. The defense refused.