**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>   vs.<br><br>ROBERT F. KANE, a.k.a.<br>Commander Kane, and SECURITY<br>AVIATION, INC.,<br><br>        Defendants. | **3-06-cr-00022-JWS-JDR**<br><br>**ORDER ON MOTION TO COMPEL<br>DISCOVERY**<br><br>(Docket Entry 52) |

Security Aviation, Inc., moves the court for an order directing the government to provide discovery and setting deadlines for production. Docket entry 52. Also filed is the affidavit of Robert Bundy in support of the motion to compel, docket entry 54, and a memorandum in support of motion to compel, docket entry 53. Co-defendant Robert F. Kane filed a joinder at docket entry 65. The motion is opposed by the government. Docket entry 94. The request for oral argument.

Docket entry 57/60 is denied as unnecessary.  Upon due consideration of the motion, the motion to compel discovery is granted in part and denied in part as stated below.

The parties have gone to great lengths to document their exchange of letters and requests for pretrial discovery in this case.  In its opposition, the government states that as of March 30, 2006, about 17,000 pages of documents have been produced to the defendants.  The government estimates an additional 75,000 pages of seized documents remain to be "scanned and produced in a comprehensive, searchable database format."  The case is set for trial by jury on May 3, 2006.

For purposes of the motion to compel, the magistrate judge focuses upon the six requests enumerated on pages 10 & 11 of Security Aviation's memorandum in support of motion to compel discovery.  Request no. 1 seeks discovery of any statement made by anyone the government believes is legally able to bind Security Aviation.

Rule 16 of the Fed.R.Crim.P. addresses the government's obligation for disclosure of a defendant's statements.  The right of discovery and inspection is limited by the rule.  For example, Rule 16(a)(1)(A) provides that upon request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant in response to interrogation by a person the

defendant knew was a government agent, if the government intends to use the statement at trial. The government is hereby directed to provide such statements in discovery with respect to oral statements made by a person the government posits has the authority to bind Security Aviation, or any relevant oral statement made by Mr. Kane.

Rule 16(a)(1)(B) provides that the government must disclose upon request any written relevant or recorded statement by the defendant if the statement is within the government's possession, custody or control, and the attorney for the government through the exercise of due diligence knows or could know that the statement exists. This rule requires the government to make such written or recorded statement available for inspection, copying or photographing. It does not provide for free copies to the defendant.

Because Security Aviation is an organization, Rule 16(a)(1)(C) is applicable. That rule provides that upon the defendant's request, the government must disclose any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement was legally able to bind the defendant (Security Aviation) regarding the subject of the statement because of that person's position as a defendant's director, officer, employee, or agent, or was personally involved in the alleged conduct constituting the offense and was legally

able to bind the defendant (Security Aviation) regarding that conduct because of that person's position.

IT IS HEREBY ORDERED that the government shall also produce the portion of any written record containing the substance of any relevant oral statement made before or after arrest if made by Mr. Kane or by a person the government contends was legally able to bind Security Aviation if the respective defendant made the statement in response to interrogation by a person the speaker knew to be a government agent.

Request no. 1 further seeks any statement made on behalf of Security Aviation that relates to knowledge or scienter of Security Aviation. This request as framed is denied as overly broad. Request no. 1 is granted and denied accordingly.

Request no. 2 seeks documents material to the preparation of Security Aviation's defense relating to the L-39 aircraft and rocket pods seized by the government. This requests cites Rule 16(a)(1)(E) which requires the government to permit the defendant "to inspect and to copy books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of such items, if the item is within the government's possession, custody or control" and is material to preparation of the defense, or the government intends to use the item in its case-in-chief or the item was obtained from or belongs to the defendant. Request no. 3 seeks documents seized by the government from the premises of Security

Aviation or its affiliated entities, Regional Protective Services and Avery & Associates. Pursuant to Rule 16(a)(1)(E), request nos. 2 and 3 are granted.

