D. John McKay, Esq.
Law Offices of D. John McKay
117 E. Cook Ave.
Anchorage, Alaska  99501
Phone:  (907) 274-3154
Fax:     (907) 272-5646
Alaska Bar No. 7811117
Attorney for Anchorage Daily News
  and for KTUU-TV, Channel 2 News

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  ) | Case No. 3:06-cr-00022-JWS-JDR |
| Plaintiff,  )<br>  ) | |
| v.  )<br>  ) | **ANCHORAGE DAILY NEWS** |
| ROBERT F. KANE, a/k/a  )<br>"COMMANDER KANE," and  )<br>SECURITY AVIATION, INC.,  )<br>  ) | **AND KTUU-TV MOTION AND**<br>**MEMORANDUM IN SUPPORT OF**<br>**ACCESS TO EXHIBITS** |
| Defendants.  )<br>  ) | |

KTUU Channel 2 News ("KTUU") and Anchorage Daily News (collectively referred to herein as the "Press"), by and through undersigned counsel, hereby request that the court order the United States Attorney, counsel for Plaintiff, to immediately provide to the Press, or make available to the Press for inspection and copying, the exhibits introduced and admitted into evidence in the preliminary hearing begun in this case on or about February 7, 2006 (the "Exhibits").  This request encompasses all admitted exhibits, including but not limited to those numbered 1 through 17 on the court's List of Exhibits (Dkt. 8).

Ideally, the Exhibits should simply be available for copying through the clerk's office, as would traditionally have been the case. However, the Press is informed that although the exhibits

were admitted into evidence, and utilized in proceedings in this case occurring in open court, due to court rules and procedures the clerk has not retained the exhibits or copies thereof. Instead, the United States Attorney's office, as proponent of the Exhibits, was given back and retains custody of the Exhibits. The fact that the U.S. Attorney, as the party proffering the exhibits, has been given physical custody of these court exhibits, does not change their status as judicial records subject to presumptive disclosure.

The Government does not oppose this request for press and public access to the Exhibits. See, accompanying April 14, 2006, Declaration of Counsel. The Press is unaware of any opposition on the part of Defendants; however, the defense has failed to respond with a position that could be communicated to the court as part of this application. *Id*. Notwithstanding its non-opposition to releasing these Exhibits, the U.S. Attorney's office has refused repeated requests to make them available to the Press without requiring the Press to incur the cost and delays associated with motion practice. Instead, it says it is erring on the side of caution, due to this court's remarks admonishing counsel for both parties to follow rules concerning publicity. *Id*.

Nothing in these rules precludes disclosure of exhibits that have been admitted into evidence and used in open court proceedings. Further, regardless of the position of the parties, the Press and public have a presumptive First Amendment and common law right of access to these documents. This right of access was discussed in the Press's March 30, 2006, Memorandum in Support of Government's Motion to Unseal Search Warrant Documents, and these arguments and authorities are incorporated by reference here.

In addition to the U.S. Supreme Court, Ninth Circuit, and other authority cited in the incorporated briefing, concerning the Press's presumptive right of access to judicial proceedings and documents, additional cases address the issue of exhibits directly. "Once ... evidence has

become known to the members of the public... through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction." United States v. Myers (In re Nat'l Broad. Co.), 635 F.2d 945, 952 (2d Cir. 1980). In Valley Broadcasting v. U.S. District Court, 798 F.2d 1289 (9th Cir. 1986), the Ninth Circuit held that there is a strong presumptive right of access to exhibits used in court proceedings, and that this right can be overcome only on the basis of articulable facts, not on the basis of unsupported hypotheses or conjecture. The Ninth Circuit's test stakes out a middle ground, rejecting the Fifth Circuit's position in Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 431 (5th Cir. 1981), and adopting a general balancing test that gives more weight to the public's right of access than to a defendant's competing fair trial rights. The Ninth Circuit said that the Belo Broadcasting court's subordination of the public's right of access to the defendant's rights is inconsistent with the Supreme Court's holdings that there is a clear presumption in favor of pubic access, citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 602 (1978). The exhibits should be made available forthwith. An appropriate proposed order is submitted herewith.

Dated: April 14, 2006
       Anchorage, Alaska

LAW OFFICES OF D. JOHN MCKAY

  /s/ D. John McKay_____
D. John McKay, ABA No. 7811117
Law Offices of D. John McKay
117 E. Cook Ave.
Anchorage, AK 99501
(907) 274-3154
mckay@alaska.net

Attorney for Defendant Anchorage Daily News, Inc.

-3-

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of Press Motion to

Certificate of Service

The undersigned certifies that on the 14th of April, 2006,
a true and correct copy of this document was served on

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building, U.S. Courthouse<br>222 W. 7th Ave., #9, Rm 253<br>Anchorage, Alaska 99513-7567 | Paul Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska 99501 |
| Robert C. Bundy<br>Allen F. Clendaniel<br>Dorsey & Whitney, LLP<br>1031 W. Fourth Ave.<br>Anchorage, Alaska 99501-5907 | Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 W. 3rd Ave.<br>Anchorage, Alaska 99501 |

James L. Kee
Kee, Archer, & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma 73533

by electronic means through the ECF system as indicated on the
Notice of Electronic Filing, or if not confirmed by ECF, by first
class regular mail.

By: /s/ D. John McKay
D. John McKay, ABA #7811117

-4-

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of Press Motion to