Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a<br>"COMMANDER KANE," and<br>SECURITY AVIATION, INC.,<br><br>        Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>MOTION TO DISMISS COUNT 3 OF THE FIRST SUPERSEDING INDICTMENT AGAINST DEFENDANT RETURNED BY THE GRAND JURY ON APRIL 18, 2006 |

Defendant Security Aviation moves this Court for an Order dismissing Count 3 of the first superseding indictment against defendant returned by the grand jury on April 18, 2006.

The first superseding indictment modified Count 3 by adding an additional paragraph. Count 3 of the Indictment charges Defendants Security Aviation, Inc. and Robert F. Kane with Attempted Receipt and Possession of Unregistered Destructive Devices in violation of 26 U.S.C. § 5861(d). It not a crime against the United States,

however, to *attempt* to receive or possess an unregistered firearm. The government has charged defendants with crime that does not exist.

It is not a crime to attempt to commit a federal crime. *United States v. Anderson*, 89 F.3d 1306, 1314 (6th Cir. 1996). "There is no general federal 'attempt' statute." *United States v. Hopki*ns, 703 F.2d 1102, 1104 (9th Cir. 1983) (holding that because bank larceny statute did criminalize attempt, it was not a crime to attempt to commit bank larceny); *see also United States v. Narcia*, 776 F. Supp. 491, 493 (D. Ariz. 1991) (stating that "there is no general federal statute proscribing an attempt"). One "can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt." *Hopkins*, 703 F.2d at 1104*; see also Anderson*, 89 F.3d at 1314 (holding that "[a]ttempt is only actionable when a specific federal criminal statute makes it impermissible to attempt to commit the crime"); *Narcia*, 776 F. Supp at 493 (stating that "[a]ttempt is criminalized only when a specific criminal statute so provides"). Indeed, the comment to the Ninth Circuit's Model Criminal Jury Instructions for attempt cites *Anderson* for the proposition that attempt is only a crime when a specific federal criminal statute makes it a crime. *See* Ninth Circuit Model Criminal Jury Instructions § 5.3, cmt.

26 U.S.C. § 5861(d) does not make it a crime to attempt to receive or possess an unregistered destructive device. Section 5861 provides "It shall be unlawful for any person . . . (d) to receive or possess a firearm which is not registered to him in the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

National Firearms Registration and Transfer Record." Attempting to receive or possess a an unregistered firearm is not prohibited by § 5861(d). In fact, the word "attempt" is entirely absent from § 5861.

There is no general attempt section that applies to § 5861(d), as there is the drug context. For example, 21 U.S.C. § 846 specifically makes it a crime for a person to attempt to commit an offense defined in subchapter I of Chapter 13 of Title 21. This makes it a federal crime to attempt to possess a controlled substance, which is prohibited by 21 U.S.C. § 844. There is no corresponding attempt statute that applies to Chapter 53 (Machine Guns, Destructive Devices, and Certain Other Firearms) of Title 26. No federal statutory provision makes it a crime to attempt to receive or possess an unregistered destructive device.

Under the case law, it not a crime to attempt to receive or possess an unregistered firearm. Section 5861(d) does not make it a crime as the indictment contends. Nor does any other statutory provision make attempt to violate § 5861(d) a crime. There is absolutely no federal criminal statute that criminalizes an attempt to violate § 5861(d). Accordingly, Count 3 of the first superseding indictment fails to state a crime. For this reason, Count 3 must be dismissed.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS COUNT 3                                    UNITED STATES OF AMERICA V.
                                                             ROBERT F. KANE and SECURITY AVIATION
Page 3 of 4                                                  Case No 3:06-CR-00022-JWS-JDR-2

DATED this 21st day of April, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:      /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of April, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building  U.S. Courthouse<br>222 W. 7th  Ave. #9, Rm 253<br>Anchorage, Alaska  99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska  99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska  99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:      /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION TO DISMISS COUNT 3                                                    UNITED STATES OF AMERICA V.
                                                                              ROBERT F. KANE and SECURITY AVIATION
Page 4 of 4                                                                   Case No 3:06-CR-00022-JWS-JDR-2