**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br>     vs.<br>ROBERT F. KANE, and SECURITY AVIATION, INC.,<br><br>                    Defendants. | 3-06-cr-00022-JWS-JDR<br><br>**RECOMMENDATION REGARDING SECURITY AVIATION'S MOTION TO SUPPRESS SEIZED EVIDENCE WHICH EXCEEDED THE SCOPE OF PROBABLE CAUSE**<br><br>(Docket No. 72) |

The court has now before it a motion by Security Aviation, Inc. to suppress evidence in the above entitled matter. (Docket No. 72). Said motion is made on the grounds that evidence was seized that was exceeded the scope of probable cause shown in the affidavits supporting the search warrants. The motion is opposed by the government. (Docket No. 100). For the reasons that follow the motion should be denied.

BACKGROUND

This motion finds its genesis in searches and seizures made pursuant to search warrants. The facts as set forth in Security Aviation's motion are not disputed by the government. On February 1, 2006, FBI Special Agent Matthew Campe filed applications for three search warrants. They were for the search of the Security Aviation aircraft hangar in Palmer Alaska, the Security Aviation Hangar at 6121 South Airpark Place, Anchorage, Alaska,, and the Security Aviation offices located at 3230 "C" Street. All three search warrants were served at each location on February 2, 2006, and the government seized a tremendous amount of property at each location, including physical

objects, documents, records, and computers and computer drives.

On February 2, 2006, Russel Peras, Senior Special Agent of Immigration and Customs Enforcement then filed another application and affidavit for a search warrant for the Palmer Hangar permitting seizure of additional items and permitting search of additional locations. Peras' affidavit was based solely on the execution of the search warrant for the Palmer hangar and attached Campe's original affidavit. The search warrant was issued at 4:41 p.m. on February 2, 2006. Campe also filed additional applications and affidavits for search warrants of the South Airpark hangar and the building at 3230 "C" Street on February 3, 2006. The applications sought authorization to search additional locations and seize additional materials. The search warrant for the South Airpark hangar was issued at 8:15 p.m. on February 3, 2006. The search warrant for the "C" Street building was issued at 8:23 p.m. on February 3, 2006. These additional warrants were executed and the government seized additional property pursuant to this second round of warrants.

The second set of search of search warrants for the Security Aviation Anchorage Hangar and the building on "C" Street were based on the affidavits assertion that there was probable cause to believe that the following offenses occurred: 26 U.S.C § 5861(D)&(K) – Possession and Importation of an Unregistered Destructive Device; 18 U.S.C. § 371 – Conspiracy to Possess an Unregistered Destructive Device; 18 U.S.C.§ 922(1) – Unlawful Importation of a Firearm; 18 U.S.C. § 371 – Conspiracy to Unlawfully Import a Firearm; 18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(1) & (2) – Bank Fraud; 18 U.S.C. § 371 – Conspiracy to Make False Statements to a Financial Institution; 18 U.S.C. § 1343 – Wire Fraud. The second search warrant of the Palmer hangar did not contain a finding that there was probable cause to believe that wire fraud had occurred.

DISCUSSION

The scope of the search warrant is limited by th extent of probable cause. *United States v. Whitney,* 633 F.3d 902, 907 (9th Cir. 1980). Security Aviation posits that the government exceeded the scope of the probable cause of the search warrant. Therefore, Security Aviation reasons, the court should suppress all evidence seized by the government that is beyond the scope of the search warrant.

Security Aviation submits that it is not able to fashion a more specific motion because the government has failed to provide it with any "serious discovery". According to Security Aviation, the searches and seizures "has to have" included matters which are beyond the scope of the warrant. For example the law practice files of Mark Avery were seized, in addition to Electronic files and other items so voluminous that the government has been unable to comply with its discovery obligations.

The government first contends that the motion is not ripe because discovery is ongoing. This appears to be true, although the sluggish response to discovery obligations is the government's responsibility. Nonetheless, the government contends that it recently accelerated the discovery process, and does not oppose Security Aviation's renewing it motion at a future point before trial. The government further responds by inviting (as it claims to have done in the past) Security Aviation to identify which of Avery's client files are beyond the scope of the warrant. Security Aviation has not responded to that invitation. The government has made a similar invitation to Security Aviation regarding other documents which Security Aviation broadly contends must have been seized in way that was beyond the scope of probable cause. Again, according to the government, Security Aviation has not responded to that request. The government has mirrored computer evidence for the defense.

Security Aviation has made its record regarding the state of discovery and its belief that the searches and seizures "has to have" included matters beyond the scope

of the search warrant. It seems the reasonable course here would be to deny Security Aviation's motion without prejudice to renew it when discovery has been completed. In making this recommendation the court is mindful that any failure by the government to comply with its discovery obligations will be to the detriment of its case, not Security Aviation's defense.

## CONCLUSION

For the foregoing reasons it is hereby recommended that Security Aviation's motion to suppress evidence (Docket No. 72) be **DENIED**.

DATED this 4th day of May, 2006, at Anchorage, Alaska.


 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the 4:00 p.m., Friday, May 5, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **Noon, Monday, May 8, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).