Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT F. KANE, a/k/a
"COMMANDER KANE," and
SECURITY AVIATION, INC.,

      Defendants.

Case No. 3:06-CR-00022-JWS-JDR-2

**MOTION FOR INDIVIDUAL, *IN CAMERA* JURY VOIR DIRE RE PRETRIAL PUBLICITY**

Defendant Security Aviation, Inc. ("Security") requests that this Court conduct

jury voir dire for the trial in this matter by allowing attorneys for the parties to inquire

individually of the jurors out of the presence of other jurors on the following subjects:

1.    What, if anything, the juror has heard on radio, read in newspapers or seen

on television about the case;

2.    What the juror has heard in casual conversation, or community discussion,

or talking with friends or neighbors about the case;

<div style="writing-mode: vertical">**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557</div>

3.      If the juror has been exposed to pretrial publicity, whether the juror has

formed any opinions about the merits of the case or the character of the party; and

4.      Whether the juror understands or is able to follow the instruction from the

Court that a decision on the case cannot be based on information learned by the juror

outside the court.

While a trial court has broad discretion to determine the scope of voir dire, and

may take the lead in examining potential jurors for prejudice, the court must ensure that

the procedures used in examining the jurors are designed to assure that prejudice of any

particular juror will be discovered if present.  *See*, *U.S. v. Patterson*, 648 F.2d 625, 629-

30 (9th Cir. 1981) (failure to ask questions of individual jurors, coupled with refusal to

permit such questions by counsel, when jurors may have been prejudiced with knowledge

of other bad acts, required reversal of conviction); *Marshall v. United States*, 360 U.S.

310, 313, 79 S. Ct. 1171, 1173, 3 L. Ed. 2d 1250 (1959) (*per curiam)* (jurors were

exposed to newspaper article about defendant's prior convictions; information prejudicial

because "not tempered by protective procedures").

In this case, since February 1, 2006, there have been no less than 30 articles in the

Anchorage Daily News alone about this matter; the latest was May 2, 2006.  These

articles detailed not only the allegations in the instant indictment, but also broad

government claims of alleged misdeeds by Robert Kane and the owner of Security

Aviation, Inc., Mark Avery.  The extent of the press's interest is exemplified by the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY                    UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY                                ROBERT F. KANE and SECURITY AVIATION

Page 2 of 13                                                                Case No 3:06-CR-00022-JWS-JDR-2

pleadings filed in this matter by the Anchorage Daily News and KTUU TV.  *See,*

Document 96, Anchorage Daily News and KTUU Memorandum in Support of

Government Motion to Unseal Search Warrant Documents, p. 5 ("As the Court has noted,

this is an unusually high profile case, with each side painting a highly divergent portrait

of facts.  The government claims the facts recited in the warrant documents justify an all

out prosecution of a local company and one of its key employees, a prosecution that has

been shrouded in mystery, with extraordinary allegations.")  Moreover, the documents to

which the press sought access, the affidavits in support of search warrants, contained

"extraordinary allegations" not only relating to the allegations in the instant indictment –

rocket pods – but also to extensive and lightly supported government allegations of

financial improprieties, fraud and other alleged bad acts on the part of Mr. Kane and Mr.

Avery.  Although Security resisted the government's motion to unseal the search warrant

affidavits on the grounds their exposure would result in unfair pretrial publicity

(Document 91), the affidavits were ordered unsealed (Document 112).  Predictably, the

contents of the affidavit were subsequently extensively reported in the press as is shown

in the excerpts of articles from the Anchorage Daily News attached as Exhibit A to the

Affidavit of Catherine Mock filed herewith.  Also, reported were allegations made by

government lawyers and agents at co-defendant Kane's preliminary hearing and detention

hearing.  In addition, other prejudicial – and false – allegations were reported.  Many, if

not most of the allegations reported by the press are horribly exaggerated, and some are

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY                     UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY                               ROBERT F. KANE and SECURITY AVIATION

demonstrably false.  The following are excerpts taken from some of the Anchorage Daily

News articles:

1.

. . . .

*[A search of Kane's resident on  February 1, 2006, revealed]  Inside, in a jacket and briefcase, agents say they found more than $20,000 in $20 and $100 bills, a silencer for a .45-caliber weapon, some international bank cards, a Greek passport for his Filipino wife which she could not explain, official-looking badges and identification cards with Kane's name, and folders emblazoned with images of various American and foreign intelligence agency logos -- the FBI, CIA, Britain's MI-6, the United Nations and something called the National Intelligence Agency.  Agents also found numerous American military medals, even though Kane has no record of service, they said.*

. . . .

