DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
         james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' RESPONSE** |
| | ) | **TO THE INITIAL REPORT** |
| vs. | ) | **AND RECOMMENDATION ON** |
| | ) | **SECURITY AVIATION'S** |
| ROBERT F. KANE, | ) | **MOTION TO SUPPRESS** |
| a/k/a "COMMANDER KANE," and | ) | **EVIDENCE OF SEARCH AT** |
| SECURITY AVIATION, INC., | ) | **PALMER HANGAR** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW the United States, by and through counsel, and hereby

responds to the Court's Initial Report and Recommendation, filed at Docket 173.

The United States concurs with the Court's recommendation that the motion be denied; the United States also agrees with the grounds for denial relied upon by the Court (valid consent and plain view)[1]. However, the government respectfully disagrees with the Court's analysis of a single issue: whether the January 21, 2006 entry into the Palmer Hangar by Special Agent Campe was a private, or governmental search.

Under <u>Reed</u>, the first prong in determining the character of the search is whether the government acquiesced in "intrusive conduct." The Court properly noted that the term "intrusive conduct" is not defined by case law. However, in <u>Reed</u> itself, the crucial distinction (compared to the facts in this case) is that the intrusive conduct was performed by the hotel manager, as a pretext for the police. In this case, the only "intrusive conduct" was the lawful entry into the hangar. Because Special Agent Campe was lawfully present, his mere observation of a rocket pod in plain view was not "intrusive." Unlike the manager in <u>Reed</u>, Agent

---

[1] The government continues to rely upon the doctrine of inevitable discovery; the United States lawfully obtained and executed a search warrant for the hangar, which authorized a search for evidence of fraud and other criminal activity not directly involving the rocket pods. In conducting such a search, the evidence is undisputed: the pods were in plain view and would have inevitably been discovered during the lawful search.

Campe did not open any closed containers or violate any reasonable expectation of privacy. In other words, the government does not argue that two independent searches were conducted by Campe and Berens. Berens lawfully repossessed aircraft accessories; Campe lawfully observed contraband in plain view. Unlike <u>Reed</u>, Berens did not become a government agent by Campe's urging and involvement; nor did the government rely upon Berens' observations. There was no joint endeavor, nor was there pretext.

In all other respects, the United States concurs with the Initial Report and Recommendation.

RESPECTFULLY SUBMITTED this 5th day of May, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2006 a copy of the foregoing was served electronically on Robert Bundy, Allen Clendaniel, Kevin Fitzgerald, James Kee, & Paul Stockler.

s/ James Barkeley