Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>　　　　　Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**OBJECTION TO RECOMMENDATION ON DEFENDANT SECURITY AVIATION, INC.'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR FRANKS HEARING** |

Defendant Security Aviation, Inc. objects to the magistrate judge's

Recommendation on Defendant Security Aviation's Motion to Suppress Evidence and

Request for a Franks Hearing.[1] The magistrate judge found that Security Aviation failed

---

[1] Defendant Security Aviation also objects to the extremely short amount of time in which it had to file its objection. Magistrate Judge John D. Roberts electronically filed his recommendation at 5:34 p.m., May 4, 2006. The recommendation ordered that, pursuant to Alaska Local Magistrate Judge Rule 6(a), any objection was to be filed no later than 4:00 p.m. Friday May 5, 2006. This gave Security Aviation less than twenty-four hours to file its objection. 28 USC § 636(b)(1) provides that parties have ten days to file written objection to a magistrate's recommendation. Local Magistrate Judge Rule 6(a) provides that an objection is to be filed within the time provided in 28 USC § 636(b)(1), unless otherwise ordered. To the extent Rule 6(a) conflicts with the statute it is invalid. Defendant Security Aviation files this objection so as to timely comply with the Court's order, but does not waive any arguments that it omits or otherwise fails to raise that could have been raised within the statutory timeline.

to make the requisite showing for a *Franks* hearing that the Campe affidavit contains reckless or deliberate representations and omissions that were material to the finding of probable cause. While Security Aviation stands by the arguments in its motion, rather than restating them here, Security Aviation focuses its objection on three areas: (1) the magistrate judge's recommendation erroneously dismisses the materiality of Campe's omissions of critical witnesses' bias, (2) the recommendation misconstrues defendant's argument regarding de-militarization; and (3) the magistrate judge misanalyses the importance of Campe's omissions regarding the loan officer.

## I.  The omission of witnesses' bias was at least reckless and material to probable cause.

The magistrate's opinion ignores the Ninth Circuit case of *United States v. Hall*, 113 F.3d 157, 160 (9th Cir. 1996). In *Hall,* the police withheld information that impinged the credibility of a witness who testified before the issuing magistrate judge. The Ninth Circuit held that such an omission was material because if the witness "was not worthy of belief," then [his statements] would not amount to probable cause" *Id.* at 159. In this case, at the time of the search warrant, Campe had already participated in a warrantless search of Security Aviation's Palmer hanger with John Berens (Witness E) and other employees of a competing company. Campe observed Robert Anthony (Witness I) permit Berens access to the Palmer hanger. Berens' and Anthony's bias was therefore obvious to Campe. He personally observed Anthony permit Berens to covertly take property from his former employer's locked building and personally watched Berens take that property. Campe also must have know that Anthony had been fired for letting

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION, INC.'S MOTION TO
SUPPRESS EVIDENCE AND REQUEST FOR
FRANKS HEARING
Page 2 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Berens into the hangar.[2] The Recommendation's finding that there is no evidence that Campe knew of Berens's and Anthony's bias and the reasons for that bias is erroneous. So too is the Recommendation's conclusion that disclosure would not have affected probable cause. Credibility of a witness's statements is always relevant to a finding of a probable cause, *Hall,* 113 F.3d 160, but it is especially relevant here where Berens (Witness E) was the only witness who stated that the pods appeared intact and functional and that the pods were at the Palmer hanger after December, 2005. Because the omission of Berens's and Anthony's bias was at least reckless and the omission was material, a *Franks* hearing must be granted.

## II. The misrepresentation regarding the standard for a destructive device requires a *Franks* hearing.

The Recommendation misses the point of the affidavit's misrepresentation regarding the destructive device standard. The magistrate judge was misled by statements in Paragraph 33(a) of the affidavit that the pods were illegal destructive devices because they were not "de-militarized," and that they were not "de-militarized" because they had not been cut diagonally. Cryptically, the Recommendation states "It was not necessary that the rocket pods in fact constitute destructive devices within the meaning of the federal law so long as it was reasonable for the agent to conclude that the pods were destructive devices to which the law applied." But it is the issuing magistrate

