Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>　　　　　Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**OBJECTION TO RECOMMENDATION ON SECURITY AVIATION'S MOTION TO SUPPRESS EVIDENCE OF SEARCH AT PALMER HANGAR** |

Defendant Security Aviation, Inc. objects to the Recommendation of Security Aviation's Motion to Suppress Evidence of Search at Palmer Hangar (Docket Entry 173). Defendant Security Aviation moved to suppress evidence that was obtained as a result of a warrantless and unconstitutional search of Security Aviation's Palmer hanger on January 21, 2006.[1]  The magistrate judge determined that a warrantless government

---

[1] Defendant Security Aviation also objects to the extremely short amount of time in which it had to file its objection. Magistrate Judge John D. Roberts electronically filed his recommendation at 7:53 a.m., May 4, 2006. The recommendation ordered that, pursuant to Alaska Local Magistrate Judge Rule 6(a), any objection was to be filed no later than 4:00 p.m. Friday May 5, 2006. This gave Security Aviation less than thirty-two hours to file its objection. 28 USC § 636(b)(1) provides that parties have ten days to file written objection to a magistrate's recommendation. Local Magistrate Judge Rule 6(a) provides that an objection is to be filed within the time provided in 28 USC § 636(b)(1), unless otherwise ordered. To the extent Rule 6(a) conflicts with the statute it is invalid. Defendant Security Aviation files this objection so as to timely comply with the Court's order, but does not waive any arguments that it omits or otherwise fails to raise that could have been raised within the statutory timeline.

search occurred on January 21, 2006, but that the search was a valid consent search. Security Aviation objects to the magistrate judge's finding that there was legal consent.

Defendant Security Aviation objects to the recommendation on two grounds: (1) the record does not support a finding that Robert Anthony consented to Special Agent Matthew Campe's entry into the hangar, and (2) that the magistrate judge's consent analysis is erroneous because it fails to consider John Berens's role as a government agent.

## I.     Anthony did not consent to Campe's search of the hanger.

The evidence does not support the magistrate judge's finding that Berens consented to Campe's entry into the hangar.

"The existence of a consent to a search is not lightly inferred and the government always bears the burden of proof to establish the existence of effective consent." *United States v. Shaibu*, 920 F.2d 1423, 1426 (9th Cir. 1990). Although search and seizure conducted with proper consent is permissible under the Fourth Amendment, "the government must conform to limitations placed upon the consent to search." *See United States v. Sealey*, 830 F.2d 1028, 1032 (9th Cir. 1987). Here, the government has not met its burden that valid consent was given to Campe to enter and search the hanger.

The magistrate's recommendation finds that Anthony let Campe in, but it does not find that Anthony gave consent for Campe to enter and search the hanger. Nor would the record support such a finding. While, the record is clear that Anthony gave permission for Berens to enter the hanger, the record does not support a finding that Anthony gave permission to Campe to enter the hanger. All Anthony did was unlock the door to the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION'S MOTION TO
SUPPRESS EVIDENCE OF SEARCH AT
PALMER HANGAR
Page 2 of 5

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

hanger and quickly leave the scene.  Indeed, Anthony was not even informed that Campe was going to help with the repossession.

**II.     Berens, as a government agent, knew that Anthony did not have the authority to permit Berens's into the hanger.**

Berens's search of the Palmer hanger was a government search.  Indeed, the magistrate judge found that Berens acted as a government instrument or agent because of Berens's intent to assist law enforcement and the presence of Special Agent Campe during the search.  The magistrate judge then completely ignores Berens's role as a government agent in his analysis of consent.  The magistrate judge poses the following question:

> The question arises whether the validity of this consent should be determined upon the apparent authority of Anthony as it reasonably appeared to Agent Campe at the time the consent was given and the search made, or should it be determined only on the basis of the subsequently ascertained actual authority.

Magistrate Judge John D. Roberts' Recommendation at 14-15.

The question of apparent authority is not limited to Special Agent Campe.  While Agent Campe may or may not have reasonably believed that Anthony had authority to

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION'S MOTION TO
SUPPRESS EVIDENCE OF SEARCH AT
PALMER HANGAR
Page 3 of 5

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

permit Berens into the hanger, Berens was not operating under any such a delusion.[2]
When Berens quit his job at Security Aviation, he was the supervisor of Anthony.
Anthony was a mechanic. Anthony was not a supervisor, nor was he was responsible for
the facilities. On January 21, 2005, Berens did not believe that Anthony's position has
changed. Unlike Campe who may have been ignorant of Anthony's actual authority,
Berens *knew* that Anthony did not had the authority to let him into the hanger either to
take the batteries and drop tanks or to search for rocket pods. Because Berens, as an
instrument of the government, knew that Anthony could not consent to the entry into and
search of the Palmer hanger, there was no valid consent.[3]

Because the January 21, 2006 search was a government search that was not
justified by legal consent, the probable cause finding of illegal possession and
importation of an unregistered destructive device in warrants 3:06-mj-0009-JDR and

---

[2] Security Aviation also objects to the magistrate judge's finding that Campe reasonably believed that "Anthony had authority over the hangar and that entry into the hangar was based upon lawful consent." Berens told Campe on January 21, 2006 that he might have legal access to the hanger and told Campe that he could take pictures or that Campe could come with him into the hanger. When Campe got to the hanger, he then finally learned that someone was going to let them into the hanger. At no time did Campe ask any questions Berens's claim to have legal access. Campe may have been ignorant, perhaps even purposely, of Anthony's actual lack of authority to grant legal access to the hanger, but given the Saturday last minute obtainment of access to a locked hanger for the purpose of taking property controlled by Security Aviation, it was not objectively reasonable to believe that Anthony had authority to grant access. *See United States v. Reid*, 226 F.3d 1020, 1025 (9th Cir. 2000) (holding that if a government officer believes an untrue fact that would give an individual authority to consent, under the circumstances it must be objectively reasonable to believe the truth of that fact).

[3] It necessarily follows that because neither Berens nor Campe were in the hanger as part of a legal or valid intrusion, the plain view doctrine does not apply.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON
SECURITY AVIATION'S MOTION TO
SUPPRESS EVIDENCE OF SEARCH AT
PALMER HANGAR

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 4 of 5                                              Case No 3:06-CR-00022-JWS-JDR-2

3:06-mj-0017-JDR is invalid and all evidence seized pursuant to that finding must be suppressed.

DATED this 5th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By: /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OBJECTION TO RECOMMENDATION ON SECURITY AVIATION'S MOTION TO SUPPRESS EVIDENCE OF SEARCH AT PALMER HANGAR
Page 5 of 5

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

4831-7929-7792\1 5/5/2006 1:25 PM