DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES N. BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **REPLY OF THE UNITED** |
| | ) | **STATES TO SECURITY** |
| vs. | ) | **AVIATION'S OBJECTIONS** |
| | ) | **TO REPORT AND** |
| ROBERT F. KANE, | ) | **RECOMMENDATION OF** |
| a/k/a "COMMANDER KANE," and | ) | **THE MAGISTRATE JUDGE** |
| SECURITY AVIATION, INC., | ) | **DENYING THE MOTION** |
| | ) | **TO SUPPRESS & REQUEST** |
| Defendants. | ) | **FOR FRANKS HEARING** |
| | ) | |

COMES NOW the United States by and through counsel and files with the court a Reply to the Objections to the Recommendation denying Defendant Security Aviation's Motion to Suppress.  For the reasons set forth below, the decision of the magistrate judge should stand.

### A. The Objections Provide the Court with No New Arguments Nor Authority

Security Aviation provides the court with four separate arguments as a basis for objecting to the report and recommendation of the Magistrate Judge denying their motion to suppress. No new authority or arguments are provided save for an argument with regard to a short deadline. On that note, the government would observe that the defendant's had literally weeks to craft their arguments prior to filing the initial round of motions and have provided the court with nothing not already seen, observed and dispatched by the report and recommendation. Each argument will be briefly discussed.

### B. The Omission of Witness Bias

Security Aviation's motion essentially claims that had the Magistrate Judge known that Anthony was fired and knew the relationship between Berens, Security Aviation, Robert Kane and others that the warrant would not have been issued. The Magistrate Judge's report and recommendation correctly finds that Agent Campe provided the court with evidence of bias for witnesses Berens and Anthony as they were no longer with the company. While the court record does not establish at the hearing whether Agent Campe knew Anthony was terminated because of the incident in letting Special Agent Campe into the hangar, the

government has determined in light of Security Aviation's claim raised here that Special Agent Campe was aware that Anthony was fired for his role in letting Berens into the hangar at the time the warrant was applied for. In the government's view, this information changes nothing as the Court considered in its report and recommendation that even had this information been included it would not have altered the finding of probable cause as there is simply no requirement to conduct collateral investigations nor was it germane to the affidavit.

On this issue though, to ask more, as Security Aviation does, even if known, would require the government to conduct an investigation as to every conceivable issue of bias, whether it involves conditions of employment, salary, lack of promotion and the like. The law simply does not mandate that degree of investigative depth.

Lastly, *United States v. Hall*, 113 F.3d 157, 160 (9th Cir.1996) is totally distinguishable. In that case, the matter dealt with the word of an informant that cocaine was present in a trailer and the police officer merely verified the address of the trailer. That was the extent of probable cause. The police officer failed to inform the court at the necessary time that the informant had a prior conviction for making a false report of a crime and the court subsequently found that failure to inform negated probable cause. This matter is entirely different given the

overwhelming facts and sheer weight of evidence establishing probable cause to support the search for the multitude of violations of federal law sought to be seized in the hangar. In any event, the court found that Special Agent Campe provided sufficient evidence of bias with regard to these two witnesses by providing information regarding the fact that they were no longer employed by Security Aviation.

### C. The Standard for Destructive Device

Security Aviation claims the court was "misled" on the issue of the rocket pods not being "demilitarized." It tortures the credulity to claim, as it does, that the court must conclude by argument that the fact that they were not, or there was a different standard means that the court could not conclude "there is probable cause to believe the crime of possession of rocket pod launchers has occurred."

This argument is, in so many ways, utterly frustrating for Security Aviation's argument is far too narrow and completely wrong. The Court was provided in the affidavit with the appropriate legal standard, the statute itself. So where, one wonders is the omission here? Security Aviation wants the court to buy into its argument that they alone possess the knowledge of the <u>only</u> appropriate legal standard. Such is not the case. The issue here is whether probable cause was established as to the existence of a rocket pod launcher - a destructive device.

Neither the law nor the Court mandates that the destructive device must jive with whatever definition fits best for the defense.

### D. The Alleged Bank Fraud Omissions-Another Equally Vacuous Point

This argument requires the court to believe, first, Mr. Kocienda, an individual whom Security Aviation failed to inform this Court is now their chief financial officer, "meant" something else. The Court has easily dispatched this argument as it must, since Kocienda's self-serving affidavit is nothing more than a slick attempt to now alter what were obviously clear statements about government contracts funding Security Aviation's growth – contracts that simply did not exist no matter what Kocienda's explanation.

## CONCLUSION

Security Aviation fails to provide the Court with any basis to alter its report and recommendation. Accordingly, the government relies upon its own points and authorities provided to the Court in its initial opposition and adopts the findings of fact, points and authorities as well as conclusions of law as set forth in the report

//


//

and recommendation of the Magistrate Judge.

  RESPECTFULLY SUBMITTED this <u>8th</u>  day of May, 2006 at Anchorage, Alaska

                DEBORAH M. SMITH
                Acting United States Attorney

                <u>s/ Steven. E. Skrocki</u>
                Assistant U.S. Attorney
                222 West 7th Ave., #9, Rm. 253
                Anchorage, AK 99513-7567
                Phone: (907) 271-3380
                Fax: (907) 271-1500
                E-mail: steven.skrocki@usdoj.gov

                <u>s/ James Barkeley</u>
                Assistant U.S. Attorney
                222 West 7th Ave., #9, Rm. 253
                Anchorage, AK 99513-7567
                Phone: (907) 271-5071
                Fax: (907) 271-1500
                E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
& Paul Sockler.

<u>s/ Steven E. Skrocki</u>