Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:  (907) 276-4557
Facsimile:   (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a<br>"COMMANDER KANE," and<br>SECURITY AVIATION, INC.,<br><br>　　　　　Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**OBJECTION TO UNITED STATES'<br>RESPONSE TO THE INITIAL REPORT<br>AND RECOMMENDATION ON<br>SECURITY AVIATION'S MOTION TO<br>SUPPRESS EVIDENCE OF SEARCH AT<br>PALMER HANGAR** |

Defendant Security Aviation, Inc. ("Security Aviation") hereby responds to the government's objection to the magistrate judge's Recommendation on Security Aviation's Motion to Suppress Evidence of Search at Palmer Hangar. Security Aviation previously filed its objection to the magistrate judge's finding that there was a valid consent search. Security Aviation now responds to the government's objection to the magistrate judge's finding that the entry into the Palmer hangar by Special Agent Campe and John Berens was a government search.[1]

---

[1] The government again raises the issue of inevitable discovery, arguing that the pods would have been inevitably discovered by the government through execution of a search warrant that was only authorized a search for evidence of fraud. It is undisputed that the pods were stored in a second floor parts room. A search warrant authorized solely on the basis of probable cause of bank and wire fraud would not have authorized searching agents to access the parts room. The government has not given any reason why evidence of financial fraud would be discovered amongst aircraft parts.

The magistrate judge correctly applied the appropriate test, under *United States v. Reed*, 15 F.3d 928 (9th Cir. 1993).  Under *Reed,* the test for whether government action is present are: (1) whether the government knew and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends.  *Id.* at 931.  The January 21, 2006 search of the Palmer hangar easily meets both prongs.  Campe not only knew of and acquiesced in Berens's intrusive conduct,[2] he was an active participant in the intrusive conduct.  It is also undisputed that Berens' motive was to assist law enforcement.  Berens asked Campe to accompany him into the hanger and volunteered to take pictures for Campe if Campe was unable to accompany Berens.  Although Berens also intended to take drop tanks and batteries from the hangar, the magistrate judge correctly interpreted the evidence to find that under *Reed¸* Berens intended to assist law enforcement.  No other conclusion is possible, especially in light of Berens's offer to take photographs for Special Agent Campe.  The magistrate judge correctly found that Campe and Berens acted together as agents of the government and that their search of the hangar was a government search.

While the magistrate judge erroneously analyzed the issue of consent, the law and facts mandate his finding that the January 21, 2006 Palmer hanger search was a government search, therefore implicating the Fourth Amendment.

---

[2] The government's focus on the word "intrusive" is a red herring.  A warrantless search by a FBI agent and a private individual acting as a government agent is clearly "intrusive."

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

RESPONSE TO UNITED STATES' RESPONSE TO
THE INITIAL REPORT AND
RECOMMENDATION ON SECURITY
AVIATION'S MOTION TO SUPPRESS

<u>UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION</u>

DATED this 8th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By: /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.


By: /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

RESPONSE TO UNITED STATES' RESPONSE TO
THE INITIAL REPORT AND
RECOMMENDATION ON SECURITY
AVIATION'S MOTION TO SUPPRESS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 3 of 3                                          Case No 3:06-CR-00022-JWS-JDR-2

4817-7184-8961\1 5/8/2006 9:35 AM