DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       james.barkeley@usdoj.gov

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **REPLY TO DEFENDANT** |
| vs. | ) | **SECURITY AVIATION'S** |
| | ) | **OBJECTIONS TO THE** |
| ROBERT F. KANE, | ) | **INITIAL REPORT AND** |
| a/k/a "COMMANDER KANE," and | ) | **RECOMMENDATION RE:** |
| SECURITY AVIATION, INC., | ) | **THE MOTION TO SUPPRESS** |
| | ) | **FRUITS OF THE SEARCH AT** |
| Defendants. | ) | **SECURITY AVIATION'S** |
| | ) | **PALMER HANGAR** |
| | ) | |

COMES NOW Plaintiff United States, by and through counsel, and files with

the court a reply to Defendant Security Aviation's Objections to the Initial Report and

Recommendation Regarding the Motion to Suppress Fruits of the Search at Security

Aviation's Palmer Hangar.

Security Aviation makes two objections: (1) that the record does not support the Magistrate Judge's factual finding that Robert Anthony consented to SA Campe's entry into the Palmer hangar; and (2) that the Magistrate Judge's legal conclusion, that consent was validly obtained, is flawed because John Berens acted as a government agent.

The first objection is easily disposed of by, among others, the following two excerpts from Mr. Anthony's testimony at the suppression hearing:

| | |
|---|---|
| Q (by Mr. Stockler): | Sir, were you – as of December of 2005 were you allowed to allow visitors on your own into the Palmer hangar? |
| A (by Mr. Anthony): | That is correct. |
| Q: | You were allowed or you were not allowed? |
| A: | There was nothing stated that we could not let people in. |
| Q: | Okay, so you were under the understanding you could let anybody in and out of the hangar? |
| A: | Yes, sir. |
| Q: | And nothing that you signed prohibited that? |
| A: | That's correct. |
| Q: | Is it your position that as of December of 2005 if you wanted to let an FBI agent into the hangar you could? |

> A:                              Yes, sir.[1]

Mr. Anthony believed that he had the authority to let anybody into the hangar – even an FBI agent.

Mr. Anthony held firm, maintaining the breadth of his authority later during his "direct" examination by defense counsel:

> Q (Mr. Stockler):   The day you let them in you knew you weren't allowed to let them in the hangar?
> A (Mr. Anthony):   No, sir, I didn't.
> Q:   You believed you had the right to do it?
> A:   Yes, sir.
> Q:   And that was on the 21st?
> A:   Yes, sir.[2]

Thus, the record supports the Court's finding that Anthony thought he could give consent – which he did.

Security Aviation's second objection also lacks merit. Security Aviation re-argues that Anthony lacked actual authority to allow the hangar entry, and that Berens knew it. However, as a matter of fact, the evidence in the record only supports

---

[1] Transcript of Evidentiary Hearing on Defendant's Motion to Suppress the Fruit of Unconstitutional 1/1/06 Search of Security Aviation's Palmer Hangar, Direct Examination of Robert Anthony, page 98 (dkt. 154).

[2] Transcript of Evidentiary Hearing on Defendant's Motion to Suppress the Fruit of Unconstitutional 1/1/06 Search of Security Aviation's Palmer Hangar, Direct Examination of Robert Anthony, page 113 (dkt. 154).

Anthony's belief that he had such authority, and Berens' (and Campe's) reasonableness in relying upon Anthony's belief. Transcript at 98, 113, and 123–124.

The Court's finding that consent was lawfully obtained is the only conclusion supported by the record and should be upheld. As to legal issues other than consent, the United States hereby incorporates, and relies upon, its previously-filed pleadings pertaining to the underlying motion.

Respectfully submitted this 8th day of May, 2006 in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/ James Barkeley
> JAMES BARKELEY
> Assistant U.S. Attorney
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3699
> Fax: (907) 271-1500
> E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2006 a copy of the foregoing was served electronically on the following: Robert Bundy, Allen Clendaniel, Kevin Fitzgerald, James Kee, and Paul Stockler.

s/James Barkeley