Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a<br>"COMMANDER KANE," and<br>SECURITY AVIATION, INC.,<br><br>             Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF GOVERNMENT EXPERT CHARLES WATSON** |

Security Aviation, Inc., ("SAI") moves this Court for an order in limine prohibiting government proposed expert Charles W. Watson from testifying that:

1.      UB-16-57 rockets designed for use in the rocket pods seized at SAI's Palmer hangar are "readily available";

2.      That additional hardware for firing UB-16-57 rockets, including "snap rings" and "electrical igniters" are readily available.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

The government has indicated it intends to offer Charles W. Watson as an expert on the subject of whether the rocket pods designed to fire UB-16-57 rockets are in "operational condition." In addition to a brief report, dated April 12, 2006, and Mr. Watson's resume, the government made Mr. Watson available for interview on April 13, 2006 by representatives of the defendants. In that interview, Mr. Watson purported to express opinions that were not contained in his report of April 12, 2006 – specifically, that UB-16-57 rockets for the subject rocket pods were "readily available" on the black market and additional components needed to fire the rockets from the subject rocket pods – "snap rings" and "electrical igniters" – were also "readily available" on the black market. Nonetheless, Mr. Watson stated that he has never personally participated in the purchase of any UB-16-57 rockets, snap rings or electrical igniters. Nor has he ever seen a UB-16-57 rocket snap ring or an electrical igniter in the United States except in the possession of the United States government. All of his information about the supposed availability on the black market comes from the reports of others. When asked about these reports, he stated he could not provide any information about the source or nature of the reports because it was "classified information."

SAI strongly disputes that any UB-16-57 rockets, snap rings or electrical igniters are available to it, readily or otherwise, and believes that close examination of the supposed reports of availability of the pods would demonstrate that fact. Unfortunately, since Mr. Watson would not reveal any of his information, SAI cannot cross-examine

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF CHARLES WATSON
Page 2 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

him on that subject.  Accordingly, this Court should preclude Mr. Watson from testifying about the supposed ready availability of UB-16-57 rockets, snap rings and igniters.  To admit this testimony into evidence would violate Fed. R. of Evid. 703 and deprive SAI of its right to confront witnesses under the Sixth Amendment of the United States Constitution.

Federal Rule of Evidence 703 defines the appropriate basis for expert opinion. Under Fed. R. Evid. 703, an expert may base his or her testimony on inadmissible materials, but only where such inadmissible materials are "of a type reasonably relied upon by experts in the particular field . . ."  *Id*.

The reports on which Mr. Watson is purportedly relying, and which he refuses to disclose, are in admissible hearsay.  If they are to be admitted, it must be under Fed. R. 703, as materials "of a type reasonably relied upon by experts in the particular field . . ." In making a determination whether materials are of a type reasonably relied upon by an expert, one of the key "*indicia* of reliability is the disclosure of the basis for an expert's testimony to the opposition and to the court."  Wright & Gold, *supra*, § 6274 at 342, n. 44-52.  *See, Soden v. Freightliner Corp.*, 714 F.2d 498, 503 (5th Cir. 1983)(Failure to disclose the basis for the expert's testimony undermined the plaintiff's ability to reveal to the trier of fact any reliability problems thus undermining the jury's ability to assess the credibility of the expert.)

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF CHARLES WATSON
Page 3 of 6

<u>UNITED STATES OF AMERICA V.</u>
<u>ROBERT F. KANE and SECURITY AVIATION</u>
Case No 3:06-CR-00022-JWS-JDR-2

In the context of a criminal trial, confrontation clause of the Sixth Amendment to the United States Constitution commands that reliability be assessed by "testing in the crucible of cross examination . . ." *Crawford v. Washington*, 541 U.S. 36, 61, 124 S. Ct. 1354, 1370 (2004). Because the right of confrontation and the role of cross-examination is especially significant in dealing with expert testimony, failure to disclose the basis that an expert relies upon requires exclusion of that expert's testimony. "The right to confrontation in this context means providing the defendant with an adequate opportunity to cross examine. This means providing defendant with access to the . . . basis of the expert's opinion." Wright & Gold, *supra,* § 6275 at 357, n. 27. *See, also*, *U.S. v. Larson*, 653 F.2d 299, 302 (7th Cir. 1981)(In addition to the reasonable reliance requirement of Rule 703, a criminal defendant must therefore also have access to the hearsay information relied upon by an expert witness. Without such access, effective cross-examination would be impossible."); *U.S. v. Smith*, 869 F.2d 348, 355 (7th Cir. 1989)(The confrontation clause of the Sixth Amendment requires that the defendant have access to material relied upon by experts in order that she has an adequate opportunity to prepare her cross-examination.); 4 Weinstein & Berger, Weinstein's Federal Evidence, § 703.06 ("where an expert witness relies on inadmissible facts and data in the formulation of an opinion, the ability of a criminal defendant to cross-examine the expert witness effectively is crucial to the avoidance of Confrontation Clause issues. In turn, effective

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF CHARLES WATSON
Page 4 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

cross-examination depends on the defendant's advance access to substantially all of the facts and data on which the expert relied.

Here, the expert claims to be relying on the reports of others, but refuses to identify the source or the precise nature of the reports.  Accordingly, there is no way that SAI can cross-examine the expert on the issue of whether these reports are reasonably relied upon, nor can the Court make the determination required under Fed. R. Evid. 703. Accordingly, any testimony by Mr. Watson on the claimed ready availability of rockets, snap rings or igniters should be precluded.

DATED this 8th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:      /s/ Robert C. Bundy
    Robert C. Bundy, ABA #7206021
    Allen F. Clendaniel, ABA #0411084
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    bundy.robert@dorsey.com
    clendaniel.allen@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF CHARLES WATSON
Page 5 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley                            Paul D. Stockler
Steven Skrocki                               1309 W. 16th Avenue
Assistant United States Attorney             Anchorage, Alaska  99501
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567


Kevin Fitzgerald                             James L. Kee
Ingaldson, Maassen & Fitzgerald              Kee, Archer & Herberger, P.A.
813 West 3rd Avenue                          1102 Maple Street
Anchorage, Alaska  99501                     Duncan, Oklahoma  73533


by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.


  By:     /s/ Robert C. Bundy
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084
        Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE TO PRECLUDE                    UNITED STATES OF AMERICA V.
TESTIMONY OF CHARLES WATSON            ROBERT F. KANE and SECURITY AVIATION