Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:   (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>    Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MOTION IN LIMINE TO REQUIRE THE GOVERNMENT TO GRANT USE IMMUNITY TO DEFENSE WITNESSES** |

    Defendant Security Aviation, Inc. ("Security Aviation") moves in limine for an order requiring that the government grant use immunity to defense witnesses, James Mendenhall ("Mendenhall") and Allen Smith ("Smith"), if the government introduces certain documents containing statements by Mendenhall and Smith into evidence. Without the testimony of Smith and Mendenhall, the documents are misleading and contain material omissions that will distort the judicial fact finding process. If immunity is not granted to Smith and Mendenhall, Security Aviation moves in the alternative that the documents be excluded as more prejudicial than probative under Fed. R. Evid. 403. Finally, if the documents are introduced into evidence and Mendenhall and Smith are not granted use immunity, Security Aviation move for an order admitting Mendenhall's and

Smith's hearsay statements contained in FBI "302" reports as statements against interest under Fed. R. Evid. 804(b)((3)).

## I. Facts

Mendenhall was an employee of Security Aviation at the time the rocket pods were purchased. Smith was the seller of the pods. Mendenhall conversed with Smith regarding the pods. Mendenhall then ordered the pods from Smith. Smith's only contact at Security Aviation was Mendenhall.

## II. Documents

The government has produced to the defense documents that contain email statements made by Smith and Mendenhall regarding the purchase of the rocket pods from Smith.[1] The government has also produced to the defense documents that contain statements sent from Mendenhall to defendant Robert Kane ("Kane"), including a statement written on a packet of internet research conducted by Mendenhall. Mendenhall's research also includes internet printout of pictures of rockets and rocket

---

[1] Smith's statements are, of course, inadmissible hearsay to the extent that they are offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c), 802. They certainly are not records of regularly conducted activity under Fed. R. Evid. 803(6), as they were not "kept in the course of a regularly conducted business activity" and it was not the "regular practice of that business activity to make the memorandum, report, record or data compilation." Obviously, Smith's statements cannot come into evidence as admissions by a party opponent. While Mendenhall's statements arguably are admissible as non hearsay admissions by a party opponent because they were made in the course of his employment at Security Aviation under, Smith's statements even if contained in an email sent by Mendenhall are inadmissible. The government will undoubtedly attempt to introduce Smith's statements for some non-hearsay purpose. Even assuming that there is non hearsay purpose for which the statements are admissible, without Smith and Mendenhall's testimony the documents are misleading and unfairly prejudicial.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE
IMMUNITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 2 of 14

Case No 3:06-CR-00022-JWS-JDR-2

schematics. The government obviously intends to try to admit these documents (hereinafter the "rocket documents") into evidence at trial. These documents are misleading, omit material information regarding context and are unfairly prejudicial. They could easily be misconstrued by the jury without the explanatory testimony of Smith and Mendenhall. The document could also unfairly inflame the jury's emotion and passion.

**III.    Testimony**

The testimony of Mendenhall and Smith is essential to understanding the documents the government plans to introduce. The government has produced "302" reports, presumably as exculpatory Brady material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), of interviews of Smith and Mendenhall.[2] The FBI 302 reports demonstrate the innocent nature of the rocket documents that the government intends to introduce. For example, in the 302 report summarizing interviews of Mendenhall by the government on March 14 and 15, Mendenhall states:

1. Mendenhall accidentally discovered the eBay ad of Allen Smith offering rocket pods described as "Zunis."

2. Mendenhall showed the eBay ad to Even "Joe" Griffith, a Security Aviation consultant and former United States Air Force Wing Commander at Elmendorf Air Force Base, who told Mendenhall that Smith's pods were not Zunis because Zunis are NATO rocket pods.

---

[2] Exhibit A, Mendenhall's and Smith's 302 reports.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

3.  Mendenhall's then conducted research to determine what type of pods Smith had to sell and if they were compatible with Security Aviation's L-39 aircraft.

4.  Smith told Mendenhall that the locking rings and other parts had been removed from the pods and the pods had been "demilled."

