Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>    Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MOTION IN LIMINE TO PRECLUDE TESTIMONY OF BATF INSPECTOR GARY SCHAIBLE** |

Security Aviation, Inc., ("SAI") moves this Court for an order in limine prohibiting Gary Schaible, inspector with the Bureau of Alcohol, Tobacco, Firearms & Explosives from testifying that other rocket pods have been registered in the National Firearms Registration and Transfer Records ("the BATF Database").

According to the government, Mr. Schaible will testify that the BATF Database contains no record that any destructive devices (rocket pods) were registered to SAI, as the government contends they must be in order for SAI to have lawfully possessed them.

Also according to the government, Mr. Schaible will testify about the manner in which registration data is maintained in the BATF Database. SAI does not object to Mr. Schaible so testifying, although SAI has offered to stipulate that the rocket pods found in the Palmer hangar were not registered as destructive devices in the BATF Database.

The government advises that Mr. Schaible will <u>not</u> be testifying about the rocket pods being destructive devices as defined in the United States Code. On the other hand, the government states that Mr. Schaible will testify that other rocket pods have been registered in the BATF database. It is this testimony to which SAI objects.

1.     <u>Evidence of Other Pods Registration is Irrelevant</u>.

Federal Rule of Evidence defines 401 finds relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether or not other, unidentified rocket pods have been registered as destructive devices with the BATF is of no help in determining whether the particular rocket pods in this case are destructive devices. The particular configuration of other pods, the completeness of their assembly, the availability of parts for them all serve to distinguish various pods. Moreover, that some people felt they needed to register pods does not mean they are truly destructive devices under the relevant statutes. People may have decided to register the pods only as a precaution against the kind of government mischaracterization SAI believes occurred in this case. *See*, *U.S. v. Rangel-Gonzalez*,

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE RE GARY SCHAIBLE

Page 2 of 6

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

617 F.2d 529, 532 (9th Cir. 1980) (Statement that other aliens that are told they may contact their consulate ever do so is not relevant because a "statement setting forth the conduct of others, in circumstances that are unexplained, would not appear to have any bearing on what this particular individual would have done in the particular circumstances facing him.")

Whether a particular item of evidence tends to prove the matter of consequence depends upon principles evolved by experience or science, applied logic to the situation at hand. Fed. R. Evid. 401, Advisory Committee notes. There is no logical connection between the fact that some, unidentified pods may be registered with the question of whether the particular pods at issue in this case are, indeed, destructive devices as defined by the statute.

2. <u>Evidence of the Registration of Other Pods Should Be Excluded on the Grounds of Prejudice, Confusion and Waste of Time</u>.

Fed. R. Evid. 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Mr. Schaible's proposed testimony – that other, unidentified pods have been registered in the past – creates a substantial danger of unfair prejudice. Specifically, as the government knows, a number of pods virtually identical to the ones in this case have

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE RE GARY SCHAIBLE                UNITED STATES OF AMERICA V.
                                                 ROBERT F. KANE and SECURITY AVIATION
Page 3 of 6                                      Case No 3:06-CR-00022-JWS-JDR-2

been circulated in the United States without being registered.  Unfortunately, as pointed out in other motions, the government's focus on other pod owners, and the publicity generated by this case, has made it less likely that other pod owners will come forward to offer testimony.  Thus, even though the government knows a number of pods are in open private ownership throughout the country that are not registered, Mr. Schaible would likely not be able to provide any information about that.  Instead, the jury would only hear about these unidentified pods that are registered, without hearing about those that are not.  That creates the possibility that the jury would believe that persons typically registered pods, when that is not the case at all.

Moreover, in order for Mr. Schaible's testimony to be relevant requires that the government show substantial similarity of the circumstances of the other pod owners.  See, *U.S. v. Rangel-Gonzalez*, *supra* at 532 n.3 (evidence of other persons' actions must show comparable circumstances); *cf. Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc.*, 23 F.3d 1547, 1555 (9th Cir. 1994) ("[a] showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of . . . a design defect."); *Burlington Northern Railroad Company v. Dept. of Revenue*, 123 F.3d 239 (9th Cir. 1994) (Waste of time, confusion and undue prejudice to introduce evidence of tax assessments in other states); *Lifshitz v. Walter Drake and Sons, Inc.*, 806 F.2d 1426, 1431 (9th Cir. 1986) (probative value of evidence of prior, allegedly similar inventions, in unfair competition case, outweighed by time consumed and

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE RE GARY SCHAIBLE                                                  UNITED STATES OF AMERICA V.
                                                                                                              ROBERT F. KANE and SECURITY AVIATION
Page 4 of 6                                                                                                    Case No 3:06-CR-00022-JWS-JDR-2

likelihood of confusion).  The question for the jury in this case is whether the pods seized from SAI's Palmer hangar are destructive devices within the meaning of the statute.  To examine circumstances surrounding the registration of other pods by other persons in other circumstances would only serve to waste time.

    3.    <u>The Reports of Other Registrations Asks for a Hearsay Statement of the Opinions of Others</u>.

Any testimony from Mr. Schaible that others registered some sort of rocket pods, is nothing more than a hearsay report of the opinion of some unidentified person that some unidentified pod may be a destructive devise.  No exception to the rule is applicable, and the opinions of others without any basis is not admissible under Fed. R. Evid. 202.

Accordingly, Mr. Schaible's proposed testimony that other, unidentified pods have been registered in the past by unidentified persons, is irrelevant and the admission of that testimony creates a substantial possibility of unfair prejudice, confusion of the issues and would be a waste of time.[1]

---

[1] SAI joins in and relies on the arguments made by co-defendant Kane in his motion in limine on the same subject.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE RE GARY SCHAIBLE        <u>UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION</u>
Page 5 of 6        Case No 3:06-CR-00022-JWS-JDR-2

DATED this 8th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:      /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:      /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE RE GARY SCHAIBLE                                     UNITED STATES OF AMERICA V.
                                                                     ROBERT F. KANE and SECURITY AVIATION
Page 6 of 6                                                           Case No 3:06-CR-00022-JWS-JDR-2