Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:  (907) 276-4557
Facsimile:   (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a<br>"COMMANDER KANE," and<br>SECURITY AVIATION, INC.,<br><br>   Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S<br>PROPOSED JURY INSTRUCTIONS** |

   Defendant Security Aviation, Inc. respectfully requests that the jury be instructed in accordance with the attached jury instructions.  Pursuant to D. AK. LR 51.1(f), in lieu of reproducing the extensive Ninth Circuit Model Criminal Jury Instructions, Security Aviation, Inc. only submits the following jury instructions, which are either modifications necessary to the specific charges and evidence in this case or are pattern jury instructions that are particularly relevant to this case and trial.

## INSTRUCTION NO. 1

**Separate Consideration of Multiple Counts – Multiple Defendants.**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

**LEGAL AUTHORITY**: Ninth Circuit Model Jury Instruction 3.14 Separate Consideration of Multiple Counts – Multiple Defendants.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED JURY INSTRUCTIONS

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 2 of 14

Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 2

## Corporate Defendant

The fact that defendant Security Aviation, Inc. is a corporation should not affect your verdict. All persons are equal before the law and corporations are entitled to the same fair and conscientious consideration by you as any other person.

**LEGAL AUTHORITY:** Ninth Circuit Model Jury Instruction 3.19 Corporate Defendant.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED JURY INSTRUCTIONS

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 3 of 14                                   Case No 3:06-CR-00022-JWS-JDR-2

## INSTRUCTION NO. 3

### Possession of Unregistered Firearm Charge

Defendant Security Aviation, Inc. is charged in Count Two of the indictment with possession of an unregistered firearm in violation of Section 5861(d) of Title 26 of the United States Code.  In order for defendant Security Aviation, Inc. to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Defendant Security Aviation, Inc. must have possessed a destructive device.  A destructive device is (a) a weapon by whatever name known which will expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter or (b) a weapon by whatever name known which could be readily converted to expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter.

Second, defendant Security Aviation, Inc. must have known either (a) the weapon it possessed could expel a projectile by the action of an explosive or other propellant and that the barrel or barrels of the weapon had a bore of more than one-half inch in diameter or (b) that the weapon it possessed could be readily converted to expel a projectile by the action of an explosive or other propellant and that the barrel or barrels of the weapon had a bore of more than one-half inch in diameter.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED
JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 4 of 14

Case No 3:06-CR-00022-JWS-JDR-2

If defendant Security Aviation, Inc. possessed a weapon that could not expel a projectile by the action of an explosive or other propellant, but could be readily converted to expel a projectile by the action of an explosive or other propellant, defendant Security Aviation, Inc. must have known that the weapon could be so readily converted. To know that the weapon could be readily converted, defendant Security Aviation, Inc. must have known how the weapon could be readily converted.

Third, the destructive device was not registered to defendant Security Aviation, Inc. in the National Firearms Registration and Transfer Record.

**LEGAL AUTHORITY**: Ninth Circuit Model Jury Instruction 9.31 Firearms—Possession Of Unregistered Firearm (26 U.S.C. § 5861(d)); *Staples v. United States*, 511 U.S. 600, 619 (1994) (holding that the government must prove that the defendant knew of those features which brought the firearm within the scope of the statute); *United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999) (*mens rea* requirement that the defendant know of the particular characteristics of the firearm which bring it within the scope of the statute is "an essential element of a § 5861(d) violation").

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED         UNITED STATES OF AMERICA V.
JURY INSTRUCTIONS                          ROBERT F. KANE and SECURITY AVIATION

Page 5 of 14                               Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 4

## Unlawful Transportation of Destructive Device Charge

Defendant Security Aviation, Inc. is charged in Count 4 of the indictment with the unlawful transportation of a destructive device in violation of Section 922(a)(4) of Title 18 of the United States Code.  In order for defendant Security Aviation, Inc. to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Security Aviation, Inc. was not licensed as a firearms dealer, importer, manufacturer or collector.

Second, defendant Security Aviation, Inc. knowingly transported a destructive device from one state to another;

A destructive device is any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter

To knowingly transport a destructive device, defendant Security Aviation, Inc. must have known (a) that it transported a weapon that could expel a projectile by the action of an explosive or other propellant and that the barrel or barrels of the weapon had a bore of more than one-half inch in diameter or (b) that it transported a weapon that could be readily converted to expel a projectile by the action of an explosive or other propellant and that the barrel or barrels of the weapon had a bore of more than one-half

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED
JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 6 of 14                                                                                                 Case No 3:06-CR-00022-JWS-JDR-2

inch in diameter. If defendant Security Aviation, Inc. transported a weapon that could not expel a projectile by the action of an explosive or other propellant, but the weapon could be readily converted to expel a projectile by the action of an explosive or other propellant, defendant Security Aviation, Inc. must have known that the weapon it transferred could be so readily converted. To know that the weapon could be readily converted, defendant Security Aviation, Inc. must have known how the weapon could be readily converted.

Third, that defendant Security Aviation, Inc. did so without specific authorization by the Secretary of the Treasury of the United States.

