Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>        Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S MOTION IN LIMINE TO EXCLUDE RECORDS OF REGISTRATION OF FIREARMS** |

Defendant Security Aviation, Inc. ("Security Aviation") hereby moves in limine to exclude introduction of records of Mark Avery's, or any other individual's, personal registration of firearms.

To sustain a conviction for possession of an unregistered firearm under 26 U.S.C. § 5861(d), the government must prove, as an essential element of the crime, that the firearm was not registered by the defendant. *See*, *United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999). Security Aviation freely admits that the rocket pods at issue have not

been registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") and is willing to stipulate that the rocket pods have never been so registered.

The government has produced to the defense a document evidencing a record search of the firearms that Mark Avery has registered. The document asserts that Mark Avery has registered certain firearms with the government, but that he has not registered the rocket pods at issue in this case. This is arguably tangentially relevant to the charges against Security Aviation as Mark Avery is the sole shareholder and Chief Executive Officer of Security Aviation. Because of Security Aviation's agreement to stipulate that the rocket pods were not registered, however, Avery's firearm registration is inadmissible because it is more prejudicial than probative under Fed. R. Evid. 403.

Generally, the prosecution is entitled to prove its case with evidence of its own choice. The defense cannot force the government to stipulate and thereby limit the full evidentiary force of the government's case. *See*, *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997). However, when the defense has agreed to stipulate to an element of the crime that is essentially a legal status, the introduction of unfairly prejudicial evidence proving that element is inadmissible under Rule 403. In *Old Chief*, the United States Supreme Court held that because of the defense's offer to stipulate to the defendant's legal status as a convicted felon, the introduction of the official record of the defendant's assault conviction had no more evidentiary significance than the defendant's admission. *Id*. at 192. Here, the non-registration of the rocket pods is exactly the same as the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO EXCLUDE RECORDS OF REGISTRATION OF FIREARMS
Page 2 of 4

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

defendant's prior felony conviction in *Old Chief*, a stipulation carries the same evidentiary significance as the records showing the lack of registration.

The introduction of Avery's registration of firearms, however, is unfairly prejudicial. While the possession of the such firearms is legal, it could lead the jury to convict Security Aviation on an improper basis. *See, United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *United States v. United States*, 519 U.S. 172, 180 (1997) ("[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"). If evidence of Avery's registration of firearms is presented to the jury, the jury could convict Security Aviation because of an emotional disapproval of its CEO's gun ownership. The evidence is therefore inadmissible under Rule 403 because its probative value is virtually non existent in light of the defendant's offer to stipulate and is completely outweighed by the unfair prejudice to Security Aviation.[1]

---

[1] *See, United States v. Ellis*, 147 F.3d 1131, 1135-1136 (9th Cir. 1998) (holding that book containing recipes for explosives was unfairly prejudicial in prosecution for mere receipt and possession of stolen explosives, since intent was not element of charged offense and evidence was likely to cause jurors to decide case on emotion rather than evidence presented; *see also People of Territory of Guam v. Shymanovitz*, 157 F.3d 1154, 1160 (9th Cir. 1998) (holding that testimony about gay adult magazines found in defendant's apartment was so prejudicial as to outweigh any probative value in prosecution for sexual activity with minor's because jury's inference that defendant was gay could have caused it to infer that defendant engaged in illegal sexual activity with minors).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO EXCLUDE RECORDS OF REGISTRATION OF FIREARMS
Page 3 of 4

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

DATED this 8th day of May, 2006, at Anchorage, Alaska.

                                                    DORSEY & WHITNEY LLP

By:    /s/ Robert C. Bundy
       Robert C. Bundy, ABA #7206021
       Allen F. Clendaniel, ABA #0411084
       DORSEY & WHITNEY LLP
       1031 West Fourth Avenue, Suite 600
       Anchorage, AK 99501-5907
       (907) 276-4557
       bundy.robert@dorsey.com
       clendaniel.allen@dorsey.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building U.S. Courthouse<br>222 W. 7th Ave. #9, Rm 253<br>Anchorage, Alaska 99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska 99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska 99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma 73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:    /s/ Robert C. Bundy
      Robert C. Bundy, ABA #7206021
      Allen F. Clendaniel, ABA #0411084
      Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO EXCLUDE RECORDS OF REGISTRATION OF FIREARMS
Page 4 of 4

UNITED STATES OF AMERICA V.
<u>ROBERT F. KANE and SECURITY AVIATION</u>
Case No 3:06-CR-00022-JWS-JDR-2

4822-1932-8769\1 5/8/2006 3:04 PM