Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a<br>"COMMANDER KANE," and<br>SECURITY AVIATION, INC.,<br><br>        Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S MOTION IN LIMINE RE ALLEGED PRIOR BAD ACTS OF ROBERT KANE OR, IN THE ALTERNATIVE, FOR SEVERANCE** |

On May 6 and 7, 2006, the government advised defendant Security Aviation, Inc. ("Security Aviation") that it intended to attempt to introduce evidence that: (1) an individual saw co-defendant Robert Kane ("Kane") with what was described as "an arsenal of guns"; (2) Kane possessed and fired a .50 caliber machine gun; and (3) Kane fired an "unidentified rocket launcher."  All of these alleged events supposedly occurred in Oregon in 2001.

Security Aviation understands that Kane denies these events occurred and, should the government be allowed to introduce evidence of them, will aggressively contest that evidence including calling witnesses of his own.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Security Aviation moves this Court for an order precluding the government from putting on the above evidence on the ground that: (1) it is irrelevant "propensity" evidence; and (2) its probative value is substantially outweighed by its potential for evidence. Moreover, the evidence is irrelevant as to Security Aviation because, to the extent the government intends to offer to show Kane's supposed familiarity with firearms and the use of rocket launcher, this "knowledge" is not attributable to Security Aviation; it was not acquired in the course and scope of his employment and was not acquired to benefit the corporation.

1.    The evidence is not admissible against Kane or Security Aviation.

The evidence the government seeks to introduce about the "arsenal of guns," a machine gun and an unidentified "rocket launcher" supposedly by Kane in 2001 in Oregon. This seems nothing other than the purest "proprietary" evidence: because Kane supposedly possessed these items, somehow he – and Security Aviation – are more likely to have possessed a destructive device as charged in the instant indictment. As such, it is not admissible. Fed. R. Evid. 404(b).

None of the acts on which the government seeks to produce evidence resulted in a criminal conviction, or even charges being proffered against Kane. Indeed, even when the government seeks to rely on prior acts given rise to a criminal conviction, the Court must be cautious the evidence does not serve an unfair purpose:

> Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a serious criminal offense rather than because the Government has introduced evidence sufficient to prove beyond a reasonable doubt that they are guilty of the offense for which they are being tried. This danger exists whenever a

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION INC.'S MOTION IN LIMINE RE ALLEGED PRIOR BAD ACTS OF ROBERT KANE OR, IN THE ALTERNATIVE, FOR SEVERANCE

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

jury is advised of the fact of a prior conviction, or evidence relating to earlier criminal conduct is admitted. For that reason, the use of such evidence must be narrowly circumscribed and limited. (Citations omitted, emphasis supplied).

*United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982); *see also*, *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) ("The use of other crimes evidence is not looked on favorably and its use must be narrowly circumscribe and limited.")

In order to admit evidence of prior bad acts for some purpose other than propensity, the following prerequisite must be met:

(1) [P]roof that the defendant committed the other crime must be clear and convincing; (2) the prior criminal conduct must not be too remote in time from the commission of the crime charged; (3) the prior criminal conduct must, in some cases, be similar to the offense charged; [FN1] and (4) the prior criminal conduct must be introduced to prove an element of the charged offense that is a material issue in the case. (Footnote omitted.)

*United States v. Bailleaux, supra* at 1110. The government fails to meet these prerequisites for each of the issues it wants to introduce into evidence.

A. <u>Machine gun</u>. The government's intent to show Kane possessed and fired a .50 caliber machine gun in 2001 in Oregon has nothing whatever to do with a material element of the crime charged in this case: whether Security Aviation knowingly possessed rocket pod launchers that could conceivably be "readily converted" into a destructive device. Also, it is remote in time. The probative value of such evidence is virtually non-existent, and the potential prejudice that the jury will convict Kane on the basis of their distaste for his previous activities is substantial. However, even more

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION INC.'S MOTION IN LIMINE RE ALLEGED PRIOR BAD ACTS OF ROBERT KANE OR, IN THE ALTERNATIVE, FOR SEVERANCE

<u>UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION</u>

Case No 3:06-CR-00022-JWS-JDR-2

substantial is the prejudice to Security Aviation for the alleged bad acts of Kane that occurred long before he became associated with Security Aviation.

B.     "Arsenal of guns."  The government's intent to show that Kane had a large number of guns at some time approximately 5 years in the past has no relevance whatsoever to show that Security Aviation knowingly possessed a device that the government claims can be readily be converted into a destructive device.  Again, the prejudice to Kane is palpable; the prejudice to Security Aviation for acts allegedly committed by Kane long before his association with Security Aviation is overwhelming.

C.     Use of a "rocket launcher."  The government claims it has evidence that in 2001 in Oregon Kane supposedly used an unidentified type of handheld rocket launcher to launch rockets.  All of this supposed "rocket launcher" evidence lacks relevance because there is no showing of similarity between the supposed handheld rocket launcher the government witness claims was used in Oregon and the pods (without rockets) that the government now claims are destructive devices.  Of course, the danger of prejudice to Kane is great, as the jurors may conclude that anyone who would fire even a small handheld device that launches something that may be described as a rocket is deserving of punishment regardless of the nature of the rocket pods at issue in this case.  And, or course, the prejudice to Security Aviation is multiplied as these events took place long before Kane's association with Security Aviation and the government has suggested no evidence whatever that Security Aviation knew anything about them.  Security Aviation understands that Kane vehemently denies the event ever took place.  Thus, if the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATION INC.'S MOTION IN
LIMINE RE ALLEGED PRIOR BAD ACTS OF
ROBERT KANE OR, IN THE ALTERNATIVE,
FOR SEVERANCE

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

government's evidence is admitted, the result will be a "mini-trial" at which the government will have to prove the alleged incident by clear and convincing evidence. *Bailleaux* at 1110. This will result in a substantial waste of time and potential confusion of issues for the jury.

    2.    <u>The evidence is not admissible against Security Aviation regardless of its admissibility against Kane</u>.

    To the extent the government offers this evidence to show Kane's "familiarity with weapons" that is the irrelevant to the case against Security Aviation. In order to convict Security Aviation in the instant case, the government must prove beyond a reasonable doubt that Security Aviation knew that the rocket pods seized from its Palmer hangar were "readily convertible" into destructive devices. Even if Kane's previous activities had any probative value with regard to his knowledge, that knowledge is not attributable to Security Aviation. "Knowledge of an illegal activity may be attributed to a corporation only when the knowledge was obtained by an agent acting within the scope of his or her employment and for the benefit of the corporation." *United States v. Route II, Box 472, 136 Acres More or Less*, 60 F.3d 1523, 1527 (11th Cir. 1995). The events the government wishes to litigate occurred long before Kane's affiliation with Security Aviation; accordingly, that "knowledge" did not come to him during the course and scope of his employment.

    Moreover, as will be shown at trial, Security Aviation's business plan called for use of the pods for static display only and had nothing whatever to do with converting

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION INC.'S MOTION IN
LIMINE RE ALLEGED PRIOR BAD ACTS OF
ROBERT KANE OR, IN THE ALTERNATIVE,
FOR SEVERANCE

<u>UNITED STATES OF AMERICA V.</u>
<u>ROBERT F. KANE and SECURITY AVIATION</u>

     Case No 3:06-CR-00022-JWS-JDR-2

them to fire live ordinance.  Thus, the knowledge the government thinks its evidence will

attribute to Kane had nothing whatever to do with any possible intent by Kane to benefit

Security Aviation.  Accordingly, the evidence offered by the government has no

probative value with regard to the case against Security Aviation and, as pointed out

above, its potential prejudicial effect is substantial.  Therefore, this Court should prohibit

the government from introducing the above-described evidence.

     3.    <u>If the government's evidence is admissible against Kane, Security Aviation</u>

<u>is entitled to severance</u>.

     As stated above, evidence of Kane's prior bad acts are not admissible against

Security Aviation, regardless of their admissibility against Kane.  In the event the Court

were to determine that the government's evidence is admissible against Kane, Security

Aviation is entitled to severance.  The United States Supreme Court described a situation

in which severance is appropriate when testimony against one co-defendant is

inadmissible against another:

> We believe that, when defendants properly have been joined under Rule
> 8(b), a district court should grant a severance under Rule 14 only if there is
> a serious risk that a joint trial would compromise a specific trial right of one
> of the defendants, or prevent the jury from making a reliable judgment
> about guilt or innocence.  Such a risk might occur when evidence that the
> jury should not consider against a defendant that would not be admissible if
> the defendant were tried alone as admitted against a co-defendant.  For
> example, evidence of a co-defendant's wrongdoing in some circumstances
> erroneously could lead a jury to conclude that a defendant was guilty.

*Zafiro v. United States*, 506 U.S. 534, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).

     Here, the danger of prejudice is so great, and the connection of the evidence to

Security Aviation's culpability is so slight, that the danger is unacceptable and a jury

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATION INC.'S MOTION IN
LIMINE RE ALLEGED PRIOR BAD ACTS OF
ROBERT KANE OR, IN THE ALTERNATIVE,
FOR SEVERANCE

<u>UNITED STATES OF AMERICA V.</u>
<u>ROBERT F. KANE and SECURITY AVIATION</u>

Case No 3:06-CR-00022-JWS-JDR-2

might find its distaste for Kane to spill over onto Security Aviation. Accordingly, the Court should grant the severance in the unlikely event it determines that the government's evidence is admissible against Kane.

DATED this 8th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: _____
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

SECURITY AVIATION INC.'S MOTION IN
LIMINE RE ALLEGED PRIOR BAD ACTS OF
ROBERT KANE OR, IN THE ALTERNATIVE,
FOR SEVERANCE

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley                           Paul D. Stockler
Steven Skrocki                              1309 W. 16th Avenue
Assistant United States Attorney            Anchorage, Alaska 99501
Federal Building U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, Alaska 99513-7567


Kevin Fitzgerald                            James L. Kee
Ingaldson, Maassen & Fitzgerald             Kee, Archer & Herberger, P.A.
813 West 3rd Avenue                         1102 Maple Street
Anchorage, Alaska 99501                     Duncan, Oklahoma 73533


by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.


By: _____
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084
        Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION INC.'S MOTION IN                    UNITED STATES OF AMERICA V.
LIMINE RE ALLEGED PRIOR BAD ACTS OF           ROBERT F. KANE and SECURITY AVIATION
ROBERT KANE OR, IN THE ALTERNATIVE,
FOR SEVERANCE

4843-0094-8737\1 5/8/2006 2:00 PM