Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>  Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**MOTION IN LIMINE TO LIMIT EXPERT TESTIMONY OF EARL J. GRIFFITH TO THE STATEMENT IN HIS EXPERT REPORT** |

Defendant Security Aviation hereby moves in limine for a protective order limiting the expert testimony of Earl J. Griffith to the subject matters covered in his expert report disclosed by the government pursuant to Fed. R. Crim. Proc. 16.

The government produced to the defense the expert report of Earl J. Griffith on March 30, 2006.[1] Griffith is currently employed by the Bureau of Alcohol, Tobacco, Firearms and Explosive. Griffith's report states that he observed the pods on February 2, 2006 and February 18, 2006. In his report Griffith states that (1) the rocket pods' tubes

---

[1] Griffith's report is attached as Exhibit A.

have a bore greater than ½ an inch, (2) that the pods' tubes have not been altered by holes being cut into the tubes or an obstruction being welded into the tubes, and (3) the electrical wiring within the pods has a continuous electrical path for carrying voltage through the launcher. Griffith then opines that the pods "could be readily converted to expel a projectile by the action of an explosive or other propellant." Griffith was not made available to the defense for examination.

Pursuant to Fed. R. Crim. Proc. 16(a)(1)(G). the government must produce at the defendant's request a written summary of any expert testimony. The summary "must provide the witness' opinions, the bases and reasons for those opinions, and the witness's qualifications." If the government fails to comply with this rule, the Court can prohibit the government from offering evidence at trial. *United States v. Mendoza,* 244 F.3d 1037, 1046 (9th Cir. 2001).

If the government limits Griffith's testimony to subject matters covered in his report, then the government will have complied with Rule 16(a)(1)(G). In that instance, the defense would have had an adequate opportunity to prepare its defense and specifically its cross-examination of Griffith. But Griffith testifies beyond the subject matter in his report. Griffith, therefore, can testify that he believes the pods are readily convertible to expel a projectile. He can testify regarding his observations as detailed in the report. He cannot, however, under Rule 16(a)(1)(G) give any basis for that opinion other than what is in his report. He, therefore, is precluded from testifying as to how the pods could be readily converted. His report contains no explanation of what steps are

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO LIMIT EXPERT TESTIMONY OF EARL J. GRIFFITH
Page 2 of 4

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

necessary to readily convert the pods so that they could expel the projectile.  Any testimony by Griffith regarding such steps would prevent the defense from adequately preparing for his expert testimony.  Accordingly, under Rule 16, Griffith cannot testify about how the pods could be readily converted.

Permitting Griffith to testify beyond the bases of his report would be unfairly prejudicial to Security Aviation.  Rule 16(a)(1)(G) "'is intended to minimize surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'"  *United States v. Figueroa*-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997) (quoting the advisory committee notes to then Fed. R. Crim. Proc. 16(a)(1)(E)).  Here, if Griffith testifies beyond the scope of his report the defense will have been completely unable to prepare to test the merits of such "expert testimony."  This case involves complicated technology.  Accordingly, it would be unfairly prejudicial to Security Aviation, if the government were to spring surprise expert testimony at trial. *See Mendoza*, 244 F.3d at 1047 (stating that it would be a serious default by the government to fail to disclose the bases and reasons for the opinions of its experts).  In order to prevent the risk of unfair prejudice to the defense, this court should issue a protective order limiting Earl J. Griffith's expert testimony to the conclusions and statements made in his expert report.  Specifically, Griffith must be precluded about <u>how</u> the pods could be readily converted to expel a projectile.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION IN LIMINE TO LIMIT EXPERT TESTIMONY OF EARL J. GRIFFITH
Page 3 of 4

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

DATED this 8th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By: /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION IN LIMINE TO LIMIT EXPERT
TESTIMONY OF EARL J. GRIFFITH
Page 4 of 4

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2