DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES N. BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **GOVERNMENT'S PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| ROBERT F. KANE, | ) | |
| a/k/a "COMMANDER KANE," and | ) | |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        The United States, by and through counsel, hereby requests that the Court

instruct the jury in accordance with the following list of jury instructions. Unless

otherwise indicated the form instructions are found in the  Manual of Model Criminal

<u>Jury Instructions for the Ninth Circuit</u> (2003 Edition). Where the government requests

modifications of pattern instructions, the proposed instruction is attached.

### NINTH CIRCUIT MODEL JURY INSTRUCTIONS (CRIMINAL) 2003 Ed.

I.    PRELIMINARY INSTRUCTIONS

1.1        Duty of Jury

1.2        The Charge - Presumption of Innocence

1.3        What is Not Evidence

1.4        Evidence for Limited Purpose

1.5        Direct and Circumstantial Evidence

1.6        Ruling on Objections

1.7        Credibility of Witnesses

1.8        Conduct of the Jury

1.9        No Transcript Available to Jury

1.10       Taking Notes

1.11       Outline of Trial

1.14       Separate Consideration for Each Defendant

II.    INSTRUCTIONS IN THE COURSE OF TRIAL (AS REQUIRED):

2.1        Cautionary Instruction - First Recess

2.2        Bench Conference and Recesses

2.3        Stipulated Testimony

2.4        Stipulations of Fact

2.10       Other Crimes Wrongs or Act Evidence and Comment

III.   INSTRUCTIONS AT END OF CASE:

3.1        Duties of Jury to Find Facts and Follow Law

3.2.       Charge Against Defendant Not Evidence

3.3        Defendant's decision not to testify

3.5        Reasonable Doubt - Defined

3.6        What is Evidence

3.7        What is Not Evidence

3.8        Direct and Circumstantial Evidence

3.9        Credibility of Witness

3.10       Evidence of Other Acts of Defendant or Acts and Statements of

Others

3.18       Possession-Defined

3.19       Corporate Defendant

3.11       Activities Not Charged

3.14       Separate Consideration of Multiple Counts

IV.    CONSIDERATION OF PARTICULAR EVIDENCE

4.1        Statements by Defendant

4.3        Other Crimes, Wrongs or Acts of the Defendant

4.4        Character of the Defendant

4.8        Impeachment Evidence - Witness

4.9        Testimony Under Grant of Immunity

4.17       Opinion Evidence, Expert Witness

V.    OFFENSES AND RESPONSIBILITY

5.6        Knowingly - Defined

VI.    JURY DELIBERATIONS

7.1        Duty to Deliberate

7.2        Consideration of Evidence

7.3        Jury Consideration of Punishment

7.4        Return of Verdict

7.5        Communication with Court

VII.    OFFENSE INSTRUCTIONS

8.16       Conspiracy-Elements

8.18       Conspiracy-Knowing of and Association With Other Conspirators

8.49       Unlawful Transportation of Destructive Device

9.31          Possession of Unregistered Firearm

The United States respectfully reserves the right to propose additional jury instructions, including supplemental or non-pattern jury instructions, in accordance with the evidence and argument developed during trial.

RESPECTFULLY SUBMITTED this $\underline{8^{th}}$   day of May, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2006
a copy of the foregoing was served
fax on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
& Paul Sockler.

s/ Steven E. Skrocki

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.  1

"UNREGISTERED DESTRUCTIVE DEVICE"

The defendants are charged in the Redacted Indictment as follows:

Count 1: Conspiracy to Posses an Unregistered Destructive

Count 2: Possession of an Unregistered Destructive Device

Count 3: Transportation of an Unregistered Destructive Device

You have already been instructed as to the elements of each of these

offenses.

With respect to each Count, the United States must prove beyond a

reasonable doubt that there was an "unregistered destructive device" involved.

However, the United States does not need to prove that the defendants knew that

their possession of the destructive device was illegal or that the destructive device

was unregistered in the National Firearms Registration and Transfer Record.

Rogers v. United States, 522 U.S. 252, 254-255 (1988)

United States v. Freed, 401 U.S. 601 (1971)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.  2

DEMILITARIZED

Members of the Jury, there has been some reference to the term "demilitarized," or "de-mil'd", in this case as applied to the rocket pod launchers that were seized from Security Aviation's Palmer Hangar on or about February 2, 2006.

You are hereby instructed that "de-militarized" or "de-mil'd" means "rendered useless beyond the possibility of restoration to its original identiy by means of mangling, crushing or cutting."

If you find and accept as true the evidence in support of the defendant's defense theory that the rocket pod launchers they possessed were demilitarize, and this defense leaves you with a reasonable doubt as to whether the United States has proven beyond a reasonable doubt each and every element of the crimes charged, then you must find the defendants not guilty.  The United States does not have the burden of proving the rocket pod launchers were not demilitarized.

*United States v. Bing Sun*, 278 F.3d 302 (4th Cir.2002)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.  3

CORPORATE RESPONSIBILITY

Defendant Security Aviation, Inc. Is a corporation.  A corporation may be found guilty of a criminal offense.

A corporation can act only through its agents, that is, through its directors, officers, employees and other persons authorized to act for it.

In order to find Security Aviation, Inc., guilty, you must find beyond a reasonable doubt that:

(1)    Each element of the crime charged against Security Aviation was committed by one or more of its agents; and

(2)    In committing those acts, the agent(s) intended, at least in part, to benefit the corporation; and

(3)    Each act was within the scope of employment fo the agent who committed it.

For an act to be within the scope of an agent's employment it must relate directly to the performance of the agent's general duties for the corporation.  If an agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to his employer's instructions or against the corporation's policies will not relieve the corporation of responsibility for those acts.

1 Devitt & Blackmar, Federal Jury Practice and Instructions § 12.08 (4th Ed.1992); *U.S. v. Beusch*, F96 F.2d 871 (9th Cir. 1979); *U.S. v. Hilton Hotels Corp.*, 467 F.2d 1000 (9th Cir.1972), *cert. denied*, 409 U.S. 1125 (1973) Devitt and Blackmar, § 16.06 (1992)