DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES N. BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION IN LIMINE OF** |
| vs. | ) | **THE UNITED STATES** |
| | ) | **REGARDING RELEVANT** |
| ROBERT F. KANE, | ) | **DEFENSES** |
| a/k/a "COMMANDER KANE," and | ) | |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | | |

## I.    INTRODUCTION

Defendant Security Aviation and Robert F. Kane are charged with

Conspiracy to Possess Unregistered Destructive Devices, Possession, Attempted

Possession, and Transportation of an unregistered explosive device in violation of 18

U.S.C. § 371, and Title 26 U.S.C. § 5861(d) As will be established in the jury instruction package of the United States and the authorities cited below there are several defenses that will be argued in this case that are improper and not relevant to charges against Robert Kane and Security Aviation. In light of the authority provided below, the government seeks a motion *in limine* seeking preclusion of these arguments by the defense.

### A.   Summary of the Charges

As noted, the defendant is charged in the Indictment with the following offenses:

| COUNTS | OFFENSE CHARGED |
| --- | --- |
| 1 | Conspiracy to Possess Unregistered Destructive Device - Vio. of 18 U.S.C. 371 |
| 2-3 | Possession and Transportation of Unregistered Destructive Device - Vio. of 26 U.S.C. §5861(d) |

## II. LEGAL/EVIDENTIARY ISSUES

### A.   Scienter under Section 5861(d)

The mental element to be proved for a violation of 26 U.S.C. § 5861(d) was delineated by the United States Supreme Court in *Rogers v. United States*, 522 U.S. 252 (1988). In that case, a prosecution for possession of a silencer, the Supreme Court extended the holding of *Staples v. United States*, 511 U.S. 600 wherein the court held

given the long-standing legality of possession of firearms in the United States it would not find that Congress intended to subject a citizen to sever gun crime penalties for possessing automatic weapons which they honestly and reasonably believed to be *ordinary* firearms. *See, Staples*, 511 U.S. at 619 (for conviction for unregistered machine gun government required to prove that defendant knew of the characteristics of his firearm that brought it within the statute) *Rogers* determined that *Staples* analysis covered not only machineguns but other "firearms" within the meaning of the National Firearms Act which includes bazookas, machine guns, and rocket launchers. As stated in *Rogers*:

> [u]nder our decision in *Staples v. United States*, [] the mens rea element of a violation of § 5861(d) requires the Government to prove that the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm. *It is not, however, necessary to prove that the defendant knew that his possession was unlawful, or that the firearm was unregistered.*

Id. at 254-55. (Emphasis added)

Given the above authority, the issues at trial are relatively narrow, did Kane and Security Aviation know that barrel of the rocket pods had a diameter greater than half an inch, and did they know it was made to fire rockets. Given this relatively narrow focus,

the government therefore will propose in its package of jury instructions to the court, that the following instruction be given:

   1) The government must prove beyond a reasonable doubt that the defendant had knowledge of the characteristics of the weapon that brought it within the definition of a "firearm" under the Act.

   2) Thus, the government must prove that the defendant knew the firearm/destructive device will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and having a barrel width greater than half an inch.

      *Staples* and *Rogers* require the government to prove the defendant's knowledge of the features that brought the weapon within the scope of Section 5861(d) the law. It does not, however, require the government to prove certain things that are most certainly going to be raised by defense counsel during the course of the trial and which will only go to a nullification argument such as intention to use, availability of ammunition, operability as intended or other such arguments.

   It follows, then, that given the statutory framework and reasons behind the regulation of dangerous firearms and instrumentalities of war that courts have found that the defendant need not know the firearm in his possession had to be registered under the Act. *See United States v. Owens*, 103 F.3d 953, 955 (11th Cir. 1997) *United States v. Mains*, 33 F.3d 1222, 1229 (10th Cir.1994) It is also the law that the defendant's

intended purpose of the destructive device is irrelevant. *United States v. Dalpiaz*, 527 F.2d 548, 551 (6th Cir. 1975)(intended purpose to use pipe bomb irrelevant) Nor does the government need to prove that the weapon operates as intended. *United States v. Langan*, 262 F.3d 615 (6th Cir.2001) The fact that ammunition was not present, or even available, is similarly irrelevant. *Cf., United States v. Melancon*, 462 F.2d 82, 85 (9th Cir.1972) *see United States v. Freed*, 401 U.S. 601 (1971),(it was enough to prove that a Japanese knee mortar was a firearm or destructive device under the terms of section 5861(d) without regard to the existence of a projectile for use in it.) *Melancon*, 462 F.2d at 96

      Thus, given the foregoing authority, the United States specifically requests that the court issue an order precluding the defendants from offering any evidence or eliciting any testimony, including on cross-examination or rebuttal of witnesses, whatsoever about the existence or availability of rockets or other ammunition for use in conjunction with the rocket pod launchers in this case. Proof of the availability or existence of ammunition to be used in a destructive device is not an element of the offenses charged, nor is it a defense. 26 U.S.C. §§ 5845, 5861(d); United States v. Melancon, 462 F.2d 82, 96, cert. den. 409 U.S. 1038 (1972) Similarly, the age, variant, or model of the device is irrelevant to the jury's determination of whether the government has met its burden of proof.

Finally, if the evidence at trial develops as anticipated, this court should issue a limiting instruction concerning the import of evidence regarding the fitness or readiness of L-39 aircraft to operate the rocket launcher pods in this case. Such evidence is relevant only as to mens rea under *Staples* and *Rogers*-but not to the determination of whether the pods meet the statutory definition of a destructive device. The government in no way bears the burden of proving that the rocket launcher pods were a) not demilitarized; or b) could have been or actually were attached to an aircraft.

## III.  CONCLUSION

Wherefore, given the foregoing, the government request the Court to limit the defense arguments and evidence in accord with the authorities provided herein.

RESPECTFULLY SUBMITTED this 8th  day of May, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2006
a copy of the foregoing was served
fax on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
& Paul Sockler.

s/ Steven E. Skrocki