UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cr-00022 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| **SECURITY AVIATION, INC.,** | ) | [Re:   Motion at docket 70 ] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 70, defendant Security Aviation, Inc. ("Security") moved to suppress evidence obtained in the execution of two search warrants, one issued in 3:06-mj-00018 JDR, and the other issued in 3:06-mj-00018 JDR.  Security's argument is that there was an insufficient showing to establish probable cause that wire fraud had been committed to support issuance of either search warrant.  The motion was opposed by the United States.  Magistrate Judge John Roberts issued a report at docket 156.  His report recommends that the motion be denied.  No objections to the report were filed.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

### III.  CONCLUSION

Having applied the standard of review described above in reviewing the record, this court concludes that in all material respects, the findings of fact and conclusions of law recommended by the magistrate judge are correct.  This court adopts them.  Based upon them, the motion at docket 70 is **DENIED**.

DATED at Anchorage, Alaska, this 11th day of May 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by* Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).