**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) | 3:06-cr-00022 JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| **SECURITY AVIATION, INC.,** | ) ) | (Re:   Motion at docket 71) |
| Defendant. | ) ) ) | |

At docket 71, defendant Security Aviation, Inc. seeks to suppress evidence resulting from the search of its aircraft hangar at Palmer, Alaska.  Magistrate Judge John Roberts held an evidentiary hearing regarding the motion on April 20, 2006.  A transcript was prepared and filed at docket 154.   After the motion was briefed, the magistrate judge filed an initial report at docket 173, recommending that the motion be denied on the grounds that valid consent had been given for entry into the hanger where items of interest were seen in plain view.  Timely objections were filed by Security to this aspect of the recommendation, and a response thereto was filed by plaintiff.  While not disagreeing with the recommendation regarding consensual entry, the United States filed its own objections to the magistrate judge's recommendation that the search be considered a government search.  Security timely responded to plaintiff's objections. At docket 219, a final report was filed.  Therein, the magistrate judge again recommends that the motion be denied on the same ground.

In reviewing the report from Magistrate Judge Roberts, this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate."[1]  In reviewing the recommendations from the magistrate judge, this court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

This court has reviewed the papers relevant to the motion at docket 71 pursuant to the standard of review just discussed.  The fulcrum on which the outcome in favor of plaintiff is levered is comprised of the circumstances in which Robert Anthony permitted entry into the hangar.  With respect to those circumstances, this court has determined that the magistrate judge has correctly found the facts.  Moreover, the recommended application of the law to the facts found is thoroughly discussed, and it is correct.  The court finds the additional discussion in the final recommendation at docket 219 to be a particularly apt demonstration that there is no merit in Security's objections.  Given this court's decision to deny the motion on the same grounds that the magistrate judge has recommended, this court finds it unnecessary to consider plaintiff's objections.

Based on the recommended findings of fact and conclusions of law which this court hereby adopts, the motion at docket 71 is **DENIED**.

DATED at Anchorage, Alaska, this 11th day of May 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).