Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:   (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>            Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S MOTION IN LIMINE REGARDING IRRELEVANT FINANCIAL INFORMATION AND EVIDENCE OF POSSESSION OF FIREARMS** |

Defendant Security Aviation, Inc. (Security Aviation") hereby moves in limine for an order excluding certain evidence of certain financial information regarding Robert Kane and evidence of Kane and other's possession of and access to firearms. Security Aviation has also joined Robert Kane's motion (docket 225) and incorporates Kane's arguments by reference. Security Aviation offers the following additional legal arguments.

### I.  Kane's Ability to Bind Security Aviation.

In its 41-page trial memorandum filed on May 8, 2006, the government advises that it intends to introduce certain evidence that it purports proves that Kane was an important decision maker at Security Aviation. Government's Trial Memorandum at 7.

In order to prove that Kane was a decision maker, the government intends to introduce evidence that Kane has fired people, that Mark Avery purchased Kane's home, that the vehicles Kane drove were provided to him through his work for Mark Avery, and that Kane was paid in cash for his work with Mark Avery.  This evidence can only be relevant if is probative of whether Kane had the authority to order and purchase the pods at issue

Security Aviation will not contest that Robert Kane had the authority to purchase the pods at issue.  Security Aviation will stipulate to Kane's legal status as an agent of Security Aviation for the purpose of the ordering and purchase of the rocket pods.

Under *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997), in light of Security Aviation's agreement to stipulate to Kane's legal status as an agent of the corporation, the evidence relating to Kane's authority is inadmissible as more prejudicial than probative under Fed. R. Evid. 403.  Because Security Aviation has agreed to stipulate to Kane's legal status as an agent, the government's proposed evidence proving that same legal status carries no more evidentiary significance than Security Aviation's admission.  *Old Chief*, 519 U.S. at 192 (holding that defense's offer to stipulate to the defendant's legal status as a convicted felon made the introduction of the official record of the defendant's assault conviction of no more evidentiary significance than the defendant's admission).  Therefore, the evidence the government wishes to introduce is not relevant.

The evidence is extremely prejudicial, however, to Security Aviation.  Accordingly it is inadmissible under Fed. R. Evid. 403 as more prejudicial than probative.  Given Security Aviation's agreement to stipulate, the only purpose the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION IN LIMINE REGARDING IRRELEVANT FINANCIAL INFORMATION AND EVIDENCE OF POSSESSION OF FIREARMS
Page 2 of 6

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

evidence can serve is to make the jury upset at Kane and Security Aviation because (1) Kane and Security Aviation fire people, (2) Kane and Security Aviation's owners are wealthy, and (3) Security Aviation's principals and agents possess expensive things. In short, the evidence could cause the jury to convict "on a ground different from proof specific to the offense charged." *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005); *see also Old Chief*, 519 U.S. at 1800 ("[U]nfairly prejudicial evidence is that having an 'undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'") The evidence is especially prejudicial against Security Aviation as the jury could decide to convict the company out disapproval of its owner's wealth or lifestyle. The government's proposed evidence is not relevant in light of the offer to stipulate and is therefore "substantially outweighed by the danger of unfair prejudice." See Fed. R. Evid. 403. The evidence must be excluded.

## II. Firearms

The government also indicates that it plans to introduce evidence of firearms contained within Mark Avery's offices, as well as evidence of firearms within Dennis Hopper's armory.[1] Most prejudicially, the government seeks to introduce evidence of a machine gun that it alleges was in the possession of Avery and is unregistered. This evidence is classic propensity evidence and must be excluded. See Fed. R. Evid. 404. The government claimed purposes for offering this obvious character evidence is for the purpose of showing Kane's familiarity with firearms.

---

[1] Hopper was a licensed federal firearms dealer.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION IN LIMINE REGARDING IRRELEVANT FINANCIAL INFORMATION AND EVIDENCE OF POSSESSION OF FIREARMS

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 3 of 6                                                    Case No 3:06-CR-00022-JWS-JDR-2

The evidence relating to firearms is inappropriate "bad acts" or "propensity" evidence under Fed. Rule Evid. 404. The evidence of the alleged unregistered machine gun can only be used to show that Security Aviation's owner has a propensity to possess unregistered firearms and Security Aviation must have acted in conformity with that propensity in this case. It is black letter evidence law that such evidence is inadmissible. Moreover, introduction of this evidence will result in a mini-trial over an alleged act for which there have been no criminal charges, as the defense will be forced to refute the government's alleged "bad act." This will necessarily result in "undue delay" and "waste of time." Accordingly, the evidence must be excluded under Fed. R. Evid. 403. *See* Fed. R. Evid. 403 (stating that "evidence may be excluded if its probative value is substantially outweighed by . . . considerations of "undue delay, waste of time, or needless presentation of the evidence").

The evidence of possession and legal access to legal firearms is also inadmissible propensity evidence. The government also obviously intends to insinuate that Kane and Security Aviation (through its principals, agents or associates) have the propensity to like to possess devices that, to put it bluntly go "boom" and that they must have acted in conformity with that propensity in this case by knowing purchasing a device that could be readily converted to expel projectiles. This is classic "bad acts" evidence under Rule 404(b).

The government's proffered non-propensity relevance of this evidence --  that Kane's possession of weapons and access to weapons shows his familiarity with firearms -- is of virtually no relevance to a material issue in this case. As discussed in Security

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION IN LIMINE REGARDING IRRELEVANT FINANCIAL INFORMATION AND EVIDENCE OF POSSESSION OF FIREARMS
Page 4 of 6

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Aviation's trial brief, the government must prove Security Aviation's knew that that the pods could be readily converted to expel a projectile and how that conversion would occur. Guns are a completely different technology from rockets.[2] Familiarity with a rifle, shotgun, or machine gun has no bearing on Kane or Security Aviation's knowledge of rocket launchers and more specifically whether the pods could be "readily converted" to expel a projectile. Kane's familiarity with conventional firearms is simply not an issue in this case. Because the evidence has nearly next to no probative value, it must be excluded under 403. The risk of prejudice from the jury's hearing propensity evidence of the defendants prior bad acts is too great to admit tangentially relevant evidence. *See United States v. Bailleaux*, 35 F.2d 1105, 1110 (9th Cir. 1982) (in order to admit evidence of prior bad actions for a purpose other than propensity, the conduct must be introduced to prove an element of the charged offense that is a material issue in the case). The evidence must also be excluded because the evidence is unfairly prejudicial because it is likely to cause the jury to convict on grounds different from proof specific to the offense charged. *Gonzalez-Flores*, 418 F.3d at 1098 (9th Cir. 2005). Instead of focusing on the elements of the charged offense, the jury could convict Security Aviation because of the jury's disapproval of Security Aviation's association with guns and firearms.

---

[2] Security Aviation incorporates the arguments made in its response to the government's motion in limine regarding certain defenses concerning the uniqueness of the technology necessary to launch a rocket.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION IN LIMINE REGARDING IRRELEVANT FINANCIAL INFORMATION AND EVIDENCE OF POSSESSION OF FIREARMS
UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Page 5 of 6                                         Case No 3:06-CR-00022-JWS-JDR-2

### III. Conclusion

For all of the reasons stated, the Court should preclude the admission of the above mentioned evidence.

DATED this 11th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:     /s/ Allen F. Clendaniel
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084
        DORSEY & WHITNEY LLP
        1031 West Fourth Avenue, Suite 600
        Anchorage, AK 99501-5907
        (907) 276-4557
        bundy.robert@dorsey.com
        clendaniel.allen@dorsey.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of May, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building  U.S. Courthouse<br>222 W. 7th  Ave. #9, Rm 253<br>Anchorage, Alaska  99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska  99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska  99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:     /s/ Allen F. Clendaniel
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084
        Dorsey & Whitney, LLP

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION IN LIMINE REGARDING IRRELEVANT FINANCIAL INFORMATION AND EVIDENCE OF POSSESSION OF FIREARMS

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION

Page 6 of 6                                                          Case No 3:06-CR-00022-JWS-JDR-2

4812-1813-5553\1 5/11/2006 11:51 AM