DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **RESPONSE OF THE UNITED** |
| | ) | **STATES TO SECURITY** |
| vs. | ) | **AVIATION'S MOTION IN** |
| | ) | **LIMINE REGARDING EARL** |
| ROBERT F. KANE, | ) | **J. GRIFFITH** |
| a/k/a "COMMANDER KANE," and | ) | |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States files with the court a Response to Security Aviation's

Motion in Limine Regarding Earl J. Griffith's testimony. The government's discovery obligations in this regard have been met by the production of Mr. Griffith's report. On this issue, Mr. Griffith should be permitted to testify with regard to "readily convertible to" as any concern with regard to that testimony can be adequately addressed on cross-examination.

The report of Mr. Earl Griffith was provided to Security Aviation on March 30, 2006, about a month and a half ago. Naturally, prior to trial, Security Aviation complains that Mr. Griffith may not opine that the rocket launchers "could be readily converted" to propel a projectile. There is no foundation for this objection.

Fed.R.Crim.P. 16(a)(1)(E) requires the government to disclose a written summary of expert testimony that the government intends to offer at trial. With regard to Mr. Griffith's report it was disclosed on March 30, 2006. With this report, the government provided detailed and specific information with regard to Mr. Griffith's testimony including the basis thereto. The report is fashioned as a summary and is not inclusive of each and every and all facts of Mr. Griffith's testimony. It provides sufficient notice and information with regard to his testimony.

Under the law of the Ninth Circuit, the admission of this testimony is part of the court's gatekeeping function. Hangarter v. Provident Life,

> Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), "require that the judge apply his **gatekeeping** role ... to all forms of **expert testimony**, not just scientific **testimony**." *White v. Ford Motor Co.,* 312 F.3d 998, 1007 (9th Cir.2002).
>
> That said, "far from requiring trial judges to mechanically apply the *Daubert* factors--or something like them--to both scientific and non-scientific **testimony**, *Kumho Tire* heavily emphasizes that judges are entitled to broad discretion when discharging their **gatekeeping** function." *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir.2000). Indeed, as we recently noted in *Mukhtar,* a "trial **court** not only has broad latitude in determining whether an **expert's testimony** is reliable, but also in deciding *how* to determine the **testimony's** reliability." *Mukhtar,* 299 F.3d at 1064 (citing *Hankey,* 203 F.3d at 1167) (emphasis added). Concerning the reliability of non-scientific **testimony** such as Caliri's, the "*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of **testimony**, whose reliability depends heavily on the *knowledge and experience* of the **expert**, rather than the methodology or theory behind it." *Id.* at 1169 (emphasis added); *see also Kumho Tire,* 526 U.S. at 150, 119 S.Ct. 1167 ("Engineering **testimony** rests upon scientific foundations, the reliability of which will be at issue in some cases.... In other cases, the relevant reliability concerns may focus upon *personal knowledge or experience.*" (emphasis added)).

*Hangarter,* 373 F.3d at 1017-18

Additionally, the court noted that questions regarding methodology go to weight, an issue more properly explored on direct and cross-examination. *See Children's Broad. Corp. v. Walt Disney Co.,* 357 F.3d 860, 865 (8th Cir.2004) ("[T]he factual basis of an **expert** opinion goes to the credibility of the **testimony**, not the admissibility, and it is up to the

opposing party to examine the factual basis for the opinion in cross-examination." (citation and quotation marks omitted)). *Ibid.*

Based on the above authority, it is clear that Mr. Griffith's testimony on this issue is appropriate and relevant, it has been disclosed to the defense well in advance of trial–unlike the defense "expert reports–which is the subject of another government brief, and the defense is free to cross-examine Mr. Griffith's on this material during trial.

## CONCLUSION

Given the foregoing, the proper forum for exploration on Mr. Griffith's personal knowledge, expertise and background is during cross-examination on the issue of readily converted, not by preclusion of the testimony. Security Aviation's motion must be denied.

Mr. Earl Griffith's testimony will be based properly, and can be based on his experience, training, knowledge and other factors. Security Aviation has been adequately put on notice with early production of the report which lays out the experts conclusion and the basis of his testimony. Any issues Security Aviation might have with regard to the conclusion can be adequately addressed on cross-

//

//

examination and or voir dire of the witness.  The motion must be denied.

RESPECTFULLY SUBMITTED this 10th day of May, 2006 at

Anchorage, Alaska.

> DEBORAH M. SMITH
> United States Attorney
>
> s/ Steven. E. Skrocki
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: steven.skrocki@usdoj.gov
>
> s/ James Barkeley
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2006 a copy of the foregoing was served electronically on Robert Bundy, Allen Clendaniel, Kevin Fitzgerald, James Kee, & Paul Sockler.

s/ Steven E. Skrocki