Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>　　　　Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**OPPOSITION TO SECOND MOTION TO COMPEL IN LIMINE REGARDING DISCLOSURE OF DEFENSE EXPERT TESTIMONY, REPORTS AND IDENTITY OF EXPERTS** |

　　　　Defendant Security Aviation, Inc. (Security Aviation") hereby opposes the government's motion to compel disclosure of defense expert testimony. The government's recent motion (docket 250) seeks an order compelling Security Aviation to provide expert reports that are authored and signed by two proposed defense expert witnesses: Evan "Joe" Griffith and John Willie Spencer. The government's request has no basis in the Federal Rules of Criminal Procedure and must be denied.

　　　　The government's motion appears to confuses the criminal discovery rule regarding expert testimony with the civil discovery rule. Federal Rule of Civil Procedure 26(a)(2)(B) requires that disclosure of experts be accompanied by "a written report prepared and signed by the witness." Federal Rule of Criminal Procedure 16 (a)(1)(C),

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

however, only requires the defendant to "give to the government a written summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." In a criminal case, the summary does not have to be a report that is written and signed by the expert. It merely has to "describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications." Fed. R. Crim. Proc. 16(a)(1)C). The Federal Criminal Rules of Civil Procedure do not require that the defendant provide the government with a report authored and signed by any expert witness.

The government's confusion appears to be based on a misreading of Fed. R. Crim. Proc. 16(b)(1)(B). Rule 16(b)(1)(B) requires the defendant to disclose:

> the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i) if the item is within the defendant's possession, custody or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report and the report relates to the witness's testimony.

This rule requires a defendant to disclose any existing written report of an expert's physical examination if such a report exists.[1] There is no independent duty under the Rules of Criminal Procedure for a defense expert to generate a report summarizing expert testimony. No written reports of any physical examination of the pods or aircraft by

---

[1] Because the defendant is only required to disclose "items" within its control, the rule plainly refers to an existing written report.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Griffith and Spencer exist.[2]  There is therefore no report that must be disclosed to the government pursuant to Rule 16 (b)(1)(B).

Rule 16 does not require defense expert witnesses to prepare and sign a report summarizing their intended testimony.  Rather, Rule 16 simply requires that the government be provided with a summary of an experts expected testimony.  The defense has provided a summary of Griffith's and Spencer's expert testimony.

There is, therefore, no support in the Federal Rules of Criminal Procedure for the relief sought in the government's motion.  Accordingly, the motion must be denied.

DATED this 12th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:  /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

---

[2] Counsel for Robert Kane has produced to the government a report of defense expert witness Bernd Rehn's physical examination of the L-39 aircraft and the rocket pods.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO SECOND MOTION TO COMPEL              UNITED STATES OF AMERICA V.
IN LIMINE REGARDING EXPERTS                       ROBERT F. KANE and SECURITY AVIATION
Page 3 of 4                                       Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of May, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building  U.S. Courthouse<br>222 W. 7th Ave. #9, Rm 253<br>Anchorage, Alaska  99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska  99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska  99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:    /s/ Allen F. Clendaniel
       Robert C. Bundy, ABA #7206021
       Allen F. Clendaniel, ABA #0411084
       Dorsey & Whitney, LLP

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OPPOSITION TO SECOND MOTION TO COMPEL                    UNITED STATES OF AMERICA V.
IN LIMINE REGARDING EXPERTS                              ROBERT F. KANE and SECURITY AVIATION
Page 4 of 4                                              Case No 3:06-CR-00022-JWS-JDR-2
4848-6010-2145\1 5/12/2006 10:31 AM