UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:06-cr-00022 JWS |
| vs. | ) | ORDER FROM CHAMBERS |
| ROBERT F. KANE, and SECURITY AVIATION, INC., | ) | [Re: Motion at docket 210] |
| Defendants. | ) | |

  At docket 210, defendant Security Aviation, Inc. asks the court to issue an order limiting the opinion testimony of plaintiff's expert, Earl L. Griffith, to testimony which falls within the ambit of the summary provided by plaintiff pursuant to Fed. R. Crim. P. 16. Security's concern appears to be that Mr. Griffith will be asked to offer reasons in addition to those included in his summary to support his opinion that the rocket launchers at issue in this case could be readily converted to operational status. The United States opposes the motion at docket 248 on the grounds that the summary is sufficient to permit Griffith to opine that the rocket launchers are readily convertible.

  The passage in the summary of Mr. Griffith's testimony which is critical for purposes of the pending motion is his recitation that "based on the above test and examination, I determined that the rocket pod launchers were electrically and mechanically functional and that each could be readily converted to expel a projectile by the action of an explosive or other propellant."[1] After examining the summary's description of the test and examination, it is evident that Mr. Griffith (whose

---

[1] Doc. 210, ex. A at p. 3.

qualifications are not challenged) will base his opinion on the overall observed condition of the rocket launchers with particular emphasis on the more focused observations that "none of the launch tubes had an obstruction welded into the tubes"[2] and that each of the rocket launchers had intact electrical circuitry providing a "continuous electrical path for carrying voltage through the launcher."[3]

Security has not shown that an opinion based on the application of Mr. Griffith's training and experience to the facts as they are noted in his report would be so unreliable as to require the court to exclude it. It may be that on cross-examination, it will be shown that there are holes in Mr. Griffith's reasoning. However, exposing flaws in testimony is the purpose of good cross-examination. Seeking to exclude an opinion in order to avoid the need to cross-examine is not a proper use of a motion *in limine*.

To the extent that the motion at docket 210 is meant to exclude all testimony from Mr. Griffith, it will be denied. To the extent that the motion at docket 210 is intended to head off an attempt by counsel for plaintiff to elicit testimony which is beyond the scope of Mr. Griffith's summary, it will be granted.

The motion at docket 210 is **GRANTED** in part and **DENIED** in part as set forth above.

DATED this 12th day of May 2006 at Anchorage, Alaska.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[2] *Id.*

[3] *Id.*