Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>    Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S MOTION FOR RECONSIDERATION OF ORDER AT DOCKET 266 DENYING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MARK AVERY'S FIREARMS REGISTRATION** |

Security Aviation moves the Court to reconsider its ruling at Docket 266 as to Security Aviation's motion to exclude Mark Avery's personal registration of fully automatic weapons (Docket 208).[1]

---

[1] At the time it filed its motion, Security Aviation had assumed that the government was going to try to admit the document showing Avery's personal registration of firearms for the purpose of proving that he had not registered the pods, an element of the crime. Now, the government advises that it is offering the registration to prove Security Aviation's knowledge. The court, therefore, is right to distinguish *Old Chief*, in light of the government's intended use for the evidence. Security Aviation did not brief the issue, in its original motion, of whether the registration is relevant to Security Aviation's

The Court's basis for the denial of the motion is that Avery's registration of machine guns is probative of Security Aviation's knowledge that the "rocket launchers were the kind of weapon that had to be registered." The Court states that the evidence "goes to an element of the crime."

The defendant's knowledge that the device must be registered, however, is not an element of the crime. *See, United States v. Owens*, 103 F.3d 953, 955 (11th Cir. 1997). Security Aviation's and Robert Kane's knowledge of whether the pods had to be registered is totally irrelevant. Under *Staples/Rogers*, the only relevant issue is whether Security Aviation knew that the pods could expel a projectile by action of an explosion or propellant. *See,* 26 U.S.C. § 5865(f).

Avery's personal registration of two machine guns is also not probative of whether he knew that the pods at issue could expel a projectile. While it may be true as the Court notes that "[t]he evidence that Avery had registered machine guns would support an inference that he was knowledgeable about what sort of weapons must be registered," that has no bearing on an element of the crimes charged. *See, United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005). Avery's knowledge of whether the pods had to be registered is not an element of the crime.

It does not follow, as the Court seems to suggest, that because Avery had registered machine guns it was more likely that Security Aviation knew that the pods

knowledge. The evidence is irrelevant to any element of the charged crimes and must be excluded.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION FOR RECONSIDERATION
Page 2 of 4

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

could expel a projectile. The probative value of Avery's registration is the following: (1) Avery possessed machine guns that could be fired automatically, (2) he knew that he had to register a gun that fired automatically, and (3) he registered the guns. His registration of machine guns does not make it even remotely more likely that he or Kane knew that the pods at issue could expel a projectile.[2] Avery's registration of machine guns is not probative at all of Security Aviation's or Kane's knowledge of the features of air-to-ground rocket launchers and rockets.[3] The evidence must therefore be excluded as irrelevant under Fed. R. Evid. 401 and 402. To the extent that there is some miniscule relevance to Security Aviation's knowledge, it must be excluded under Fed. R. Evid. 403. The danger of the jury convicting Security Aviation on the basis of propensity evidence, however, is extremely high.[4] The jury could easily find that Security Aviation's principal and agents are the type of people who knowingly possess powerful operable weapons and acted in conformity with that propensity in purchasing the pods.[5] Whatever probative value the evidence may have (and it has none) is therefore substantially outweighed by the danger of unfair prejudice and must be excluded under Fed. R. Evid. 403.

---

[3] As has been previously briefed, the technology to fire a bullet from a gun is completely different from the technology to fire a rocket.

[4] Moreover, the evidence will only confuse the jury, as there will be no evidence that Avery was involved in the purchase of the pods or was involved with the L-39 aircraft or pods in any way.

[5] This is inconsistent with the Court's exclusion of evidence of other weapons. As the Court aptly put it, "[I]t clearly is propensity evidence – if the boys are nuts about powerful weapons, and they then get some jets to which it is possible to attach powerful weapons – well, boys will be boys."

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

For the reasons stated above, Security Aviation asks this court to reconsider its order denying Security Aviation's motion in limine regarding Avery's possession of firearms and issue an order excluding that evidence.

DATED this 14th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:   /s/ Allen F. Clendaniel
      Robert C. Bundy, ABA #7206021
      Allen F. Clendaniel, ABA #0411084
      DORSEY & WHITNEY LLP
      1031 West Fourth Avenue, Suite 600
      Anchorage, AK 99501-5907
      (907) 276-4557
      bundy.robert@dorsey.com
      clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:   /s/ Allen F. Clendaniel
      Robert C. Bundy, ABA #7206021
      Allen F. Clendaniel, ABA #0411084
      Dorsey & Whitney, LLP

SECURITY AVIATION, INC.'S MOTION FOR RECONSIDERATION
Page 4 of 4

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557