IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT F. KANE and ) | |
| SECURITY AVIATION, INC. ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | Case No. 3:06-cr-022-JWS-JDR-2 |

**MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION**

Allen H. Smith, III, (hereinafter "Mr. Smith") moves the Court: 1) to reconsider its Order (Docket No. 274) denying as moot the Motion in Limine of Defendant Security Aviation, Inc. (hereinafter "Security") to Compel the Government to Grant Use Immunity to Mr. Smith; and 2) to reconsider its Order (Docket No. 275) granting Security's Motion for Reconsideration of Order Re Smith's Motion to Quash.

**I.    SERVICE OF THE SUBPOENA WAS DEFECTIVE BECAUSE THE SUBPOENA WAS NOT PERSONALLY SERVED ON MR. SMITH**

The affidavit accompanying Security's Motion for Reconsideration is blatantly false. As originally set forth in Motion to Quash, Mr. Smith was not personally served with the Subpoena. Moreover, the physical description of Mr. Smith provided on the affidavit by the process server ('White Male, Brown Hair, 40-50 years, 5-10 tall, 180 pounds) suggests that, if the Subpoena was served, it was not served on Mr. Smith. Mr. Smith has a mustache and grayish brown hair. Furthermore, he is 6-4 tall, not 5-10.

Attached hereto as "Exhibit A" is an affidavit of Mr. Smith attesting to the fact that he was at his place of employment at the time the Subpoena was allegedly served on him. Mr. Smith routinely leaves his residence in Glenside, Pennsylvania for work in King of Prussia, Pennsylvania before 8:00 a.m. on weekday mornings. The affidavit of the process server used by the Security Aviation states that Mr. Smith was served at 9:20 a.m. on (Wednesday) April 26, 2006, at his residence in Glenside. This could not be the case because Mr. Smith was at his place of employment in King of Prussia, Pennsylvania, at that time.

A copy of Mr. Smith's work calendar (attached hereto as "Exhibit B" indicates that Mr. Smith had an 8:00 a.m. meeting on April 26, 2006. In fact, as the calendar indicates, Mr. Smith routinely attends this meeting on Wednesday mornings at 8:00 a.m. at his place of employment in King of Prussia, Pennsylvania. King of Prussia is approximately 25-30 miles from Mr. Smith's residence in Glenside, Pennsylvania, and approximately a 40 minute commute during weekday mornings.

In an effort to resolve the conflicting accounts of Mr. Smith and the process server employed by Security, it should be noted that on the date the Subpoena was allegedly served on Mr. Smith, there was a contractor working on an exterior restoration and painting job at Mr. Smith's residence. Upon reviewing the affidavit of the process server attached to Security's Motion for Reconsideration, Mr. Smith contacted this contractor to inquire into whether anybody attempted to serve him with documents. The painter indicated that, while he was up on Mr. Smith's roof on the morning of April 26, 2006, an individual entered upon the premises and shouted up to him asking if it was ok

to leave some documents for Mr. Smith in the door. The painter, who remained on the roof, said "yes."

Quite clearly, serving the Subpoena upon a contractor working on the exterior of Mr. Smith's residence was not proper service pursuant to the personal service requirement of Fed.R.Crim.P. 17(d). As set forth in Mr. Smith's Motion to Quash, the server must deliver a copy of the subpoena to the witness. Fed.R.Crim.P.17(d) Personal service is required. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing Ferrari v. United States, 244 F.2d 132, 141. There must be strict compliance with the rules for service of a subpoena. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing United States v. Davenport, 312 F.2d 303, 307 (7th Cir. 1963). The failure to properly serve a subpoena justifies quashing it. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing United States v. Moore, 225 F.3d 637, 644 n.2 (6th Cir. 2000).

In consideration of the foregoing, it is respectfully submitted that the Order at Docket No. 275 be vacated and original Order granting Mr. Smith's Motion to Quash be reinstated.

### II. THE MOTION IN LIMINE TO COMPEL THE GRANTING OF USE IMMUNITY TO MR. SMITH SHOULD NOT HAVE BEEN DENIED AS MOOT BECAUSE MR. SMITH HAS NOT BEEN GRANTED USE IMMUNITY PURSUANT TO 18 U.S.C.S. § 6002 AND KASTIGAR.

Mr. Smith is also seeking reconsideration of the Order denying Security's Motion in Limine to Compel the Granting of Use Immunity to Mr. Smith (hereinafter "Motion in Limine") on the basis that it is not moot. Although the Government has represented that it has now granted Mr. Smith use immunity, as of the filing of this motion, no such

immunity has been granted to Mr. Smith. Furthermore, considering Mr. Smith's assertion of his Fifth Amendment privilege against self-incrimination, the level of immunity that the Government is now offering to Mr. Smith appears to falls short of the level of immunity that he is entitled to pursuant to <u>Kastigar et al.</u>, 406 U.S. 441 (1972), and 18 U.S.C.S. § 6002. There are also serious questions as to whether, in the absence of a court order, a letter agreement from the Government providing immunity is sufficient to protect Mr. Smith from his testimony being used against him in potential criminal prosecutions in jurisdictions outside the District of Alaska.

### A.    Background

In order to fully understand Mr. Smith's position with regard to his assertion of the Fifth Amendment privilege against self-incrimination, it is necessary to understand the circumstances leading up to the Government's willingness to grant Mr. Smith immunity.

Until Mr. Smith's counsel became aware of the filing of the Government's Response (Docket No. 235) to Security's Motion in Limine to Compel the Granting of Use Immunity (hereinafter "Motion in Limine") to Mr. Smith on May 11, 2006, Mr. Smith had been fully cooperating with the Government. The representations in the Government's Response to the Motion in Limine suggesting that Mr. Smith's has been uncooperative are totally false. Mr. Smith's attorneys can (and will upon direction from the Court) produce records of voicemails and e-mails through May 11, 2006, that evidence Mr. Smith's willingness to fully cooperate with the Government, his actual cooperation, and the Government's recognition of Mr. Smith's cooperation.

The Government's Response to the Motion in Limine omitted the fact that after Mr. Skrocki sent Duane Werb, Mr. Smith's attorney, the April 13, 2006 letter indicating that charges would be brought against Mr. Smith, Mr. Werb and Mr. Skrocki discussed the contents of said letter. During this discussion, Mr. Skrocki requested a letter response from Mr. Werb and agreed that the U.S. Attorney's Office would not make a final decision on whether to move forward with charges against Mr. Smith until reviewing Mr. Werb's letter responding to the Government's concerns. Additionally, after Mr. Skrocki received the responsive letter from Mr. Werb on April 24, 2006, he stated to Mr. Werb that no final decision had been made as to whether Mr. Smith would be charged and that no decision would be made until after the conclusion of the Kane trial.

As alleged by counsel for Security, it is believed that the Government did not want Mr. Smith to testify at this trial because Mr. Smith has already informed the Government of documented information that is exculpatory of both Mr. Smith and Security Aviation on certain elements of the charges relating to the transportation/possession of unregistered destructive devices that have been brought against Mr. Kane and that are under consideration against Mr. Smith.

As of May 11, 2006, the Government was contemplating the idea of calling Mr. Smith as a witness and granting Mr. Smith immunity. However, on that date Mr. Werb received a voicemail from Steven Skrocki of the U.S. Attorney's Office indicating that Mr. Skrocki did not have authority "from Washington" to grant immunity to "any Defense witnesses."

Subsequently, on Sunday, May 14, 2006, Mr. Werb received a voicemail from Jim Goeke at the U.S. Attorney's Office indicating that the Government was now willing

to grant immunity to Mr. Smith. However, based on Mr. Skrocki's voicemail of May 11, 2006, there is reason to believe that this attorney does not have authorization from the Government and other Federal jurisdictions to grant immunity to Mr. Smith.  Considering that Mr. Skrocki has explicitly stated that he was not authorized by Washington to grant immunity to Defense witnesses, and because the immunity agreement the Government is currently proposing does not prevent other jurisdictions from claiming they are not subject to the immunity agreement, it is respectfully submitted that the Court must intervene to ensure that Mr. Smith is afforded the requisite level of immunity before being required to appear to testify in this matter.

### III. THE IMMUNITY AGREEMENT OFFERED TO MR. SMITH BY THE GOVERNMENT FALLS SHORT OF CONSTITUTIONAL PROTECTIONS PURSUANT TO 18 U.S.C.S. § 6002 AND THE HOLDING OF THE UNITED STATES SUPREME COURT IN KASTIGAR

Pursuant to 18 U.S.C.S. § 6002, "[w]henever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to – (1) a court or grand jury of the United States, . . . and the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case . ." 18 U.S.C.S. § 6002. Immunity provided by 18 U.S.C.S. § 6002 is both use and derivative immunity. See Interpretive Notes and Decisions of 18 U.S.C.S § 6002 citing In re Kelly, 350 F.Supp. 1198 (E.D. Ark, 1972).

The Government's originally proposed immunity agreement states "[i]t must be understood that this agreement is limited to the District of Alaska, and cannot bind any federal, state or local prosecuting authorities."  Although the Government has, as of today, agreed to broader language stating that Mr. Smith's testimony will not be used against him "in any criminal case. . .", Mr. Smith is justifiably concerned that another jurisdiction may take the position that it is not bound by this letter agreement between Mr. Smith and the Government. Again, this concern is based on the fact that Mr. Skrocki previously informed Mr. Smith's attorney that charges may be brought against Mr. Smith in Pennsylvania and that Washington has indicated that Mr. Skrocki's office does not have authority to grant immunity to Defense witnesses. It should also be noted that, based on counsel's review of 18 U.S.C.S. § 6002 and interpreting case law, given that Mr. Smith has asserted his Fifth Amendment privilege, it appears that Mr. Smith is only required to testify after an order of the Court pursuant to this statute has been entered.

As 18 U.S.C.S. §6002 makes abundantly clear, where the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order, but the granting of immunity must protect the witness from the use of "information directly or indirectly derived from such testimony" from being used in "**any** criminal case, except a prosecution for perjury, giving false statement, or otherwise failing to comply with the order." 18 U.S.C. § 6002. (Emphasis added). In the absence of a court order recognizing the term's of the Government's proposed immunity agreement, the letter agreement would fail to meet the requirements of 18 U.S.C.S. § 6002 and <u>Kastigar</u> because there would be no threat of contempt for

other jurisdictions opting not to recognize the letter agreement Mr. Smith entered with the U.S. Attorney's Office, District of Alaska.

In light of the foregoing, it is respectfully submitted that a hearing should be scheduled to determine the scope of immunity to be granted to Mr. Smith and that, upon the conclusion of such hearing, an order should be entered granting Mr. Smith immunity pursuant to the requirements of 18 U.S.C.S. § 6002. It is further respectfully requested that said Order should clarify that its terms are binding on the Government in local, state and federal jurisdictions outside the Federal District of Alaska, and the Government should be required to provide confirmation that the U.S. Attorney's Office in the Federal District in which Mr. Smith resides has consented to this granting of immunity.

## IV.  SCHEDULING

Upon a determination of the validity of the service of the subpoena upon Mr. Smith, or upon proper service being effected, it is respectfully requested that a Kastigar hearing be scheduled and that Mr. Smith's counsel (Mr. Werb) be permitted to participate telephonically at that hearing.  Further, after a court order setting forth the scope of immunity afforded to Mr. Smith, he and his attorney request a reasonable amount of time to make arrangements to appear and testify in this matter.  In recognition of the distance that Mr. Smith will be traveling and the issues that remain to be resolved regarding the scope of the immunity he may be afforded, it is further requested that the Court not

//
//
//
//

require Mr. Smith's appearance prior to May 23, 2006.

  Respectfully submitted this 17th day of May, 2006 in Anchorage, Alaska.

             <u>s/D. Scott Dattan</u>
             Attorney for Defendant, Allen H. Smith, III
             2600 Denali Street, Suite 460
             Anchorage, Alaska  99503
             Phone:  907-276-8008
             E-Mail:  dattan@alaska.net
             Alaska Bar No:  8411111

             -AND-

             Duane D. Werb (DE No.1042)
             300 Delaware Avenue, 13th Floor
             P. O. Box 25046
             Wilmington, DE 19899
             Telephone: (302) 652-1100
             Facsimile:   (302) 652-1111
             E-mail: dwerb@werbsullivan.com