DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES N. BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT F. KANE,<br>a/k/a “COMMANDER KANE,” and<br>SECURITY AVIATION, INC.,<br><br>Defendants. | No. 3:06-cr-022-JWS<br><br>**MOTION IN LIMINE REGARDING TESTIMONY OF GOVERNMENT WITNESS JOHN BERENS**<br><br>**Filed on Shortened Time** |

COMES NOW the United States through counsel, and files with the court, in limine, a motion requesting that the government be allowed to elicit non-hearsay testimony from John Berens about statements made to Berens by Security Aviation’s L-39 consultant Bernd Rehn. The statements go directly to knowledge

and lack of mistake by both defendants of the characteristics of the rocket launchers that bring them within the purview of the statutory definition of a "destructive device" under 26 U.S.C. § 5845(f)(2).

A proffer of the expected testimony is substantially as follows: After conducting a fifteen-minute examination of the rocket launchers, while at the Palmer hangar in December of 2005 for the purpose of training Security Aviation L-39 mechanics, Mr. Rehn told Mr. Berens that the rocket launchers were "old-style" but were fully operational and "good to go." Mr. Rehn even gave Mr. Berens cautionary instructions about loading rockets into the launchers, advising him that one must be careful not to dislodge the plugs from the sockets at the base of the rockets.

This testimony is not offered for truth. In other words, the jury can be given a limiting instruction that it may not take Mr. Rehn's words as evidence of whether the rocket launchers actually worked (for purposes of deciding whether they constitute "destructive devices"), nor as evidence of what actually constitutes proper loading of the rockets. However, the jury may and should consider Mr. Rehn's statements to Mr. Berens (a Security Aviation employee, showing company knowledge) as evidence that Security Aviation had inquiry notice, and actual knowledge of the weapons' features bringing them within the ambit of the law. Mr.

Rehn's statements are also evidence of the same character – knowledge and lack of mistake – against defendant Kane and other Security Aviation employees (Joe Griffith and Tom Trotter), because Mr. Berens passed at least some of what Mr. Rehn told him about the rocket launchers on to these men, both of whom have an extensive military, fighter aircraft background. The trial record is already replete with evidence of both defendants' assertions that they "mistakenly" bought fully operational rocket launchers, thinking they were merely "decorations" for company promotional purposes and company "chili-feed" ambiance. Both defendants argued lack of knowledge in their opening statements. Both defendants have cross-examined extensively in an attempt to elicit evidence of innocent possession of the rocket launchers.

The proffer testimony is not hearsay, both because it is not offered to prove the truth of the matter asserted (FRE 801(c)) and by definition under FRE801(d)(2)(D) (Mr. Rehn was a company servant, the weaponry was compatible with the L-39s and thus well within the scope of his employment relationship). Any limiting instruction should also indicate that this evidence of lack of mistake/knowledge should be considered only for purposes of deciding Counts 1

and 2.[1]

Mr. Berens will resume direct examination this morning. The government requests permission to elicit the foregoing testimony from him, which was precluded yesterday during a discussion of whether the defense will be calling Mr. Rehn, and whether the above-referenced should simply be elicited on rebuttal. The defense would not commit to whether it will be calling Mr. Rehn, a resident of Germany who has produced an expert report in this case, as a witness. The defense should be required to immediately indicate whether Mr. Rehn will testify. Mr. Berens lives in Iowa, and will have to stay in Alaska for more than two weeks, in anticipation of whether he may be needed for rebuttal; he could be excused by the Court if allowed to testify as requested. It must also be noted that holding Mr. Berens in abeyance for "possible" rebuttal by refusing to state whether Mr. Rehn will be called could be perceived as deliberate, since Security Aviation served Mr. Berens with a lawsuit last week, and the attorney in that action is sitting in the courtroom, taking notes during Mr. Berens testimony.

RESPECTFULLY SUBMITTED this 17th day of May, 2006 at Anchorage, Alaska

---

[1] Because Rehn's statements were made after the events underlying Count 4, they should only be considered by the jury as to Counts 1 and 2, each of which articulate continuing offenses (conspiracy and possession, respectively).

DEBORAH M. SMITH
Acting United States Attorney

s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
& Paul Sockler.

s/ James Barkeley