Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:  (907) 276-4557
Facsimile:   (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>    Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S MOTION FOR PROTECTIVE ORDER LIMITING THE EXAMINATION OF DAVID CANAVVO TO HIS INVOLVEMENT WITH THE ROCKET PODS INVOLVED IN THIS CASE** |

Defendant Security Aviation, Inc. ("Security Aviation") moves in limine for a protective order limiting the examination of David Canavvo ("Canavvo) to his interaction with the rocket pods in *this case*.  If Canavvo asserts his Fifth Amendment privilege and does not testify about his involvement with the pods in this case, Security Aviation moves in the alternative for an order admitting Canavvo's "302" report as a statement against interest under Fed. R. Evid. 804(b)(3).

**I.     Facts**

Security Aviation has subpoenaed David Canavvo to testify in this case. Security Aviation believes that Canavvo's testimony will be exculpatory based on Canavvo's statements contained in a "302" report.

David Canavvo is an importer of military aircraft. He was interviewed by the government on February 27, 2006 in connection with this case. His statements were reported in a FBI "302" report.[1]

In the 302 report, Canavvo said he sold the pods at issue to Allen Smith sometime around 1996 or 1997. Canavvo had imported the pods along with an aircraft that he had purchased from the Czech Republic in 1991 or 1992. Canavvo also made the following relevant statements:

- Canavvo described the pods as, "miscellaneous airplane spare parts, de-miled [sic] in the Czech Republic, imported to the U.S., and checked through the U.S. Customs with the aircraft."

- "Nothing in military condition is allowed for export from former eastern bloc countries," including the Czech Republic. "All military hardware must be removed and cleared prior to export."

- "All of the mounting bolts, clips, wires, electronics, squibs, and locking rings were absent" from the pods. "It was obvious they were inert and it

---

[1] The 302 report is attached as Exhibit A.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION FOR
PROTECTIVE ORDER LIMITING THE EXAMINATION
OF DAVID CANAVVO
Page 2 of 8

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

>  was Canavvo's understanding Smith wanted the pods to mount to his L-39 for display at airshows."

- Canavvo stated "that everything had been legally complied with respect to the purchase, shipment, and sale of these aircraft and parts."

**II.   Argument**

**A.   A Protective Order limiting Canavvo's examination to the pods involved in this case will ensure that both Canavvo's Fifth Amendment right against self incrimination and Security Aviation's Sixth Amendment right to compel witnesses are not violated.**

Based on Canavvo's statements in his 302 report, his testimony will be directly relevant and exculpatory. Canavvo's testimony will corroborate the anticipated exculpatory testimony of Allen Smith. Security Aviation anticipates that Smith will testify that he advertised the pods as demilitarized on E-bay and that Smith understood that Security Aviation's intended use for the pods was decorative.[2] It is more likely that Smith told James Mendenhall (the Security Aviation employee that ordered the pods from Smith) that the pods were demilitarized and inoperable given Canavvo's 302 statements regarding his interaction with the pods. Thus, Canavvo's anticipated testimony is directly relevant to an essential element of the crime, whether Security Aviation knew of the features of the pods that brought them within the National Firearms Act. *United States v. Staples*, 511 U.S. 600, 619 (1994) (holding that the government must prove that the defendant knew of those features which brought the firearm within

---

[2] Smith's 302 report is attached as Exhibit B.

SECURITY AVIATION, INC.'S MOTION FOR  
PROTECTIVE ORDER LIMITING THE EXAMINATION  
OF DAVID CANAVVO  
Page 3 of 8

UNITED STATES OF AMERICA V.  
ROBERT F. KANE and SECURITY AVIATION  
Case No 3:06-CR-00022-JWS-JDR-2

DORSEY & WHITNEY LLP  
1031 West 4th Avenue,  
Suite 600  
Anchorage, AK 99501  
(907) 276-4557

the scope of the statute). Canavvo's testimony will also show that the pods were not smuggled into the country and instead cleared United States Customs, directly negating the insinuation in the government's case that Security Aviation's possession of the pods was somehow nefarious. The manner in which the pods entered the country also supports Security Aviation's position that it had no knowledge of the features of the pods and intended them to be used for static display. Because the pods were imported through customs and not smuggled in, it is more likely that Security Aviation did *not* know of any features of the pods that might bring them under the Firearms Act.

1. **Fifth Amendment**

Because Canavvo imported the pods into the United States in 1991 or 1992 and ceased to possess them in 1996 or 1997, he faces no criminal prosecution for his involvement with the pods at issue in this case. The statute of limitations has run on any importation, transportation, or possession charge relating to the pods.[3] Canavvo's testimony about the pods in this case will not implicate his Fifth Amendment right against self-incrimination as he can face no prosecution for his involvement with the pods involved in this case. *See, United States v. Balsys*, 524 U.S. 666 (holding that when a witness's response will raise no fear of criminal penalty, there is no Fifth Amendment privilege).

---

[3] The statute of limitations for possession of an unregistered firearm under 26 U.S.C. § 5861(d) is three years. *See* 26 U.S.C. § 6531. The statute of limitations for importation or transportation of a destructive device under 9 U.S.C. 922(a)(4) and for any crime related to importing an item on the U.S. Munitions list,. 22 U.S.C. § 2778(c), is five years. *See* 18 U.S.C. § 3282.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION FOR
PROTECTIVE ORDER LIMITING THE EXAMINATION
OF DAVID CANAVVO
Page 4 of 8

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Canavvo's testimony should be limited to his involvement with the pods in this case, however, to avoid raising any Fifth Amendment potential concerns. From Canavvo's 302, it appears that he may have imported and possessed different pods and that that importation and possession occurred within the limitations time period.[4] The defense, however, will not elicit any testimony beyond Canavvo's interaction with the pods in this case, which ended 9-10 years ago. Any testimony relating to other pods would be completely irrelevant to the charge at issue in this case. Any cross examination by the government should be limited to Canavvo's involvement with the pods in this case. Cross examination relating to different pods would regard a collateral matter. Security Aviation's Sixth Amendment right to compulsory process to secure the attendance of witnesses trumps the government's desire to inquire into collateral matters. *See, United States. v. Negrete-Gonzales*, 966 F.2d 1277, 1280 (9th Cir. 1992) (holding that the judge may not strike a defense witness's testimony when the witness refuses to answer questions on cross examination on Fifth Amendment grounds when "the privileged answer pertains to a collateral matter.").

Courts must strive to avoid collisions between a defendant's Sixth Amendment right to compel testimony and a witness's Fifth Amendment privilege. *Carter v. United*

---

[4] Canavvo has informed counsel that he will arrive in Anchorage late on Tuesday night. Arrangements have been made been made for Canavvo to meet with counsel in Anchorage. It is not known what action Canavvo will take regarding his testimony and any assertion of the Fifth Amendment privilege, although Canavvo's counsel in Philadelphia informs defense counsel that Canavvo will likely take the Fifth. Security aviation files this motion so the court can be aware of a potential issue and so the issue can be resolved prior to Canavvo taking the stand.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

*States*, 684 A.2d 331, 336 (D.C. 1996). Here, a protective order limiting examination of Canavvo to his interaction with the pods at issue avoids any potential collision between Security Aviation's Sixth Amendment rights and Canavvo's Fifth Amendment rights. If Canavvo's examination is limited to the pods in this case, Security Aviation will be able to elicit the relevant testimony it believes is exculpatory regarding the pods in this case and there will be no risk that Canavvo's Fifth Amendment right will be implicated by any government cross examination on a collateral matter regarding different pods. Therefore, because any testimony that could implicate Canavvo's Fifth Amendment rights would be elicited by cross-examination on a collateral matter, Security Aviation's Sixth Amendment right to compel witnesses requires an order limiting Canavvo's examination to the pods at issue in this case. *See, Negrete-Gonzales*, 966 F.2d at 1280.

### B. At a minimum, Canavvo's "302" is admissible as a statement against penal interest.

If this court does not issue an order limiting the examination of Canavvo's testimony and Canavvo invokes his Fifth Amendment right to testify, then his 302 statement must be admitted as prior statement against interest under Fed. R. Evid. 804(b)(3).

There are two requirements for a statement to be admissible as an admission against interest. First, under Fed. R. Evid. 804(a), the witness must be unavailable to testify. A witness's assertion of the Fifth Amendment makes a witness unavailable. *See, e.g., Padilla v. Terhune*, 309 F.3d 614, 618 (9th Cir. 2002) (assertion of Fifth

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION FOR
PROTECTIVE ORDER LIMITING THE EXAMINATION
OF DAVID CANAVVO
Page 6 of 8

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

Amendment privilege makes a witness legally unavailable).  Second, the statement at the time of its making has to subject the declarant to criminal liability.  *See* Fed. R. Evid. 804(b)(3).  Because the 302 report is offered to exculpate the accused and tends to expose Canavvo to criminal liability, corroborating circumstances indicating the trustworthiness of the statements are also necessary.  *Id.*  If Canavvo refuses to testify because his testimony could incriminate him, the statements in his 302 – the very statements Security Aviation intends to elicit from Canavvo – by definition must be statements against his penal interest.  Why would Canavvo assert his Fifth Amendment privilege, unless the statements expose him to criminal liability?

At the time the statements were made, it was also clear to Canavvo that the government's position was that the pods were illegal destructive devices.[5]  *See* Weinstein's Federal Evidence § 804.06[4][d] ("At the moment the statement is made the declarant must believe that the statements is against the declarant's interest.")  There is and will be corroborating circumstances indicating the trustworthiness of Canavvo's statements.  First, Canavvo's 302 statements will be corroborated by the likely testimony of Allen Smith.[6]  Second, the statements were made to government agents in the context of an investigation regarding the pods.  Under these circumstances, the trustworthiness of Canavvo's 302 report is clearly corroborated.

---

[5] Canavvo was interviewed after Rob Kane had been arrested and was following the FBI's investigation.

[6] They are also corroborated by Smith's 302 report.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION FOR
PROTECTIVE ORDER LIMITING THE EXAMINATION
OF DAVID CANAVVO
Page 7 of 8

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

If Canavvo does not testify on Fifth Amendment grounds, his 302 report is admissible under Fed. R. Evid. 804(b)(3).

DATED this 22nd day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:   /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of May, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley<br>Steven Skrocki<br>Assistant United States Attorney<br>Federal Building  U.S. Courthouse<br>222 W. 7th  Ave. #9, Rm 253<br>Anchorage, Alaska  99513-7567 | Paul D. Stockler<br>1309 W. 16th Avenue<br>Anchorage, Alaska  99501 |
| Kevin Fitzgerald<br>Ingaldson, Maassen & Fitzgerald<br>813 West 3rd Avenue<br>Anchorage, Alaska  99501 | James L. Kee<br>Kee, Archer & Herberger, P.A.<br>1102 Maple Street<br>Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:    /s/ Allen F. Clendaniel
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATION, INC.'S MOTION FOR
PROTECTIVE ORDER LIMITING THE EXAMINATION
OF DAVID CANAVVO
Page 8 of 8

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2