Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT F. KANE, a/k/a "COMMANDER KANE," and SECURITY AVIATION, INC.,<br><br>　　　　　Defendants. | Case No. 3:06-CR-00022-JWS-JDR-2<br><br>**SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL** |

Defendant Security Aviation, Inc. ("Security Aviation") moves this Court, under Fed. R. Crim. Proc. 29, for judgment of acquittal on all counts.[1]

Both counts in the indictment (possession and transportation) require the government to prove two basic elements, among others. First, the government must prove that the pods actually are destructive devices. Second, if the pods are destructive

---

[1] Security Aviation files this motion before the government rests its case so that the Court may have the benefit of this brief written memorandum. It is anticipated that the government's remaining witness, Jim Mendenhall, will not affect the analysis presented in this motion. Of course, the Court will have to take into account whatever Mendenhall's testimony actually is when ruling on this motion for a judgment of acquittal.

devices, the government must prove that Security Aviation knew of the features of the pods that make them destructive devices. *See, Staples v. United States*, 511 U.S. 600, 619 (1994). The government has not presented sufficient evidence as to either of these two elements. Accordingly, there is not sufficient evidence to sustain a conviction and a judgment of acquittal must be entered under Rule 29.

As this court well knows, the standard for a judgment of acquittal is whether "any rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979). Even under this deferential standard, the government has failed to present sufficient evidence to sustain a conviction.

### I. Under no circumstances are the pods destructive devices.

If the pods are not destructive devices, then Security Aviation cannot be guilty of the two counts with which it is charged. The government has failed to present sufficient evidence that the two pods are destructive devices as defined in 26 U.S.C. § 5845(f)(2) and 18 U.S.C. § 921(a)(4)(B). A destructive device is:

> [A]ny type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter.[2]

26 U.S.C. § 5845(f)(2).

The government has failed, however, to provide sufficient evidence that the pods (1) will expel a projectile by the action of an explosive or other propellant, (2) that the

---

[2] The definition in 18 U.S.C. § 921(a)(4)(B) is essentially identical.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL
Page 2 of 11

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

pods could be readily converted to expel a projectile by the action of an explosive or other propellant, and (3) that the pods are a weapon by whatever name known.

### A.    No evidence that the pods will not expel a projectile.

The government presented no evidence that the pods will expel a projectile by the action of an explosive or other propellant. Both of the government expert witnesses testified that if a rocket was properly loaded into a pod tube, the pod will not expel the rocket. In fact, the testimony was unequivocal that the pods are incapable of expelling the rocket without an external electrical source.[3] The government has not presented any evidence that the pods are capable of expelling a projectile. The pods simply will *not* expel a projectile. *See, United States v. Rushcamp*, 526 F.2d 1380 (6th Cir. 1975) (holding that bazooka that could not fire a rocket was only a destructive device because it could be readily converted to do so and noting that it was incapable of presently expelling a rocket). This Court has already ruled that the statutory verb "will" is clearly in the present tense and that accordingly a device can only be a destructive device if it is "capable of, or may be readily made capable of, expelling a projectile." *See,* Docket 257. The government's evidence shows that the pods have no trigger or switch and no internal source of electricity that could cause a projectile to be expelled. No rocket could be fired

---

[3] It should be noted that the pods are also not capable of expelling a projectile without a device to ignite the rocket's propellant. Although, there was evidence that the igniter comes with the rocket, this is not the type of "ammunition," discussed in *United States v. Melancon*, 462 F.2d 82 (5th Cir. 1972). Indeed, 18 U.S.C. § 921 provides, "[t]he term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm." There is no mention of any firing device such as an igniter or firing pin. The projectile and propellant of the rocket is the ammunition. The igniter and electrical cord is not.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

from the pods as they were possessed by Security Aviation. The government's evidence has unequivocally demonstrated that the pods cannot and will not expel a projectile by the means of explosion or propellant.

### B. There is no evidence that the pods could be readily converted so that they will expel a projectile.

There also has not been sufficient evidence that the pods could be "readily converted" so as to be able to expel a projectile. The government, at Docket 262 advised the Court and defendants that "it will not be offering any expert testimony with regard to 'readily converted,' but will focus on the statutory language of 'will (or could)…' fire a projectile." The government also advised that "the elimination of the 'readily converted to' issue narrows the focus of the trial." True to its word, the government presented no evidence, expert or otherwise, that the pods could be readily converted to expel a projectile.

Charles Watson did testify, on cross examination, that a rocket could be fired from the pods if an external source of electricity was utilized. Based on the government's notice at Docket 262, the government should be judicially estopped from relying on Watson's testimony to support a conviction on "readily converted" grounds.[4] In any event, Watson's testimony regarding an external electrical source is not sufficient to

---

[4] *See, Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 ( 9th Cir. 2001) (stating that "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position"). Here, the government clearly took the position it was eliminating the issue of "readily converted" so as to save the expert testimony of Earl Griffith because of a mistake in his report. It should not now be allowed to assert a "clearly inconsistent position" that there has been evidence of readily convertible so as to avoid a judgment of acquittal.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL
Page 4 of 11

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

support a conviction on the grounds that the pods could be readily converted to expel a projectile. Watson testified that the electrical wiring inside the pod was unnecessary if an external wire attached to a battery is used to fire a rocket. He admitted that the same result could be obtained by simply attaching the battery and wire to the electrical cord that extends from the end of the rocket. The evidence clearly showed that the internal wiring is redundant and unnecessary if a wire and battery is used to fire a rocket from a pod. He also testified that a rocket could be fired from any pipe in such a manner, including the "rocket launcher" constructed out of 4 pieces of PVC pipe and a cardboard box by counsel for Kane. Attaching a wire and a battery to the pod, therefore, cannot constitute ready conversion under the statutes. *See, Rushcamp*, 526 F.2d at 1382 (stating that "[t]he statutes involved do no purport to regulate all materials or devices which could prove harmful such as 3.5 inch pipe). As there is no other evidence of how the pods could be readily converted to expel a projectile, there is not sufficient evidence that the pods are "readily convertible" under the statutes.

    **C.    There is not sufficient evidence that the pods are weapons.**

For a device to be a destructive device under 26 U.S.C. § 5845(f)(2) and 18 U.S.C. § 921(a)(4)(B), it must be a weapon by whatever name known. The government has not presented sufficient evidence to conclude that the pods are weapons. At best, they have presented evidence that the pods are a part of a weapon or weapon system. That is not sufficient under the statute. Both of the governments experts, Charles Watson and Earl Griffith, testified that the pods are part of a weapon system and that the pods by themselves are incapable of expelling a projectile. Watson explained all of the components of the system, which includes (1) an igniter to ignite the projectile's

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR
JUDGMENT OF ACQUITTAL
Page 5 of 11

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

propellant, (2) a rocket pod, (3) a rocket holder, (4) a pylon, (5) electrical components and circuitry running from the pylon to the cockpit, (6) an armament panel, and (7) a trigger. When assembled all of these components are a weapon, but the pod by itself is not a weapon. The rocket pod by itself is just like a cylinder of a revolver, a part of a weapon, but not a weapon by itself.

26 U.S.C. § 5845(f)(2) and 18 U.S.C. § 921(a)(4)(B) must be interpreted so that a part or component of a weapon is not a weapon. Any other interpretation would twist the plain meaning of the statute and raise serious constitutional concerns. Both 26 U.S.C. § 5845(f) and 18 U.S.C. § 921(a) include sections that prohibit the possession of parts that could be assembled into a destructive device.[5] But it is only illegal to possess the necessary parts that could be assembled into a destructive device if one has all of the necessary parts. Under 26 U.S.C. § 5845(f)(3), "[s]ince 'parts' aren't necessarily a weapon, the statute requires intent to use them as a weapon." *United States v. Ruiz*, 73 F.3d 949, 952 (9th Cir. 1996). Moreover, "[a] defendant must possess *every* essential part necessary to construct a destructive device." *United States v. Blackburn*, 940 F.2d 107, 110 (4th Cir. 1991) (emphasis in original). A grenade without the gunpowder necessary to arm the grenade is not a destructive device under § 5845(f)(3). *United States v. Malone*, 546 F.2d 1182, 1184 (5th Cir. 1977) (holding that "the defendant

---

[5] 26 U.S.C. § 5845(f)(3) states: "[A]ny combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled." 18 U.S.C. § 921(a)(4)(C) states: "[A]ny combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled."

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR
JUDGMENT OF ACQUITTAL
Page 6 of 11

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

cannot be found guilty of the offenses charged because he did not have in his possession all of the component parts from which a destructive device might be readily assembled"). It would eviscerate established circuit law to define the term "weapon" under § 845(f)(2) to include a component or part of a weapon, when a single component or part of a weapon does not create criminal liability under § 5845(f)(3), which is the statutory section that explicitly criminalizes possession of parts or components of weapons.

The statute clearly does not intend to criminalize possession of components of weapons under § 5845(f)(2). If a grenade shell without the gun powder is not a destructive device under § 5845(f)(3), *see*, *Malone*, 546 F.2d at 1184, then an inert part of a weapon system, like these rocket pods, is not a destructive device under 26 U.S.C. § 5845(f)(2) and 18 U.S.C. § 921(a)(4)(B).

Therefore, there is insufficient evidence that the pods are destructive devices and a judgment of acquittal must be entered.

## II. There is insufficient evidence to support the mens rea element.

Even if the government has presented just enough evidence that the pods are destructive devices to avoid a judgment of acquittal, it has failed to present sufficient evidence of Security Aviation's knowledge of the features of the pods, which make them destructive devices. This Court has already ruled (Docket 257) that all charges "depend on proof by the United States that defendants knew the rocket launchers were destructive devices." Accordingly, if there is insufficient evidence of Security Aviation's knowledge of the features of the pods that make them destructive devices, a judgment of acquittal must be entered.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL
Page 7 of 11

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

### A. There is no evidence of Security Aviation's knowledge at the time the pods were transported to Alaska.

In order to be convicted for transportation of a destructive device under § 922(a)(4) and 18 U.S.C. § 924(a)(1)(B), the government must prove that Security Aviation knew *at the time* the pods were transported to Alaska that the pods possessed the features of a destructive device. Any evidence that shows knowledge obtained of the features of the pods *after* the pods arrived in Alaska cannot support the transportation count

Up to now, the government has not put on a shred of evidence that Security Aviation had any knowledge that the pods were destructive devices at the time they were transported to Alaska. Nor is it anticipated that Jim Mendenhall's testimony will alter this analysis or provide any testimony to support a conviction. Security Aviation believes Mendenhall will testify that (1) he ordered the pods from Allen Smith on e-Bay, (2) that the pods were advertised by Smith as demilled and for decorative use, and (3) that Smith, nor anyone else, told him otherwise. Nor will the government's introduction of emails between Smith and Mendenhall or internet research conducted by Mendenhall change its absolute lack of evidence.[6] In the context of Mendenhall's explanatory testimony (and with no evidence to the contrary), no rational trier of fact could find the essential element of knowledge as to the transportation charge beyond a reasonable doubt.

Security Aviation anticipates that Mendenhall's testimony will simply establish that he ordered the pods on Security Aviation's behalf and that Security Aviation paid for

---

[6] At the most, the government will prove that Mendenhall determined that the pods were UB 16 57mm pods that could be mounted on an L-39 for static display, but not that they were destructive devices actually capable of expelling a projectile.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL
Page 8 of 11

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

the pods. It will not prove, however, that Mendenhall or anyone else at Security Aviation knew that the pods were capable of expelling a projectile by action of a propellant at the times the pods were purchased. When the government rests its case, there will be no evidence that when the pods were transported to Alaska that anyone at Security Aviation knew that the pods were "destructive devices."

Because the government has failed to prove that Security Aviation had any knowledge that the pods were destructive devices at the time they were transported, a judgment of acquittal must be entered on the transportation count.

### B. There is also not sufficient evidence to support the possession charge.

The government's sole evidence that Security Aviation knew that the pods had the features that brought them within the statutory definition of destructive device after they arrived in Alaska is the testimony of John Berens. Berens testified that Bernd Rehn examined the pods and told Berens that they were "good to go."[7] Berens testified that he then relayed Rehn's statement to Rob Kane, Tom Trotter, and Joe Griffith. Notably, Tom Trotter did not testify that Berens told him anything about the pods, let alone that Rehn said the pods were "good to go." In any event, Berens's testimony is insufficient to support a conviction under 26 U.S.C. § 5861(d). It is not clear what Bernd's statements to Berens meant. "Good to go" or even "functional" does not mean "the pods are capable of expelling a projectile by means of propellant." Indeed, there has been no evidence that anyone at Security Aviation knew anything about the mechanics of an S-5 rocket (the

---

[7] Rehn denied making this statement. Of course, for the purposes of this Rule 29 motion, the Court cannot take into account Rehn's testimony, as he was called out of order by the defense.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR
JUDGMENT OF ACQUITTAL
Page 9 of 11

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

rocket designed for use with the pods), let alone that an S-5 rocket came with its own igniter and had an electrical cord that extends from the back of the rocket.[8]  Nor is there any other evidence demonstrating that anyone at Security Aviation knew that the pods were capable of expelling a projectile.  Berens testimony that he relayed a vague statement to others at Security Aviation is insufficient to support a conviction on the possession count.

## III.   Conclusion

For the reasons stated above, this Court must order a judgment of acquittal on all counts pursuant to Fed. R. Crim. Proc. 29.  No rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt.

DATED this 23rd day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:     /s/ Allen F. Clendaniel
        Robert C. Bundy, ABA #7206021
        Allen F. Clendaniel, ABA #0411084
        DORSEY & WHITNEY LLP
        1031 West Fourth Avenue, Suite 600
        Anchorage, AK 99501-5907
        (907) 276-4557
        bundy.robert@dorsey.com
        clendaniel.allen@dorsey.com

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL
Page 10 of 11

UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Case No 3:06-CR-00022-JWS-JDR-2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of May, 2006, a true and correct copy of this document was served on:

| | |
|---|---|
| James N. Barkeley | Paul D. Stockler |
| Steven Skrocki | 1309 W. 16th Avenue |
| Assistant United States Attorney | Anchorage, Alaska  99501 |
| Federal Building  U.S. Courthouse | |
| 222 W. 7th  Ave. #9, Rm 253 | |
| Anchorage, Alaska  99513-7567 | |
| Kevin Fitzgerald | James L. Kee |
| Ingaldson, Maassen & Fitzgerald | Kee, Archer & Herberger, P.A. |
| 813 West 3rd Avenue | 1102 Maple Street |
| Anchorage, Alaska  99501 | Duncan, Oklahoma  73533 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:   /s/ Allen F. Clendaniel
   Robert C. Bundy, ABA #7206021
   Allen F. Clendaniel, ABA #0411084
   Dorsey & Whitney, LLP

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATION, INC.'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL
UNITED STATES OF AMERICA V. ROBERT F. KANE and SECURITY AVIATION
Page 11 of 11
Case No 3:06-CR-00022-JWS-JDR-2
4812-7430-0417\1 5/23/2006 8:53 AM