Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for SECURITY AVIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

               Plaintiff,

v.

ROBERT F. KANE, a/k/a
"COMMANDER KANE," and
SECURITY AVIATION, INC.,

               Defendants.

Case No. 3:06-CR-00022-JWS-JDR-2

**SECURITY AVIATION, INC.'S
SECOND SUPPLEMENTAL
PROPOSED JURY INSTRUCTIONS**

Defendant Security Aviation, Inc. respectfully requests that the jury be instructed

in accordance with the attached supplemental jury instructions.  These instructions

modify Security Aviation's initial proposed instructions regarding the elements of the

charged counts by removing any reference to "readily converted."  Security Aviation also

adds an additional instruction regarding the lack of any affirmative duty to inquire or

investigate, in response to questions posed by the government during its examination of

witnesses.

The government, at Docket 262, advised the Court and defendants that "it will not

be offering any expert testimony with regard to 'readily converted,' but will focus on the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

statutory language of 'will (or could)...' fire a projectile." The government also advised that "the elimination of the 'readily converted to' issue narrows the focus of the trial." The government through pleadings filed with this Court took the position that whether the pods were "readily convertible" was not an issue that was going to be tried. True to its word, the government presented no evidence, expert or otherwise, that the pods could be readily converted to expel a projectile. Defendants relied upon the government's representation and presented no evidence demonstrating that the pods could not be readily converted to expel a projectile. The issue of "readily convertible" has not been tried in this case. And therefore to allow the jury to speculate about whether the pods could be "readily converted" to expel a projectile would be unfairly prejudicial to defendant Security Aviation. The government should be judicially estopped from presenting to the jury a definition of destructive device that includes reference to "readily converted." *See, Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 ( 9th Cir. 2001) (stating that "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). Here, the government clearly took the position it was eliminating the issue of "readily converted" so as to save the expert testimony of Earl Griffith because of a mistake in his report. The government should not now be allowed to benefit from potential jury speculation on an issue that was not tried and about which the jury heard no evidence. Accordingly, Security Aviation submits the supplemental jury instructions below, which eliminate any reference to "readily converted." To

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S SECOND                    UNITED STATES OF AMERICA V.
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS        ROBERT F. KANE and SECURITY AVIATION

Page 2 of 7                                          Case No 3:06-CR-00022-JWS-JDR-2

instruct the jury otherwise could result in prejudicial and unfettered speculation by the jury on a theory that the government voluntarily abandoned prior to trial.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S SECOND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Page 3 of 7

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

# INSTRUCTION NO. 1

## Possession of Unregistered Firearm Charge

Defendant Security Aviation, Inc. is charged in Count Two of the indictment with possession of an unregistered firearm in violation of Section 5861(d) of Title 26 of the United States Code. In order for defendant Security Aviation, Inc. to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Security Aviation, Inc. must have possessed a destructive device. A destructive device is a weapon by whatever name known which will expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter.

Second, defendant Security Aviation, Inc. must have known the weapon it possessed could expel a projectile by the action of an explosive or other propellant and that the barrel or barrels of the weapon had a bore of more than one-half inch in diameter.

Third, the destructive device was not registered to defendant Security Aviation, Inc. in the National Firearms Registration and Transfer Record.

**LEGAL AUTHORITY**: Ninth Circuit Model Jury Instruction 9.31 Firearms—Possession Of Unregistered Firearm (26 U.S.C. § 5861(d)); *Staples v. United States*, 511 U.S. 600, 619 (1994) (holding that the government must prove that the defendant knew of those features which brought the firearm within the scope of the statute); *United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999) (*mens rea* requirement that the defendant know of the particular characteristics of the firearm which bring it within the scope of the statute is "an essential element of a § 5861(d) violation").

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SECURITY AVIATIONS INC.'S SECOND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

## INSTRUCTION NO. 2

### Unlawful Transportation of Destructive Device Charge

Defendant Security Aviation, Inc. is charged in Count 4 of the indictment with the unlawful transportation of a destructive device in violation of Section 922(a)(4) of Title 18 of the United States Code.  In order for defendant Security Aviation, Inc. to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Security Aviation, Inc. was not licensed as a firearms dealer, importer, manufacturer or collector.

Second, defendant Security Aviation, Inc. knowingly transported a destructive device from one state to another;

A destructive device is any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter

To knowingly transport a destructive device, defendant Security Aviation, Inc. must have known that it transported a weapon that could expel a projectile by the action of an explosive or other propellant and that the barrel or barrels of the weapon had a bore of more than one-half inch in diameter.

Third, that defendant Security Aviation, Inc. did so without specific authorization by the Secretary of the Treasury of the United States.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S SECOND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Page 5 of 7

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

**INSTRUCTION NO. 3**

**No Affirmative Duty to Inquire or Investigate**

The government cannot prove Security Aviation Inc.'s knowledge of the features of any device by showing that Security Aviation failed to investigate or inquire about the devices features. There is not an affirmative duty to inquire as to whether a device is a weapon by whatever name known which will expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter. The government must prove that Security Aviation, Inc. actually knew that the device is a weapon which will expel a projectile by an action of an explosion or propellant.

**LEGAL AUTHORITY**: *United States v. Heredia*, 429 F.3d 820, 824 (9th Cir. 2005); *United States v. Kelm*, 827 F.2d 1319, 1324 (9th Cir. 1987).

SECURITY AVIATIONS INC.'S SECOND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

DATED this 24th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:  /s/ Robert C. Bundy
    Robert C. Bundy, ABA #7206021
    Allen F. Clendaniel, ABA #0411084
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557
    bundy.robert@dorsey.com
    clendaniel.allen@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of May, 2006, a true and correct copy of this document was served on:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building  U.S. Courthouse
222 W. 7th  Ave. #9, Rm 253
Anchorage, Alaska  99513-7567

Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska  99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 West 3rd Avenue
Anchorage, Alaska  99501

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

By:    /s/ Robert C. Bundy
    Robert C. Bundy, ABA #7206021
    Allen F. Clendaniel, ABA #0411084
    Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

SECURITY AVIATIONS INC.'S SECOND
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

UNITED STATES OF AMERICA V.
ROBERT F. KANE and SECURITY AVIATION

Case No 3:06-CR-00022-JWS-JDR-2