D. John McKay, Esq.
Law Offices of D. John McKay
117 E. Cook Ave.
Anchorage, Alaska  99501
Phone:  (907) 274-3154
Fax:      (907) 272-5646
Alaska Bar No. 7811117
Attorney for Anchorage Daily News
  and for KTUU-TV, Channel 2 News

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:06-cr-00022-JWS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANCHORAGE DAILY NEWS** |
| ROBERT F. KANE, and | ) | **AND KTUU-TV MOTION AND** |
| SECURITY AVIATION, INC., | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **ACCESS TO TRIAL EXHIBITS** |
| Defendants. | ) | |
| | ) | |

Anchorage Daily News ("Daily News") and KTUU Channel 2 News ("KTUU"),

(collectively referred to herein as the "Press"), by and through undersigned counsel, hereby

request that the court order the Press be given prompt access to inspect and copy the exhibits

introduced and admitted into evidence in the trial of this matter (the "Exhibits")[1].  If and to the

_____

[1] The complete exhibit lists in the case are found at Docket Nos. 301 and 302. All
exhibits should be publicly available, but the exhibits specifically being requested by the Press
through this motion are listed in the attachment to the accompanying Declaration of ADN
reporter Lisa Demer. All were admitted and used at trial.  None involve unique considerations
that might warrant special attention or accommodations, such as might be the case, for example,
if the Press were now seeking access to the rocket pods.  Most of these documents were used in
an electronic format during trial, and the Press requests that the documents be provided to them
in this format, absent any compelling reason not to do so.  (The Press is aware of no reason why
this could not be done, or why it would not be acceptable to the parties.)

extent that these exhibits are not within the possession or direct control of the court, the order

should direct the parties in possession of the exhibits, including the United States Attorney, as

counsel for Plaintiff, and Defendants Kane and Security Aviation, to immediately provide to the

Press, or make available to the Press for inspection and copying, copies of these exhibits in their

respective possession or control.

        While the Press has a clear legal right to these documents, regardless of the position of

the parties, it should be noted at the outset that to the Press' knowledge, no party objects to this

request.[2]  The parties are simply unwilling to provide copies of documents to the Press without a

court order, or have failed to date to do so.  This is an unfortunate and continuing pattern which

the court should address.  Something is wrong when the press and public are forced to hire legal

counsel and incur legal fees and costs to obtain access to which they are constitutionally entitled,

— when public documents are withheld from the public, even though it is apparent there are no

substantial legal arguments for withholding them, and when, indeed, there is no objection to their

release. This is <u>erring</u> on the side of caution, and to the extent this improper withholding of

public documents is coming from a misapprehension that the court will penalize the parties for

following the law and providing access, the parties should be disabused of this notion.

        Earlier in this case, the parties declined to provide access to exhibits used in open court in

the preliminary hearing, even though they had no particular objection to their release, without a

court order expressly authorizing release of these public records, in light of admonitions of the

magistrate to comply with rules concerning trial publicity.  As a result, the Press at that time filed

---

        [2]  Anchorage Daily News reporter Lisa Demer has spoken with each of the parties, requesting the
documents at issue here.  The U.S. Attorney, as well as counsel for Kane, and counsel for Security Aviation,
have told her that they do not object to the Press being given copies of the exhibits.  The government will not
make copies available, however, without an order of the court specifically authorizing this, and the defense has
failed to date to provide any copies.  *See*, Declaration of Lisa Demer.

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of Press Motion to

a motion and legal memorandum setting forth Ninth Circuit and other applicable case law

demonstrating that access should be permitted.  The motion was granted.  If anything,

withholding the exhibits now is even less justified, since the trial is completed.

U.S. Supreme Court, Ninth Circuit, and other authority briefing establishing the Press's

presumptive right of access to judicial proceedings and documents has been cited in earlier

briefing and will not be repeated here.   In addition, numerous cases directly address the issue of

access to exhibits.  A number of these were cited in the brief filed by the Press in order to obtain

access to the preliminary examination exhibits, and are equally relevant here.  *See, e.g.*, United

States v. Myers (In re Nat'l Broad. Co.), 635 F.2d 945, 952 (2d Cir. 1980), and  Valley

Broadcasting v. U.S. District Court,  798 F.2d 1289 (9th Cir. 1986),  In Myers, the court said:

"Once ... evidence has become known to the members of the public... through their attendance at

a public session of court, it would take the most extraordinary circumstances to justify

restrictions on the opportunity of those not physically in attendance at the courtroom to see and

hear the evidence, when it is in a form that readily permits sight and sound reproduction." In

Valley Broadcasting, the Ninth Circuit held that there is a strong presumptive right of access to

exhibits used in court proceedings, and that this right can be overcome only on the basis of

articulable facts, not on the basis of unsupported hypotheses or conjecture.

See also, United States v. Posner, 594 F. Supp. 930 (S.D. Fla. 1984), aff'd. 764 F.2d 1535

(11th Cir. 1985) (press has First Amendment right  to inspect court exhibits admitted into

evidence in criminal trial).

The exhibits should be made available forthwith.  An appropriate proposed order is

submitted herewith.

/

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR

Dated:  June 16, 2006
       Anchorage, Alaska

LAW OFFICES OF D. JOHN MCKAY

  /s/ D. John McKay
D. John McKay,  ABA No. 7811117
Law Offices of D. John McKay
117 E. Cook Ave.
Anchorage, AK  99501
(907) 274-3154
mckay@alaska.net

Attorney for Defendant Anchorage Daily
News, Inc.

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of Press Motion to

Certificate of Service

The undersigned certifies that on the 16th of June, 2006,
a true and correct copy of this document was served on


James N. Barkeley                     Paul Stockler
Steven Skrocki                        1309 W. 16th Avenue
Assistant United States Attorney      Anchorage, Alaska  99501
Federal Building, U.S. Courthouse
222 W. 7th Ave., #9, Rm 253
Anchorage, Alaska  99513-7567         Kevin Fitzgerald
                                      Ingaldson, Maassen & Fitzgerald
Robert C. Bundy                       813 W. 3rd Ave.
Allen F. Clendaniel                   Anchorage, Alaska 99501
Dorsey & Whitney, LLP
1031 W. Fourth Ave.
Anchorage, Alaska 99501-5907

James L. Kee
Kee, Archer, & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma  73533


by electronic means through the ECF system as indicated on the
Notice of Electronic Filing, or if not confirmed by ECF, by first
class regular mail.



By:  /s/  D. John McKay
D. John McKay, ABA #7811117

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of Press Motion to