Request no. 4 seeks reports from all experts the government intends to call at trial. In response to request no. 4, the government states that it already has produced to the defense the report of Earl L. Griffith II, who is expected to testify as an expert witness on behalf of the government and that it will promptly produce voluntarily to the defendants the expert report of Charles Watson, a civilian munitions expert who is also identified as an expert witness on behalf of the government. The government's response states that it will make these experts available for interview by the defense at some undisclosed time.

Rule 16(a)(1)(F) and (G) address the government's obligations with respect to discovery of expert witnesses and their reports. Under Rule 16(a)(1)(F) the defendant is entitled to inspect and to copy the results or reports of any physical examination and any scientific test or experiment that is within the government's possession, custody or control and material to the preparation of the defense or the government intends to use the item in its case-in-chief at trial. The government shall disclose the report of Mr. Watson no later than 14 days prior to trial. Pursuant to Rule 16(a)(1)(G) the government must provide the defendant with a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Fed.R.Evid. during its case-in-chief at trial. Request no. 4 also seeks any

report from an expert known to government attorneys, or who could be known by the exercise of due diligence, with respect to an opinion of such expert that is difference or inconsistent in any way from the opinions of expert(s) the government intends to call at trial.  Any such reports should likewise be provided to the defense pursuant to this order.  *See*, Brady v. Maryland, 373 U.S. 83 (1963).

Request nos. 6 and 7 seek impeachment information pursuant to United States v. Bagley, 473 U.S. 667 (1985).  The court's February 27, 2006, order already requires the government to produce Brady material "as soon as practicable."  In its response, the government states that it will provide by April 3, 2006, FBI 302s concerning key witness interviews conducted in Alaska.  Presumably that has been done since the deadline has passed.

Brady requires disclosure of exculpatory evidence which the government is aware of and which is within its custody or control.  United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

> Under Brady, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or innocence.  Favorable evidence includes impeachment evidence.  See Giglio v. United States, 405 U.S. 150, 154 (1972).  Assuming the evidence is favorable (either exculpatory or as impeachment), failure to disclose only requires reversal if the evidence is material:  " The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

> different.   A 'reasonable probability' is a probability
> sufficient to undermine confidence in the outcome.

United States v. Gordon, 844 F.2d 1397 (9th Cir. 1988), citing, United States v.

Bagley, 473 U.S. 667, 682, 685 (1985); see also, United States v. Andersson, 813

F.2d 1450, 1458-59 (9th Cir. 1987).

      The Brady doctrine, however, is not absolute.   As stated in United

States v. Pollock, 534 F.2d 964, 975 (D.C. Cir. 1976), "Broad as this mandate may

be, it does not require that all information concerning government witnesses be

made available to the defense."  In addition, with respect to alleged Brady material

contained in Jencks Act statements, "Disclosure is generally timely if the government

complies with the Jencks Act." United States v. Anderson, 574 F.2d 1347, 1353 (5th

Cir. 1978); United States v. Martino, 548 F.2d 367, 384 (5th Cir. 1981).  The Ninth

Circuit has held that "Brady exists as an independent foundation to preserve

evidence and is not intended to override the mandate of the Jencks Act."  United

States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979) [emphasis added].

      In United States v. Jones, 612 F.2d 453, 455 (9th Cir. 1979), the court

considered a situation where defense sought materials subject to both Jencks Act

and Brady.  Concluding that the Jencks Act controls, the court stated:

> The trial court correctly ruled that the defense had no
> right to pretrial discovery of information regarding
> informants and prospective government witnesses under
> the Federal Rules of Criminal Procedure, the Jencks Act,
> 18 U.S.C. §3500, or Brady v. Maryland, 373 U.S. 83, 83

> S.Ct. 1194, 10 L.Ed.2d 215 (1963). Federal Rules of Criminal Procedure 16(a)(2) and (a)(3) exclude both "statements made by government witnesses, except as provided in 18 U.S.C. §3500 [Jencks Act]" and grand jury transcripts from the category of evidence that the defense is entitled to discover before trial. This limitation has also been extended to prohibit the pretrial disclosure of the identity of government witnesses in the absence of a showing of reasonable necessity by the defense.

The court made it clear that Brady does not overcome the strictures of the Jencks Act. When a defendant seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standard controls.

Information which the government has or with the exercise of due diligence may ascertain regarding any consideration, regard, agreement, or promise, including a grant of immunity, should be provided by the government as Jencks Act material upon timely request of the defense. Pursuant to 18 U.S.C. §3500, Jencks Act material need not be produced until after a witness has testified on direct examination in the government's case-in-chief. Any statement made by a government witness which is inconsistent with that witness's testimony, if on matters relating to this trial, shall be produced at or before trial as Jencks Act material.

Defendant's request for exculpatory information served as notice upon the prosecution of exactly what exculpatory information the defendant maintains is material to this case. Generally, it is for the government in the first instance to assess its need for confidentiality against a defendant's need to use the material in

order to obtain a fair trial.  The government is under a constitutional duty to do so on its own initiative.  United States v. Cadet, 727 F.2d 1453, 1467 (9th Cir. 1984).

Under Brady, the prosecutor is charged with knowledge of the significance of evidence in his file regardless of whether he overlooks it.  United States v. Agurs, 427 U.S. 97 (1976).  According to the government's response, various documents and information have already been furnished to defendant. Except as provided herein, I decline to order specific disclosure of information, although the government should abide by its obligations under Brady, supra.

Due process requires the government to disclose upon request evidence favorable to an accused where that evidence is material either guilt, innocence, or punishment.  Brady v. Maryland, supra.  When a defendant makes a specific request for material exculpatory information, the prosecutor must respond "either by furnishing the information or by submitting the problem to the trial judge." United States v. Agurs, 427 U.S. at 106; United States v. Lehman, 756 F.2d 725, 729 (9th Cir.), cert. denied, 474 U.S. 994 (1985).  A defendant's due process right to exculpatory information is independent of and supersedes the scope of discovery allowed under Rule 16.  See id. at 107 ("We are not considering the scope of discovery authorized by the Federal Rules of Criminal Procedure. . . .  We are dealing with the defendant's right to a fair trial mandated by the Due Process Clause.")  United States v. DeMarco, 407 F.Supp. 107, 111 n.2 (C.D. Cal. 1975) (fact that government memoranda are not discoverable under Rule 16(b) [now

16(a)(2)] cannot qualify the government's duty under <u>Brady</u>); 2 C. Wright, Federal Practice & Procedure, Criminal 2d, §254 at 81 (1982).

IT IS THEREFORE ORDERED that the government review its evidence and, if it contains information which is exculpatory under <u>Brady</u>, the prosecutor is directed to timely disclose such information to defendant.    "<u>Brady</u> does not necessarily require that the prosecution turn over exculpatory material <u>before</u> trial. To escape the <u>Brady</u> sanction, disclosure 'must be made at a time when disclosure would be of value to the accused.' <u>United States v. Davenport</u>, 753 F.2d 1460, 1462 (9th Cir. 1985); <u>see</u> <u>also</u>, <u>United States v. Shelton</u>, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving a fair trial), <u>cert.</u> <u>denied</u>, 442 U.S. 909 (1979)." <u>United States v. Gordon</u>, <u>supra</u>.

The government states that it intends to scan all of the seized documents into a searchable database and provide them to the defense.  The government's opposition describes the efforts being made by the government to scan all documents and make them available for inspection and copying.  The response does not indicate when the government expects to conclude its scanning of documents and making them available to the defendants.  In light of the present trial date, the government should produce all documents and tangible materials

pursuant to this order no later than April 24, 2006.[1]  Failure to provide timely discovery as ordered by the court is likely to subject the government to preclusion from using such evidence a trial.

DATED this 10th day of April, 2006, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

[1]  The government has filed a motion to continue the trial.  Docket entry 63.