Anchorage Daily News ("ADN") February 8, 2006.  These statements, even if

true, are irrelevant to the charges in the indictment.  They are obviously

prejudicial.

2.

. . . .

*The prosecution suggested in their questioning that Kane was a fraud, saying he had a "pattern of impersonation."*

. . . .

ADN, February 8, 2006.  This is obviously prejudicial and irrelevant to the instant

indictment.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY
VOIR DIRE RE PRETRIAL PUBLICITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

3.

*A "tipster" claimed to have seen a "cache of weapons" including machine guns, ammunition, assault rifles, silencers, grenades.*

ADN, February 12, 2006.  This story is demonstrably false, but was given front-page

billing and never retracted or modified in any way.

4.

*. . . .*

*Kane's penchant for boasting surfaced in testimony at his bail hearing last week, with the prosecutor describing him as a "con man" who possessed official-looking badges and identification cards.  Kane's attorney asserted Kane in fact had official connections that could be proven at trial.*

*. . . .*

ADN, February 12, 2006.  This is obviously prejudicial and irrelevant to the instant

indictment.

5.

*Feds investigate Avery, trustee of $350 million fund – RAIDS:  Security Aviation owner is paid $400,000 yearly to help manage assets.*

ADN, February 13, 2006.  This is obviously prejudicial and irrelevant to the instant

indictment.

6.

*He [Kane] has claimed to be a rodeo cowboy, Navy SEAL, bounty hunter, intelligence operative and terrorist fighter.  His name was dragged through a sensational Anchorage trial nearly 13 years ago by a defense attorney who portrayed him as the man who should have been charged with murder. Now, as he sits in jail in a case the judge likened to a pulp thriller, a key question is far from answered:  Who is Rob Kane?*

*Despite a past littered with debt, minor criminal charges and, as federal authorities tell it, grandiose lies, Kane somehow made it to the top ranks of*

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY          UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY          ROBERT F. KANE and SECURITY AVIATION

*Anchorage security and aviation businesses owned by a former prosecutor. Both Kane and Security Aviation Inc., an air charter and medevac business, have been indicted on federal charges of illegally possessing and transporting rocket launchers.*

*He is being held without bail after a federal judge ruled he was a serious flight risk. During the two-day hearing earlier this month, assistant U.S. attorney Steven Skrocki called him "a con man and a fraud."*

*. . . .*

ADN, February 27, 2006. All of these statements are irrelevant and prejudicial.

    7.

    *. . . .*

*As a young man in Alaska, he was accused in four unrelated civil cases of racking up bad debts. He also was charged twice in criminal complaints of assaulting women. One misdemeanor assault conviction later was set aside, a common practice for minor offenses. The other was dropped in connection with his role as a police informant, Smith told the judge at the detention hearing.*

*Then Kane's name came up in the 1993 murder trial of Jon Woodard, a sensational case in which a Loomis security guard was shot and killed during a well-planned 1992 robbery at Carrs Aurora Village.*

*Defense lawyer Jim McComas told jurors in the 1993 trial that it was Kane and not his client who shot the Loomis guard.*

*Just five weeks before the robbery, a bank had won a $48,000 judgment against Kane, McComas noted. After Carrs was robbed, Kane was flush with money for a while and paid off personal loans, the defense lawyer told the jury.*

*There was no evidence that Kane was involved with the robbery, said former state prosecutors Kevin Fitzgerald and Mary Anne Henry, who handled the case together. Henry said she accounted to the jury for virtually all the $50,000 stolen from Carrs.*

*. . . .*

ADN, February 27, 2006. This is not only highly prejudicial, but the allegations

against Mr. Kane are false.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY          UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY          ROBERT F. KANE and SECURITY AVIATION

8.

. . . .

*A government search of Kane's computers seized Feb. 2 uncovered scanned images of phony government identification cards, including one for the international airport at Cebu, in the Philippines. Other cards licensed the holder to possess weapons in the Philippines.*

. . . .

ADN, March 2, 2006. This statement is irrelevant and prejudicial.

9.

. . . .

*"Nobody knows who Mr. Kane is," Skrocki said. Kane has no known U.S. bank accounts, he said, and has left almost no trace in public records. "He runs on a cash basis."*

This is irrelevant, mostly false, and prejudicial.

*Avery provided Kane with a house, cars, airplanes and a monthly salary of $20,000. Kane's wife, Karen, received an additional $10,000 monthly allowance from Avery, Skrocki said.*

*That's $360,000 a year, Skrocki said, but no one knows whether the money is invested or buried in the yard.*

. . . .

ADN, March 3, 2006. This is nothing but prejudicial innuendo.

10.

*Kane's wife faces grief of her own - IMMIGRATION: Filipino on fringe of Security Aviation case marked for deportation*

ADN, March 4, 2006. Mrs. Kane's immigration status is irrelevant and potentially

prejudicial, especially given the highly controversial issues regarding immigration

now being reported almost daily.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY                UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY                ROBERT F. KANE and SECURITY AVIATION

11.

*Security Aviation Inc. executives lied about winning massive government contracts for war games and covert operations to cover up what authorities suspected was the real source of their money: a raid on a private trust connected to company owner Mark Avery, federal prosecutors assert in new court filings .Avery and his associate, Rob Kane, led the company in an explosion of growth starting in July 2005, purchasing executive jets, helicopters, Warsaw Pact military planes, vehicles, real estate, boats and businesses in Alaska and Nevada with no apparent worry over costs, financing or payroll. Last fall, Kane said that Security Aviation and another company owned by Avery spent $54 million in 10 days, the government says in one of the new documents.*

*The latest round of filings in U.S. District Court show that federal authorities had been investigating the pair since at least October.*

*. . . .*

ADN, April 5, 2006. These allegations are totally irrelevant to the instant case are

obviously prejudicial, and false in several material aspects.

12.

*. . . .*

*The government's responses are loaded with startling revelations about the government's investigation into Avery's rapid buildup of Security Aviation and related companies. Both sides have lifted snippets out of sworn statements filed by an FBI agent to convince Magistrate Judge John Roberts to issue a series of search warrants between Feb. 1 and Feb. 3. The filings don't give the whole picture, and the affidavits are still under seal. But prosecutors said the affidavits present "a mountain of information" that led them to suspect that fraud was committed against the trust and an Anchorage bank.*

*. . . .*

ADN, April 5, 2006. These are prejudicial exaggerations.

13.

*. . . .*

*Kane told a witness he and his Alaska associates "are currently engaged in 'black ops' and that he claimed to be transporting detainees for the U.S.*

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY          UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY                ROBERT F. KANE and SECURITY AVIATION

*government from overseas." Kane claimed they had Defense Department contracts to serve as opposition forces in training missions and "evacuation contracts with 300 embassies and consulates in the Pacific Rim region."*

*The Defense Department, the State Department and the Air Force all denied the existence of such contracts, prosecutors wrote.*

*Kane boasted, sometimes in outlandish or contradictory terms, about money. He told one former Security Aviation employee on Jan. 26 that "I have more money than God" and another government witness that he was worth $660 million he had inherited from a presidential adviser who had died the previous year. But he also told a government agent that "Avery is the money man."*

*Kane insisted on strict computer security measures including e-mail and data encryption and emergency data destruction systems. "Kane and Avery advised two witnesses that they required extraordinary computer and communications security, including CIA grade encryption, to protect a 'trust' and their companies from unspecified outsiders who will scrutinize multimillion-dollar international wire transfers by Avery and Kane," prosecutors wrote.*

*Kane was involved in earlier government investigations involving the "illegal possession of automatic weapons, grenade launchers, and hand grenades, among other items including the use of a rocket launcher in Oregon in 2003," prosecutors wrote. They do not specify whether Kane was a target of those investigations. The rocket launchers in the current case are designed to be mounted on planes, but other types can be shoulder-held.*

*Avery is one of three trustees for the May and Stanley Smith Charitable Trust, which prosecutors say was the suspected source of a $50 million "loan" that fueled "Avery's extensive and multimillion-dollar investment into Security Aviation and a horde of other business ventures, none of which were charitable in nature.*

*. . . .*

ADN, April 5, 2006. These allegations are irrelevant, prejudicial and completely false in many material aspects.

14.

*A longtime local cop angrily demanded that the FBI look the other way from the explosive, unexplained growth of Security Aviation, fearing an investigation would disrupt the money party that began in the summer of 2005. Stop "putting your nose where it doesn't belong," the unnamed cop*

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY
VOIR DIRE RE PRETRIAL PUBLICITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

*growled at a federal law enforcement officer, according to a sworn FBI statement. "A lot of people think this is a good thing. There is a lot of money being spread around and going through banks in this town -- $162 million at one bank."*

*. . . .*

ADN, April 12, 2006. Again, irrelevant and highly prejudicial.

15.

*. . . .*

*Small portions of the documents released this week were previously made available in court documents filed by defense lawyers and prosecutors. But the massive filing, unsealed by U.S. Magistrate Judge John Roberts at the request of the U.S. Attorney's Office, reveals many of the facts and suspicions leading up to the Feb. 2 raids and the arrest of Security Aviation's second-in-command, Rob Kane, on federal weapons charges. Kane and the company are charged with illegal possession and transportation of Soviet-era rocket launchers capable of being mounted on its fleet of Czech-made L-39 Albatross jets.*

*. . . .*

ADN, April 12, 2006.

16.

*. . . .*

*[FBI Agent] Campe said he believed "that May Wong Smith is very aged and may be suffering from Alzheimer's disease, possibly rendering her incapable of cognizant understanding concerning the use of the trust proceeds and corpus." He charged that Avery and Kane "have gone to great lengths to conceal the whereabouts of May Wong Smith."*

*. . . .*

ADN, April 12, 2006. This is irrelevant, misleading and prejudicial.

Television coverage was, if anything, even more extensive. Between January 25, 2006 and May 2, 2006, 121 stories were run about Security and Robert Kane, most of them parroting the false, irrelevant and prejudicial allegations made by government

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY                    UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY                          ROBERT F. KANE and SECURITY AVIATION

agents and reported in the newspaper. *See,* Affidavit of Catherine Mock, Exhibit B

(Media Summary Report regarding stories about Security Aviation and Robert Kane).

Because of this extensive media coverage, including extensive reporting of false

and misleading allegations not pertinent to the trial of the instant indictment, it is

important that the Court employ measures to ferret out any juror prejudice that might

have been created by exposure to the extensive media.  Security cannot ask for a

continuance as it must have an early trial so that its business can be preserved and its

employees keep their livelihood.  Accordingly, Security asks this Court to employ a jury

selection procedure in which individual jurors are examined about their exposure to

pretrial publicity outside the presence of the other jurors.  This will attempt to avoid a

situation in which one juror's knowledge of pretrial publicity does not have the effect of

creating bias in another juror.  *See, United States v. Polizzi*, 500 F.2d 856, 879 (9th Cir.

1974) ("An accused has an unquestioned right to have jurors decide his guilt or innocence

who are not biased by what has appeared in the media.")

Security further requests that the examination of each juror address the following

subjects:

1.      What, if anything, the juror has heard on radio, read in newspapers or seen

on television about the case;

2.      What the juror has heard in casual conversation, or community discussion,

or talking with friends or neighbors about the case;

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY                    UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY                          ROBERT F. KANE and SECURITY AVIATION

3.      If the juror has been exposed to pretrial publicity, whether the juror has

formed any opinions about the merits of the case or the character of the party; and

4.      Whether the juror understands or is able to follow the instruction from the

Court that a decision on the case cannot be based on information learned by the juror

outside the court.

DATED this 5th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:      /s/ Robert C. Bundy
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084
        DORSEY & WHITNEY LLP
        1031 West Fourth Avenue, Suite 600
        Anchorage, AK 99501-5907
        (907) 276-4557
        bundy.robert@dorsey.com
        clendaniel.allen@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY          UNITED STATES OF AMERICA V.
VOIR DIRE RE PRETRIAL PUBLICITY          ROBERT F. KANE and SECURITY AVIATION

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley                                    Paul D. Stockler
Steven Skrocki                                       1309 W. 16th Avenue
Assistant United States Attorney                     Anchorage, Alaska  99501
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567


Kevin Fitzgerald                                     James L. Kee
Ingaldson, Maassen & Fitzgerald                      Kee, Archer & Herberger, P.A.
813 West 3rd Avenue                                  1102 Maple Street
Anchorage, Alaska  99501                             Duncan, Oklahoma  73533



by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.


   By:      /s/ Robert C. Bundy
         Robert C. Bundy, ABA #7206021
         Allen F. Clendaniel, ABA #0411084
         Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION FOR INDIVIDUAL, IN CAMERA JURY                    <u>UNITED STATES OF AMERICA V.</u>
VOIR DIRE RE PRETRIAL PUBLICITY                          <u>ROBERT F. KANE and SECURITY AVIATION</u>