---

[2] At the suppression hearing, Campe testified that he had never seen Anthony before January 21, but the affidavit filed on February 1, included statements made by Anthony (Witness I). Anthony was fired on Monday, January 23, when it was discovered that he let Berens into the building. Campe must have interviewed Anthony after he was fired and must have known why he was terminated.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION, INC.'S MOTION TO
SUPPRESS EVIDENCE AND REQUEST FOR
FRANKS HEARING
Page 3 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

that must conclude that there is probable cause to believe that the crime of possession of an unregistered destructive device has occurred. Here, the magistrate judge was misled into believing that such a crime had occurred because the pods were not de-militarized because they had not bee diagonally cut, when that is not the legal standard. The only appropriate legal standard is whether the pods had a bore greater than ½ inch and could expel a projectile by the action of an explosion or other propellant or be readily converted to do so. *See* 26 U.S.C. § 5845(f)(2). But because of the affidavits deliberate misrepresentation, the magistrate judge was misled into believing that there was probable cause that Defendant Security Aviation possessed an illegal destructive device. The misrepresentation of that standard was therefore material to the finding of probable cause.

### III.    The omissions regarding bank fraud do not implicate a duty to investigate.

The magistrate judge's Recommendation states that the affidavit's omission that no one had talked to the loan officer is of no importance because there is not a duty under *Franks v. Delaware*, 438 U.S. 152 (1978) to investigate. See, *United States v. Miller*, 1753 F.2d 1475, 1478 (9th Cir. 1985) (no duty to investigate under *Franks*). Security Aviation does not argue that a *Franks* hearing is necessary because Campe failed to talk to the loan officer and discover the exculpatory information that the loan officer would have provided. Rather, Security Aviation argues that by failing to disclose the incomplete nature of its investigation, the affidavit presented a misleading picture to the magistrate judge. By citing only the bank statements and omitting that no government agent had contacted the actual loan officer, or anyone else at the bank, the magistrate judge was misled regarding the depth and thoroughness of the investigation regarding the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION, INC.'S MOTION TO
SUPPRESS EVIDENCE AND REQUEST FOR                        UNITED STATES OF AMERICA V.
FRANKS HEARING                                           ROBERT F. KANE and SECURITY AVIATION
Page 4 of 6                                              Case No 3:06-CR-00022-JWS-JDR-2

loans.  This omission is not trivial.  If the magistrate was informed that the government's basis for probable cause was solely the cold record of written statements by a loan officer with no further investigation, this would have eviscerated probable cause because the context of the statement in the loan documents and the incoherent and inconclusive nature of the investigation would have been apparent.  It was not the government's failure to investigate that mandates a *Franks* hearing,[3] it was the government's intentional or reckless failure to disclose information regarding the depth of their investigation that was material to a finding of probable cause.

## IV.   Conclusion

For the reasons stated above, and the additional reasons stated in its Motion, Security Aviation objects to the magistrate judge's recommendation.

DATED this 5th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:     /s/ Allen F. Clendaniel
         Robert C. Bundy, ABA #7206021
         Allen F. Clendaniel, ABA #0411084
         DORSEY & WHITNEY LLP
         1031 West Fourth Avenue, Suite 600
         Anchorage, AK 99501-5907
         (907) 276-4557
         bundy.robert@dorsey.com
         clendaniel.allen@dorsey.com

---

[3] Although given the government's omission of their failure to investigate, it is not surprising that further investigation would have completely erased any suspicion of impropriety regarding the Wells Fargo loan.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION, INC.'S MOTION TO
SUPPRESS EVIDENCE AND REQUEST FOR                           UNITED STATES OF AMERICA V.
FRANKS HEARING                                              ROBERT F. KANE and SECURITY AVIATION
Page 5 of 6                                                 Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of May, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley | Paul D. Stockler |
| Steven Skrocki | 1309 W. 16th Avenue |
| Assistant United States Attorney | Anchorage, Alaska  99501 |
| Federal Building  U.S. Courthouse | |
| 222 W. 7th  Ave. #9, Rm 253 | |
| Anchorage, Alaska  99513-7567 | |
| | |
| Kevin Fitzgerald | James L. Kee |
| Ingaldson, Maassen & Fitzgerald | Kee, Archer & Herberger, P.A. |
| 813 West 3rd Avenue | 1102 Maple Street |
| Anchorage, Alaska  99501 | Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:     /s/ Allen F. Clendaniel
          Robert C. Bundy, ABA #7206021
          Allen F. Clendaniel, ABA #0411084
          Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION, INC.'S  MOTION TO
SUPPRESS EVIDENCE AND REQUEST FOR
FRANKS HEARING

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 6 of 6                                                                                                                      Case No 3:06-CR-00022-JWS-JDR-2

4818-5868-2112\1 5/5/2006 1:38 PM