5.  To his knowledge, the pods were intended by Security Aviation for static display only.

6.  Robert Kane never asked Mendenhall about parts or rockets for the pods.

7.  To his knowledge, Mendenhall is not aware of any attempt to hide the pods from FAA personnel.

Smith's 302 report also contains exculpatory statements:

1.  Smith advertised the pods as de-militarized on his website for two years.

2.  Smith understood that Security Aviation's intended use of the pods was "primarily decorative."

3.  Smith characterized the pods as "strictly ornamental," demilitarized, and lacking essential components.

## IV. Government Conduct

The defense has served Mendenhall and Smith with subpoenas and intends to call both as witnesses at trial. Because of the government's interaction with these two defense witnesses, both are likely to refuse to testify and assert their Fifth Amendment right against self incrimination. The interview of Mendenhall was a "proffer session." Assistant U.S. Attorney Steve Skrocki attended the interview. The conditions of the proffer were explained to Mendenhall and his lawyer verbally and in a letter. Both

MOTION IN LIMINE RE GRANT USE
IMMUNITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 4 of 14

Case No 3:06-CR-00022-JWS-JDR-2

Mendenhall and his lawyer signed the letter agreeing to the conditions of the interview. The details of the proffer have not been disclosed to the defense.

Smith's interview was not a proffer session, although Smith's lawyer was present. After Smith's interview on February 21, 2006, the government remained in contact with Smith and continued to exert pressure on Smith. On March 31, 2006, Assistant U.S. Attorneys James Barkeley and Steve Skrocki left a voice message for Security Aviation's lawyer, Allen Clendaniel.[3] In the voice mail message, James Barkeley described an email that the FBI had discovered on Kane's computer. The email was a message from Smith to Mendenhall that Mendenhall had forwarded to Kane. In the email, Smith described the second set of pods that Security Aviation had ordered as having not been machine cut and intact.[4] The government left the message for the purpose of letting defense counsel have an "accurate finger on the pulse of [his] client's condition." Jim Barkeley also stated that the email the FBI has located did not come from Smith or Mendenhall. The Assistant U.S. Attorneys then ended the message for Security Aviation's counsel, but failed to hang up the phone. Typing can be heard in the background and it is obvious that a letter is being drafted. One Assistant U.S Attorney dictates the phrase "Mr. Smith's situation has worsened" The Assistant U.S. Attorneys then realize that the phone had not been disconnected. One exclaims "oops" and the phone is hung up.

---

[3] Exhibit A to the Affidavit of Vallorie Parlberg attached hereto as Exhibit B.

[4] This email is one of the documents that must be excluded from evidence if Mendenhall and Smith are not granted immunity.

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 5 of 14

Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

From this voice message, it is clear that the government sent a threatening letter or email to Smith's counsel because of the government perception that Smith had withheld an email from the government. The defense is not privy to details of this communication by the government to Smith, but from the language "Mr. Smith's situation has worsened," it is obvious that the government was pressuring Smith in some fashion regarding this case. The defense is also not privy to any other communications between the government and Smith and Mendenhall,[5] but if the voice message is indicative of the government's approach, the government has exerted substantial pressure on both Smith and Mendenhall regarding their involvement in this case.

## V. Argument

### A. The Government Must Grant Smith and Mendenhall Immunity

Given the government's conduct, both Smith and Mendenhall are very likely to refuse to testify on Fifth Amendment grounds.[6] Yet, the government obviously intends to introduce documentary evidence that without the explanatory testimony of Smith and

---

[5] On April 17, 2006, defense counsel requested in a letter that the government produce information regarding the government's contact with Smith and Mendenhall. See Ex C, April 17, 2006 letter from Robert Bundy to Steve Skrocki and James Barkeley. The government has not responded to that request.

[6] The government is taking the position in this case that the rocket pods are destructive devices that must be registered. Smith possessed the pods without registering them. Mendenhall ordered the pods. Given the government's position that the pods are illegal destructive devices and that even the importation or transportation of the pods is a crime and the government's threatening contact with Mendenhall and Smith, it is only natural if Smith and Mendenhall view themselves as likely targets for future prosecutions. Because nothing would prevent their testimony from being used against them in subsequent prosecutions, it would very well be in their interest to assert their Fifth Amendment rights not to testify.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 6 of 14

Case No 3:06-CR-00022-JWS-JDR-2

Mendenhall is materially misleading. The government, through its own conduct, set this case up so that the jury will be presented with potentially misleading evidence and denied the ability to hear testimony that would explain the context of that evidence. If Mendenhall and Smith take the Fifth Amendment, the government will have set up trial so that "cherry picked" evidence that can be misconstrued as inculpatory is presented to the jury and explanatory exculpatory testimony is withheld from the jury. All the while, the defense will have to sit helpless while its witnesses assert their Fifth Amendment rights as a result of the government's conduct. This is fundamentally unfair and prejudicial to Security Aviation. Accordingly, if the government refuses to voluntarily grant immunity to Smith and Mendenhall, this court must order the government to grant Smith and Mendenhall immunity to prevent a distortion of the judicial fact finding process.

The government has created a situation where defense witnesses who will offer exculpatory testimony will likely refuse to testify, but the government can easily rectify the situation. Under 18 U.S.C. §§ 6002-6003, a federal prosecutor may secure immunity for a witness whose testimony "may be necessary to the public interest." Once immunized a witness may not refuse to answer by asserting the fifth amendment privilege against self-incrimination. This immunity is referred to as "use immunity." *See, e.g., Weg v. United States*, 450 F.2d 340, 341 (9th Cir.1971). Use immunity means that, while the government may prosecute the witness for an offense related to the subject matter of the witness's testimony, the testimony itself and any "fruits" thereof may not be used

MOTION IN LIMINE RE GRANT USE
IMMUNITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 7 of 14

Case No 3:06-CR-00022-JWS-JDR-2

against the witness in any criminal case except for a prosecution for perjury arising out of the testimony.

Under certain circumstances when a defense witness' refuses to testify, use immunity is necessary to "protect and enforce a defendant's due process right to a fair trial." *United States v. Lord*, 711 F.2d 887, 890 (9th Cir. 1983). In such a situation, the government can be forced to grant immunity to a defense witness. The Ninth Circuit has developed the following standard for when the government must grant immunity to a defense witness:

> A criminal defendant is not entitled to compel the government to grant immunity to a witness unless (1) the testimony is relevant and (2) the government distorted the judicial fact-finding process by denying immunity.

*United States. v. Alvarez*, 358 F.3d 1194, 1216 (9th Cir 2004).

Here, Mendenhall's and Smith's testimony is not only relevant, it is extremely exculpatory. Their testimony shows that the seller and purchaser of the pods believed that the pods were not complete and had been demilitarized . This testimony would prove that Security Aviation had no knowledge that the pods were a destructive device, an essential element of the crime of possessing an unregistered firearm. *United States v. Staples*, 511 U.S. 600, 619 (1994) (holding that the government must prove that the defendant knew of those features which brought the firearm within the scope of the statute); *United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999) (*mens rea* requirement that the defendant know of the particular characteristics of the firearm which bring it within the scope of the statute is "an essential element of a § 5861(d) violation").

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 8 of 14

Case No 3:06-CR-00022-JWS-JDR-2

The testimony would also demonstrate that the pods were to be used for a peaceful purpose and were decorative in nature.

Here, the government has clearly distorted the "judicial fact finding process by denying immunity." The judicial fact finding process can be distorted when "the government or its agents take affirmative actions to prevent defense witnesses from testifying." *United States v. Westerdahl*, 945 F.2d 1083, 1085 (9th Cir. 1991). The government has had extensive contact with the defense witnesses, including interviews and some form of a proffer made to Mendenhall. The Assistant U.S. Attorneys have even gone so far as to send a threatening communication to Smith's lawyer. *See e.g., Lord*, 711 F.2d at 891 (holding that a prosecutor's pretrial statement to a defense witness that whether the witness would be prosecuted depended on the witness's testimony coupled with the defense witness's subsequent invocation of the Fifth Amendment constituted affirmative action to prevent the defense witness from testifying.) In this case, it is only the government's affirmative actions that will cause the jury's failure to hear defense witnesses' exculpatory testimony.

Prosecutorial misconduct that distorts the judicial fact finding process is not, however, confined solely to situations in which the government "affirmatively induces a witness not to testify in favor of a defendant." *Westerdahl*, 945 F.2d at 1087. The government also distorts the fact finding process by "[t]he use of immunized testimony for the prosecution, while denying immunity to a defense witness who would directly contradict that of the government witness(es)." *Alvarez*, 358 F.3d at 1216. Here, the government's conduct similarly distorts the fact finding process. The government seeks

MOTION IN LIMINE RE GRANT USE
IMMUNITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 9 of 14

Case No 3:06-CR-00022-JWS-JDR-2

to introduce documentary evidence that can only mislead the jury and unfairly prejudice the defendant. The admission into evidence of the results of Mendenhall's research and the email statements of Smith and Mendenhall regarding rockets and the pods, without the accompanying explanatory testimony of Smith and Mendenhall, is unfairly prejudicial. Instead of hearing testimony that (1) the pods were advertised as demilitarized; (2) both Smith and Mendenhall believed that the pods were incomplete; and (3) the pods were intended to be used for peaceful, static, decorative display, the jury will see vague and cryptic hearsay email statements about rockets and rocket launchers and view unexplained internet-printout of pictures of rockets and rocket schematics. This is a clear of a distortion of the fact finding process. Accordingly, under the Ninth Circuit standard, this Court must order the government to grant use immunity to Smith and Mendenhall.

### B. Rocket Documents are Inadmissible As More Prejudicial than Probative

If Mendenhall and Smith are not granted immunity, the rocket documents are inadmissible under Fed. R. Evid 403 because their "probative value is substantially outweighed by the danger of unfair prejudice." "[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). If the rocket documents are admitted without defense witness testimony, the jury will be presented with highly inflammatory pictures of rockets that is of minimal relevance. The

Dorsey & Whitney LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 10 of 14

Case No 3:06-CR-00022-JWS-JDR-2

jury, inflamed by vague email statements regarding rockets and rocket launchers and pictures of rockets, could very likely base its decision not on the evidence, but on an improper emotional basis.

When performing Rule 403 balancing, the danger of unfair prejudice must be given greater weight because of the availability of other means of proof. *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996) (citing *Huddleston v. United States*, 485 U.S. 681, 688 (1988). Here the government could prove whatever it plans to prove by calling Mendenhall and Smith to the stand, granting them use immunity, and asking them to explain the rocket documents. This non prejudicial alternative available to the government weighs heavily in favor of excluding the rocket documents. Because the admission of the rocket documents without the testimony of Smith and Mendenhall will certainly lead the jury to make its decision on the basis of misleading and incomplete evidence, the documents should also be excluded under Rule 403 because the evidence's "probative value is substantially outweighed by the danger of . . . of misleading the jury." Fed. R. Crim. Proc. 407. For all these reasons, to the extent that immunity is not granted to Mendenhall and Smith, the rocket documents must be excluded under Fed. R. Evid. 403.

C.    **302 Reports are Admissible as Statements Against Interest**

Finally, if the rocket documents are admitted into evidence and Mendenhall and Smith both assert their Fifth Amendment rights and refuse to testify, their FBI 302 reports are admissible as prior statements against interest under Fed. R. Evid. 804(b)((3)). There are two requirements for a statement to be admissible as an admission against

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 11 of 14

Case No 3:06-CR-00022-JWS-JDR-2

interest. First, under Fed. R. Evid. 804(a), the witness must be unavailable to testify. A witness's assertion of the Fifth Amendment makes a witness unavailable. *See, e.g., Padilla v. Terhune*, 309 F.3d 614, 618 (9th Cir. 2002) (assertion of Fifth Amendment privilege makes a witness legally unavailable). Second, the statement at the time of its making has to subject the declarant to criminal liability. *See* Fed. R. Evid. 804(b)(3). Because the reports are offered to exculpate the accused and tend to expose Smith and Mendenhall to criminal liability, corroborating circumstances indicating the trustworthiness of the statements are also necessary. The 302 reports clearly subject Mendenhall and Smith to criminal liability. Smith states that he possessed the pods and did not register them. Likewise, Mendenhall admits to purchasing the pods. Given the government's position that the pods are illegal destructive devices, the 302 reports are statements against penal interest. At the time the statements were made, it was clear to Smith and Mendenhall that the government's position was that the pods were illegal destructive devices. The statements therefore exposed Smith and Mendenhall to criminal liability at the time they were made. See Weinstein's Federal Evidence § 804.06[4][d] ("At the moment the statement is made the declarant must believe that the statements is against the declarant's interest.")

There also is corroborating circumstances indicating the trustworthiness of the statements. First, Smith's and Mendenhall's 302 reports corroborate each other as to the non-functionality of the pods and the Security Aviation's intended purpose. Second, the statements were made to government agents in the context of an investigation regarding

MOTION IN LIMINE RE GRANT USE
IMMUNITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 12 of 14

Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

the pods. Under these circumstances, the trustworthiness of Mendenhall's and Smith's 302 reports is clearly corroborated.

## VI.   Conclusion

This Court must order the government to grant use immunity to Smith and Mendenhall to prevent a distortion of the judicial fact finding process. If the government is not ordered to grant use immunity, then the "rocket documents" are inadmissible under Fed. R. Evid. 403. Finally, if the rocket documents are admitted and Smith and Mendenhall plead the Fifth Amendment and refuse to testify, their "302" statements are admissible as statements against interest.

DATED this ____ day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

/s/ Allen F. Clendaniel
By: Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
CLENDANIEL.ALLEN@DORSEY.COM

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 13 of 14

Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, Alaska 99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska 99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma 73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By: /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GRANT USE IMMUNITY

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 14 of 14
4832-3985-3056\1 5/8/2006 11:50 AM

Case No 3:06-CR-00022-JWS-JDR-2