**LEGAL AUTHORITY**: Ninth Circuit Model Jury Instruction 8.49 Firearms—Unlawful Transportation Of Destructive Device,(18 U.S.C. § 922()); *Staples v. United States*, 511 U.S. 600, 619 (1994) (holding that the government must prove that the defendant knew of those features which brought the firearm within the scope of the statute).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED                    UNITED STATES OF AMERICA V.
JURY INSTRUCTIONS                                     ROBERT F. KANE and SECURITY AVIATION

Page 7 of 14                                          Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 5

## Weapon – Defined

An individual part or component of a weapon is not a weapon.  For example, while a revolver is a weapon, solely, the cylinder of a revolver is not a weapon.

**LEGAL AUTHORITY**:  26 U.S.C. § 5845(f); *United States v. Ruiz*, 73 F.3d 949, 952 (9th Cir. 1996) (stating that "'parts' aren't necessarily a weapon"); *United States v. Malone*, 546 F.2d 1182, 1184 (5th Cir. 1977) (holding that a grenade without the gun powder is not a destructive device because it was only a part of a destructive device).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED
JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 8 of 14

Case No 3:06-CR-00022-JWS-JDR-2

## INSTRUCTION NO. 6

### Readily Converted – Defined

Readily converted means easily and quickly converted. For a weapon to be readily convertible into a destructive device, (1) the parts and tools necessary for such a conversion must be available and (2) a reasonably skilled and informed worker, but not necessarily an expert or artistic worker, must be able to perform the conversion.

**LEGAL AUTHORITY**: *United States v. Seven Miscellaneous Firearms*, 503 F.Supp. 565, 573 (D. Col. 1980) (defining readily as used in the dictionary as meaning "without hesitation; without delay; quickly; without difficulty") The American Heritage Dictionary of the English Language, Fourth Edition (defining readily as "1. In a prompt, timely manner; promptly.  2. In a cooperative manner; willingly.  3. In a manner indicating or connoting ease; easily."). *United States v. Aguilar-Espinsoa* 57 F.Supp.2d. 1359, 1363 (M.D. Fla) (defining "readily restorable to shoot" as requiring that the necessary parts and tools for the restoration are available and that a reasonably skilled and informed worker, but not an expert worker, could complete the restoration ).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED
JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 9 of 14                                                Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 7

## Possession - Defined

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

**LEGAL AUTHORITY**: Ninth Circuit Model Jury Instruction 8.49.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED　　　　　　　　　　UNITED STATES OF AMERICA V.
JURY INSTRUCTIONS　　　　　　　　　　　　　　　　　ROBERT F. KANE and SECURITY AVIATION

Page 10 of 14　　　　　　　　　　　　　　　　　　　　Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 8

## Opinion Evidence, Expert Witness

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**LEGAL AUTHORITY**:  Ninth Circuit Model Jury Instruction 4.31 *See also United States v. Mendoza*, 244 F.3d 1037, 1048 (9th Cir. 2001) (instruction should be given when requested by the defendant).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED     UNITED STATES OF AMERICA V.
JURY INSTRUCTIONS                                   ROBERT F. KANE and SECURITY AVIATION

Page 11 of 14                                                                   Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 9

## Corporate Criminal Liability

A corporation is a legal entity that may act only through its agents. The agents of a corporation are its officers, directors, employees, and certain others who are authorized by the corporation to act for it.

A corporate defendant is entitled to the same individual and impartial consideration of the evidence that the jury gives to a personal defendant. A corporation may be found guilty of the offense charged or be found not guilty of the offense charged under the same instructions that apply to a personal defendant.

In order to sustain its burden of proof for the crimes of possession of an unregistered firearm in violation of Section 5861(d) of Title 26 of the United States Code and with the unlawful transportation of a destructive device in violation of Section 922(a)(4) of Title 18 of the United States Code as charged in Counts Two and Four of the indictment against defendant Security Aviation, the government must prove to you, beyond a reasonable doubt, that each of the Essential Elements of the Offense, as given to you earlier, was committed by an officer, director, employee, or agent of the corporation.

In addition to the above, the government must also establish the following two (2) elements beyond a reasonable doubt in order to sustain its burden of proof as to defendant Security Agent:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED
JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Page 12 of 14                                                                                               Case No 3:06-CR-00022-JWS-JDR-2

First: That each of the acts committed by the officer, director, employee, or agent were within the course and scope of the employment or agency given to the officer, director, employee, or agent by defendant Security Aviation, Inc.

Second: That the officer, director, employee, or agent committed each of the Essential Elements of the Offense with the intent to benefit Defendant Security Aviation.

In addition, for a corporation to be criminally liable for the knowledge of an officer, director, employee, or agent, the officer, director, employee, or agent must have been obtained within the scope of his or her employment and for the benefit of the corporation.

In order to establish that an act was committed or omitted within the course and scope of employment, the evidence must show that the act or omission related directly to the general duties that this officer, director, employee, or agent was expected to perform by the defendant corporation. It is not necessary for the government to prove that the act was authorized by the corporation formally or in writing.

**LEGAL AUTHORITY**: Federal Jury Instructions § 18.05; *United States v. Route 2, box 472, 136 Acres More or Less,* 60 F.3d 1523, 1527 (11th Cir. 1995) (holding that knowledge " may be attributed to a corporation only when the knowledge was obtained by an agent acting within the scope of his or her employment and for the benefit of the corporation").

SECURITY AVIATIONS INC.'S PROPOSED                    UNITED STATES OF AMERICA V.
JURY INSTRUCTIONS                              ROBERT F. KANE and SECURITY AVIATION

Page 13 of 14                                              Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

DATED this 8th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:     /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S PROPOSED
JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION